Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE** |

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, hereby submits its Reply to Defendant David Harris' Response to Plaintiff's Motion for Order to Show Cause as to why he violated this Court's Rule 16 Order of November 21, 2012 (ECF No. 11).

The fact that many litigants must proceed *pro se* is, indeed, an unfortunate reality of our legal system; legal representation can be quite expensive.  Basic decorum, however, is free, and so Plaintiff is deeply troubled as to why Defendant feels entitled to treat this Court as though it is a bar, and the officers of the Court as his drinking cohorts.  He asserts that Honorable Judge Snow will "be a laughing stock" if he grants Plaintiff's Motion

1

(Defendant's Response to Motion for Order to Show Cause [Def. Resp.] at 1), and refers to Plaintiff's counsel as "the little cry baby" because of trying to comply with his court-ordered obligations (Def. Resp. at 2), as well as a "delusional sociopath with a law degree" for no reason at all (*See* Plaintiff's Motion for Order to Show Cause at Exhibit B.). The fact that Defendant is "a lay person unschooled in the practice of law" (*See* Defendant's Answer at 1) does not impede his ability to regard the Court with basic respect, and, additionally, to accord Plaintiff's counsel at least a modicum of courtesy. These responsibilities were properly accorded to Defendant when he "reached the age of majority." *Id.*

Having addressed some of its concerns with Defendant's conduct throughout this litigation, Plaintiff now addresses the assertions made by Defendant in response to Plaintiff's Motion.

## DISCUSSION

### I. PLAINTIFF'S MOTION'S COMPLIANCE WITH LOCAL RULES

Defendant begins by asserting that Plaintiff's proposed order does not comply with the formatting requirements of proposed orders; Plaintiff is unaware of any situation in which a motion has ever been denied in this District because its proposed order used 12 point font instead of 13 point font, or that the left margin deviated slightly from the 1.5" minimum. However, Defendant's assertion that Plaintiff's motion lacks the required memorandum of law is, of course, incorrect; this is clearly a misunderstanding on the part of Defendant as to what actually constitutes a memorandum of law. (*See* Plaintiff's Motion for Order to Show Cause.)

### II. DEFENDANT'S VIOLATION OF THE COURT'S RULE 16 ORDER

Defendant asserts that he "did not violate the Rule 16 order as none of the deadlines have passed." (Def. Resp. at 2.). Defendant's assertion is incorrect; though none of the deadlines have passed, the deadlines themselves were not the aspect of the Rule 16 Order which Plaintiff asserted that Defendant had violated. Rather, Plaintiff asserted that

Defendant failed to comply with his "explicit duty to cooperate in the Rule 26(f) Meet and Confer conference and participate in the preparation of the Case Management Report." (Plaintiff's Motion for Order to Show Cause ¶ 6.). As described in Plaintiff's Motion, Defendant "thoroughly rejected" Plaintiff's counsel's "proposal" to comply with the Court order. (*Id.* at Exhibit B.). Plaintiff's Motion thus represents the only avenue available to it by which to comply with the Court's directive and to move the case forward; Defendant made it abundantly clear, as he has throughout these proceedings, that he could not be reasoned with, and is solely focused on harassing the Plaintiff and its counsel, causing unnecessary delay, and needlessly increasing the cost of litigation.

### III. DEFENDANT'S ALLEGATIONS OF DEFECTS IN COMPLAINT

Defendant's subsequent assertions regard alleged substantive defects in Plaintiff's Complaint. While Plaintiff notes that these assertions are *wholly* irrelevant to Plaintiff's Motion, Plaintiff nevertheless addresses them for Defendant's edification and for the sake of clarity.

### A. THE COURT HAS SUBJECT MATTER JURISDICTION

Defendant asserts that the Court lacks subject matter jurisdiction over this action because "Plaintiff at the time of the alleged infringement did not own the copyright." (Def. Resp. at 2.). Though Defendant correctly states that "Plaintiff at the time of the alleged infringement did not own the copyright [to Sexual Obsession]," Plaintiff was assigned the copyright via an assignment agreement. (*Id.*). The agreement assigned to Plaintiff "all right, title and interest worldwide in and to that certain work titled 'Sexual Obsession'…and all proprietary rights therein, including, without limitation, all copyrights, trademarks, design patents, trade secret rights, moral rights, and all contract and licensing rights, ***and all claims and causes of action of respect to any of the foregoing, whether now known or hereafter to become known.***" (*See* Plaintiff's Complaint at Exhibit B ¶ 1) (Emphasis added.). Plaintiff thus acquired the entirety of the copyright, including the right to sue Defendant for his

3

infringement of Plaintiff's copyright, by virtue of the aforementioned assignment agreement. This transfer of ownership of a copyright is provided for by 17 U.S.C. §201(d), which states that "the ownership of a copyright *may be transferred* in whole or in party by any means of conveyance…." 17 U.S.C. §201(d).

Defendant also argues that "Plaintiff failed to comply with order to file copyright info, but attempted to fool the court into thinking it did by filing a blank form." (Def. Resp. at 2.). This was not, as Defendant asserts, an attempt to fool the Court, but rather an honest mistake. As Defendant himself notes, Plaintiff corrected this mistake.

Defendant's assertion that "Plaintiff's Complaint lacks *prima facie* (sic) to establish subject matter jurisdiction" is thus incorrect. (Def. Resp. at 2.).

**B. VENUE IS PROPER**

Defendant asserts that "Plaintiff made a quantum leap from IP address 70.176.202.3 to David Harris with no explanation whatsoever of how he got there." (Def. Resp. at 3.). Though Defendant "objects to this court assuming facts not in evidence," that is simply not what is occurring here; rather, Plaintiff alleged that Defendant either resides in or committed copyright infringement in the State of Arizona, and it is the function of trial, and pre-trial mechanisms such as discovery, to allow Plaintiff to prove its allegations. *Id.* Defendant argues that "Plaintiff has not offered one shred of evidence connecting Defendant to the IP address his investigator allegedly observed downloading the work." *Id* at 4. Once again, the Complaint is simply not the evidentiary stage that Defendant hopes it is; Plaintiff is not obliged to prove its case in the Complaint. Defendant argues that Plaintiff improperly claimed proper venue with respect to Defendant's IP address in two cases, one in the District of Columbia and the other in the District of Arizona. Though Defendant's confusion is, perhaps, understandable, the fact is that the cited venue statute provides for venue to lie when "Defendant resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District." *Id.* Given

4

that Plaintiff alleges copyright infringement committed online, Plaintiff properly alleged venue in the D.C. case; the contributory infringement claims alleged in Plaintiff's Complaint involve conduct between individuals from all over the country, who facilitated each other's obtaining the unauthorized copies of Plaintiff's work.  Plaintiff, of course, properly alleged venue in the District of Arizona, since Defendant in fact does reside in Arizona.

## CONCLUSION

Defendant in the instant action seems to have forgotten how to properly conduct himself in society, much less as a participant in U.S. District Court.  Neither Defendant's lack of familiarity with the law, nor his financial situation, excuses the lack of self-control Defendant has displayed.  Defendant's behavior should not be tolerated; to leave it unpunished would encourage other participants in the court system, particularly *pro se* litigants, to demonstrate the same lack of decorum that Defendant has here.  The Court's time and the Plaintiff's efforts and resources should not be spent educating Defendant on his responsibilities in these proceedings and his duty of civility to everyone involved.

Dated this 30th day of November, 2012

                              Law Offices of Steven James Goodhue

                              By: _/s/ Steven James Goodhue_____
                                  Steven James Goodhue (#029288)
                                  9375 East Shea Blvd., Suite 100
                                  Scottsdale, AZ  85260
                                  *Attorney for Plaintiff*
                                  *AF Holdings, L.L.C.*

I hereby certify that on November 30, 2012, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on November 30, 2012, to:

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205

/s/ Steven James Goodhue