Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ 85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SECURITY OF NON-RESIDENT PLAINTIFF (ECF 23)** |

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, hereby submits this Response to Defendant David Harris' Motion for Security of Non-Resident Plaintiff. (ECF No. 23.) As detailed below, Defendant is not entitled to the security he seeks.

### **LEGAL STANDARD**

"There is no rule or statute specifically governing the posting of a security bond for attorneys' fees." *Smith v. Barrow Neurological Institute of St. Joseph's Hospital and Medical Center*, No. CV 10-01632-PHX-FJM (D. Ariz March 21, 2012). "LRCiv 54.1(c) permits us to order plaintiff to give security for the ***costs*** of the action." *Id.* (Emphasis added.). LRCiv 54.1(e) enumerates items which are taxable for the purposes of such security, and includes such items as clerk's fees, service fees and

1

1  docket fees. LRCiv 54.1(e). The Local Rules unambiguously indicate that attorney's fees are not a
2  part of the taxable costs contemplated by LRCiv 54.1; as LRCiv 54.2 provides for "claims for
3  attorneys' fees and ***related non-taxable expenses***." LRCiv 54.2. Finally, the Supreme Court has
4  unambiguously held that "the Circuits are in agreement…on the proposition that a *pro se* litigant
5  who is *not* a lawyer is *not* entitled to attorney's fees." *Kay v. Ehrler,* 499 U.S. 432, 435 (1991)
6  (Emphasis in original.)

**ARGUMENT**

**I. DEFENDANT IS NOT ENTITLED TO SECURITY OF ATTORNEY FEES**

9  It is clear, judging by the outrageous amount requested that what Defendant seeks in his
10 Motion is security for attorney's fees. As Defendant states in his Motion, "Defendant realizes that
11 he can not calculate fees and costs based on lawyers compensation." (ECF No. 23 at 2.). In fact, he
12 cannot because he is not one. Unfortunately for Defendant, his difficulty in this regard is moot. As
13 described above, the Supreme Court has unambiguously held that a *pro se* litigant who is not a
14 lawyer is not entitled to attorney's fees. As Defendant proceeds in this action *pro se*, improperly
15 calculating his fee as a one-time "Nevada Licensed C-25 Contractor," he is not entitled to attorney's
16 fees or any compensation for his participation in this case at any rate.

17 Furthermore, even if Defendant were not *pro se*, attorney's fees are not one of the costs for
18 which security can be obtained under LRCiv 54.1. Attorney's fees are not included in the
19 enumerated taxable costs listed in LRCiv 54.1(e), and LRCiv 54.2 clearly indicates that attorney's
20 fees were not intended to be considered taxable costs under 54.1, as it provides that "this Local Rule
21 applies to claims for attorneys' fees ***and related non-taxable expenses***…" LRCiv 54.1; LRCiv 54.2.

22 Finally, "there is no rule or statute specifically governing the posting of a security bond for
23 attorneys' fees." *Smith.* There thus exists no avenue by which Defendant, who proceeds *pro se* in the
24 instant action, can hope to obtain security for attorney's fees in this case.

## II. DEFENDANT'S ESTIMATION OF COSTS IS ABSURD

Defendant states that he has "conservatively calculated the amount Plaintiff must deposit to guarantee his performance in this matter at $150,000." (ECF No. 23 at 3.). Though it was kind of Defendant to attempt to exercise restraint in arriving at an amount, Plaintiff notes that there is literally no conceivable manner in which the taxable costs in this case under LRCiv 54.1 could ever approach $150,000.00  Plaintiff will not make Defendant's arguments for him, but would simply assert that Defendant has not cited a single numerical figure in support of his assertion that he is entitled to *any* costs, aside from his estimation of the value of fees for his legal services at $106.25 per hour (ECF No. 23 ¶ 7.).  As previously detailed, Defendant is not entitled to *any* fees for his legal services, by mandate of the Supreme Court of the United States, since he is proceeding *pro se* in this action; nor is he entitled to fees for his legal services under the purview of the Local Rules, since attorney's fees are not taxable costs under LRCiv 54.1.  Finally, Defendant has failed to show that Plaintiff has any inability to pay any amount due in this matter, and why a security is necessary or if there is a valid concern in this regard.  Defendant never explains that part.  At this point, Plaintiff estimates Defendant's actual costs in this case to amount to $10, and that is a liberal estimate.

## III. IT IS NOT MORE LIKELY THAN NOT THAT DEFENDANT PREVAILS

Defendant asserts that "it is more likely than not Defendant will prevail." (ECF No. 23 at 3.) As Defendant had repeatedly demonstrated, this assertion is disingenuous.  The averments made by Defendant in support of this assertion simply fall short.  Defendant cites Plaintiff's Complaint, which states that "'the degree of anonymity provided by the BitTorrent protocol is extremely low.  Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data.  Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses." (ECF No. 23 at ¶ 13) (*Citing* Plaintiff's Complaint.)  Defendant asserts that "this

1 assertion is erroneous in and of it's (sic) own contradiction, if an IP address is identifying
2 information, then it would be impossible to cover one's identity under their 'identity'." *Id.* Though
3 Defendant may be confused by the assertion in Plaintiff's Complaint, the assertion is not
4 contradictory. IP addresses are linked to individuals by virtue of databases maintained by Internet
5 Service Providers. The IP address, in and of itself, is not a name, but the Internet Service Provider
6 responsible for providing the given IP address can identify the individual through the records that it
7 keeps.

8     Defendant asserts that "an IP address fails to meet the definition of a person, an IP address is
9 no more a person than is a telephone number, or a physical address, or a car, or a ham sandwich,
10 none of which has the capacity to be sued." (ECF No. 23 ¶ 20.). Alas, Defendant once again misses
11 the point. Each of those entities is not, indeed, an individual, but each can be used to allow for the
12 identification of an individual who has perpetrated a given harm. For example, if someone
13 repeatedly receives threatening phone calls by an anonymous individual from a given telephone
14 number, he could sue the Doe whose telephone number that is; if someone is savagely beaten by an
15 individual who came out of a given house, and then ran away before he could be identified, the
16 victim could sue the Doe whose address that is; if someone suffers food poisoning after eating a ham
17 sandwich, he could sue the Doe who prepared the ham sandwich at a given time. In each of those
18 situations, as well as the instant action, the proxy identifier provides the *only* basis by which justice
19 can be sought and the respective harms can be redressed.

20     Defendant's final assertions regard "criminal action perpetrated against the Defendant…just
21 merely stating fact, albeit not introduced into evidence…yet." (ECF No. 23 at 5.). As Defendant
22 has not provided any evidence, or even made a concrete statement as to what sort of criminal
23 conduct he is alleging, Plaintiff finds no avenue by which respond to Defendant's unsubstantiated,
24

undisclosed accusations.  Defendant has bad-mouthed Plaintiff and the Court, and now asks for a handout for $150,000.00 in security.

Defendant's Motion is just another groundless and frivolous exercise to harass the Plaintiff and increase the costs of litigation.  Regrettably, it appears doubtful that any customary admonition from the Court will alter Defendant's behavior, so both the Court and Plaintiff can expect more specious filings until Defendant is sanctioned in such a way that fully gets his attention.

## **CONCLUSION**

For the reasons contained herein, Defendant's Motion for Security of Non-Resident Plaintiff should be denied.

Dated this 6th day of December, 2012

                          Law Offices of Steven James Goodhue

                          By:  /s/ Steven James Goodhue_____
                                Steven James Goodhue (#029288)
                                9375 East Shea Blvd., Suite 100
                                Scottsdale, AZ  85260
                                *Attorney for Plaintiff*
                                *AF Holdings, L.L.C.*

I hereby certify that on December 6, 2012, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or
served via electronic notification if indicated by
an "*") on December 6, 2012, to:

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205


/s/ Steven James Goodhue