Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br><br>**CASE MANAGEMENT REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, hereby submits the following Case Management Report. Plaintiff's counsel represents to this Court that a meet and confer conference was <u>not</u> held as required by Rule 26(f), and the Court's Orders of November 9, 2012, and December 4, 2012, and that Defendant David Harris did <u>not</u> cooperatively participate in a Rule 26(f) meet and confer conference and assist in the preparation of this Case Management Report.

On November 20, 2012, this Court issued its Order setting a Rule 16 Case Management Conference.  Pursuant to that Order, the parties were to Meet & Confer pursuant to FRCP Rule 26(f)(1) on or before December 28, 2012, to develop a Case Management Report, and file their Joint

Case Management Report on or before January 11, 2013, in anticipation of the Rule 16 Case Management Conference on January 18, 2013.

On November 21, 2012, Plaintiff's counsel wrote to Defendant and proposed that the parties schedule the Meet & Confer conference the week of December 17, 2012; and exchange Rule 26(a) Initial Disclosures on that date, if not before.  On November 22, 2012, Defendant sent an email to Plaintiff's counsel stating in part, "Your proposal is thoroughly rejected."

Following the filing of Plaintiff's Motion for Order to Show Cause, this Court issued its Order of December 4, 2012, directing the parties to "meet in good faith and hold a case management conference the week of December 17, 2012 as required by Federal Rules of Civil Procedure 26(f)(1)."  Following receipt of this Order, on December 4, 2012, Plaintiff's counsel wrote to Defendant offering the afternoon of December 17, 2012, or the morning of December 18, 2012, for the meet and confer conference.  By email of December 6, 2012, Defendant agreed to meet at 2:00 pm on December 17, 2012, at Plaintiff's counsel's office for the meet and confer.

On December 15, 2012, Plaintiff's counsel provided Defendant with "an outline of the Joint Case Management Report and Proposed Case Management Order, in anticipation of our 26(f) meet and confer conference on December 17, 2012, at 2:00 pm at [Plaintiff's counsel's] office."  By email of December 16, 2012, Defendant advised Plaintiff's counsel that "your case management report is absurd," and that he would not be attending the scheduled meet and confer, stating in part, "Until the Pending Motions before the Court is (*sic*) ruled upon our meeting for Monday December 17, 2012 is indefinitely postponed."  Accordingly, Plaintiff files this Case Management Order without the cooperation and participation of Defendant in the preparation of the Case Management Report.

**1)   The Parties**

Plaintiff AF Holdings, L.L.C., through counsel, Steven James Goodhue, and David Harris, *pro per,* attended the December 17, 2012 meet and confer conference pursuant to Rule 26(f), and both parties assisted in the preparation of this Joint Case Management Report.

**2)   List of Parties**

The list of parities for recusal purposes are Plaintiff, AF Holdings, L.L.C. and Defendant, David Harris.

**3)   Nature of the Case**

a.   Plaintiff's Description of the Case

Plaintiff files this action for copyright infringement under the United States Copyright Act and related contributory infringement, civil conspiracy, and negligence claims under the common law to combat the willful and intentional infringement of its creative works. Defendant knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using BitTorrent, Defendant's infringment actions furthered the efforts of numerous others in infringing on Plaintiff's copyrighted works. The result: exponential viral infringement.

**4)   Jurisdictional Basis**

This Court has subject matter jurisdiction over Plaintiff's copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over Plaintiff's contributory infringement, civil conspiracy and negligence claims under 28 U.S.C. §1367(a) because they are so related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that the claims form part of the same case and controversy under Article III of the United States Constitution.

**5)     Parties Not Served**

None.

**6)     Additional Parties**

Plaintiff does not anticipate adding additional parties.

**7)     Contemplated Motions**

Currently pending before the Court is Defendant's Motion for Security of Non-Resident Plaintiff. Plaintiff expects to file a Motion for Judgment on the Pleadings, a Motion to Dismiss the Counterclaim, or in the alternative, a Motion for Partial Summary Judgment on some or all of the claims and Counterclaim.

**8)     Reference to U.S. Magistrate**

Plaintiff has previously elected to have this case assigned to a District Court Judge. Plaintiff would agree to the referral to a Magistrate for a settlement conference or on any issues pertaining to discovery.

**9)     Status of Related Pending Cases**

Not applicable.

**10)    Rule 26(a) Initial Disclosures**

Plaintiff served its Rule 26(a) Initial Disclosures on Defendant on December 21, 2012.

Defendant shall serve his Rule 26(a) Initial disclosures on or before January 25, 2013

**11)    Issues related to Disclosure or Discovery of ESI**

None.

**12)    Issues Related to Privilege or Work Product**

None.

**13)    Necessary Discovery**

   a) **Extent, nature and location of discovery:**

Written discovery and depositions.

**b) Suggested Changes to Discovery Limitations for F.R.C.P. and Rule 16:**

Each side may propound up to 40 interrogatories, including subparts, 40 requests for production of documents, including subparts, and 40 requests for admissions, including subparts. The limitations set forth in this paragraph may be increased by mutual agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth below.

**c) Number of hours for each deposition unless agreed to by the parties:**

Seven (7) hours.

**14) Proposed Dates for the Following**

**a) Fact Discovery:**

July 26, 2013.

**b) Disclosure of Expert Reports under Rule 26(a)(2)(C):**

Plaintiff's Experts: April 26, 2013;

Defendants' Experts: May 24, 2013;

Rebuttal Experts: June 21, 2013.

**c) Completion of all Expert Depositions:**

July 26, 2013.

**d) Filing of Dispositive Motions:**

August 23, 2013.

**e) Completion of Good Faith Settlement Negotiations:**

March 22, 2013.

**15) Jury Request**

The Plaintiff has requested a trial by jury.

**16) Length of Trial**

Plaintiff would estimate that the jury trial will take four (4) days to complete.  The length of trial could also be affected by the motions that Plaintiff is intending to file.  Plaintiff is willing to narrow the issues in this case, with the stipulation of the Defendant, which would reduce the length of trial.  However, it is probably premature to expect any such stipulation by Defendant.

**17) Prospect of Settlement**

There have been no settlement discussions between the parties at this time.  Plaintiff is willing to discuss settlement at any time, and has made this known to Defendant.

**18) Other Matters**

Plaintiff is not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated this 21st day of January, 2013

Law Offices of Steven James Goodhue

By: /s/ Steven James Goodhue
Steven James Goodhue (#029288)
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

I hereby certify that on January 21, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on January 21, 2013, to:

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205


/s/ Steven James Goodhue