David Harris
4632 E. Caballero ST
Number One
Mesa, AZ   85205
(480) 297-9546
troll.assassins@cyber-wizard.com

Defendant Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF Holdings, LLC | Case 2:12-cv-02144-GMS |
| Plaintiff, | The Honorable G. Murray Snow |
| vs. | **Defendant's Motion to Stay Discovery and Motion to Strike Plaintiff's Case Management Report Document 27** |
| David Harris | |
| Defendant. | |

## INTRODUCTION

Comes now the Defendant, David Harris a proud, law abiding natural born citizen of the United States of America, a layperson unschooled in the practice of law having reached the age of majority and living in Mesa, Arizona County of Maricopa.

## MOTION TO STAY DISCOVERY

FRCP 16(b)(4) allows for moderation of the schedule, Defendant understands that with only the input of the Plaintiff it may appear as though Defendant has erred by not attending the CMC meeting of the 17th, however as Defendant will show that could not be farther from the truth.

Defendant will suffer irreparable damage, his defense compromised and the integrity of this Court questioned if Discovery is allowed to proceed on the current schedule.

Plaintiff knew full well that Defendant has good cause on multiple grounds to

legitimately postpone the CMC meeting, instead of rescheduling the meeting per Defendant's request, with this Court's permission of course, the Plaintiff filed his Joint Case Management Report that is ripe, *inter alia,* with scandalous matter, outright direct contradiction of itself and attempted fraud upon this Court.

Although Plaintiff has asserted Defendant is to blame for not attending the meeting, Plaintiff's argument is a fallacy based on false premisses', causing him to reach false conclusions of which he asserts as fact, Defendant's Motion to Stay Discovery is appropriate at this time as it will correct some of Plaintiff's grave incompetence as shown in his handling of Case Management thus far.

**MOTION TO STRIKE**

Pursuant to FRCP 12(f) Defendant motions this Court to strike in its entirety Plaintiff's Case Management Report document 27 for the following reasons:

**MEMORANDA**

**1.**  Plaintiff failed to prosecute Defendant when he was Ordered to by Judge Walton by March 9, 2012 (Answer Cross Compl. 4 at 24). Ah, but now he is in an all fire hurry to get into discovery, however not in good faith. It is well established that Plaintiff is using court procedure in an attempt, albeit futile to create the minimum *prima facie* required to bring suit in this court. Defendant, a *Pro Se* litigant, unschooled in the principal of law can read the complaint authored by Mr. Goodhue, in its entirety and deduce Plaintiff failed to establish subject matter jurisdiction (ECF doc. 26 at ¶2), then the complaint shall be dismissed. Plaintiff brought this cause of action, therefore the burden of proof lies with the Plaintiff to establish subject matter jurisdiction. Just saying it is not *prima facie* in an unverified complaint as is the case of Plaintiff's. Plaintiff's complaint fails to allege subject matter jurisdiction when considered in its entirety.

**2.**  ,Defendant demanded Paul Duffy, attorney of record (ECF doc. 12) to attend CMC (Defendant Exhibit H) was not honored (ECF doc 27, 3 at 2)this was imperative to

Defendant as Paul Duffy has previously been involved in settlement negotiations (Defendant Exhibit C1 thru C3) with the Defendant, whereas Mr. Goodhue has not asserted any knowledge to qualify him to be in charge of taking up a good faith settlement conference in fact Goodhue asserted quite the opposite: where his colleague Paul Duffy and the Defendant left off.

**3.** It is offensive and scandalous that the Plaintiff would say: "Defendant David Harris did <u>not</u> cooperatively participate in a Rule 26(f) meet and confer conference and assist in the preparation of this Case Management Report" (CMR, 1 at 19). While completely ignoring his own lack of cooperation, and failure to appear as required by FRCP Rule 26(f)(2).

**4.** Plaintiff tried this very same dirty trick in his Motion to Show Cause placing blame on the Defendant by quoting the rule 16 order:

> "[I]t is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of the joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Case Management Report" (ECF, no. 19, 3 at 6).

Regardless of Plaintiff's dishonesty, Defendant did attempt to "promptly and cooperatively participate":

**5.** On December 4, 2012 Defendant agreed to the afternoon December, 17, 2012 CMC meeting with one condition contingent upon the meeting taking place, that Paul Duffy attend as he is the person with whom Defendant has negotiated with previously and the attorney for the Plaintiff with knowledge of the history of this alleged infringement. Defendant instructed Mr. Goodue to notify Defendant ASAP if Duffy would not be in attendance so Defendant could take measures to compel his presence (Defendant Exhibit H).

**6.** On Friday before the Monday meeting Mr. Goodhue inadvertently informed Defendant in his proposed CMR that Duffy would not be in attendance and in a show of bad faith found no duty to inform Defendant (Defendant Exhibit J, 1 at 21). He never said a word prior to that, he just ignored Defendant's request, Defendant's only logical coarse

1  of action would be to postpone the meeting, which is exactly what he did, then once again
2  Mr. Goodhue ignored Defendant's request to postpone and the Court's order to file a joint
3  CMR and filed his CMR anyway.  Turning the blame to the Defendant, even though the
4  record shows that it is Mr. Goodhue who refuses to cooperate by ignoring each and every
5  reasonable request made by the Defendant.
6  **7.**     Along with Plaintiff's proposed CMR Mr. Goodhue included a letter thanking the
7  Defendant for his assistance (Defendant Exhibit K).  Defendant can not and will not assist
8  the Plaintiff in good faith until such a time that the same is accorded back to him,
9  Defendant can not and will not cooperate or assist a man who utterly refuses to show a
10 shred of good faith that is not only due him, but is ordered by this Court, the order states
11 "parties" in the plural not just the Defendant as Mr. Goodhue's actions shows he believes.
12 (ECF doc 24, 1 at 15).  Defendant strongly objects to being the subject of such juvenile
13 tactics. It is difficult at best to fathom such a transparent artifice as condemning another,
14 for an act committed not by the other, but by yourself is an accepted legal tactic.
15 **8.**     Plaintiff has **not** shown good faith in initiating CMC as ordered by this Court.  A
16 show of good faith would have been motioning the court for an extension of time in order
17 for him to comply with the Defendant's reasonable request to have the attorney of record
18 for the Plaintiff, Paul Duffy (ECF doc, 12-1 at 1, 16-17) present at the meeting.  Instead
19 of just ignoring the Defendant's request, knowing full well that the meeting would,
20 without the attendance of Duffy, be unfairly prejudicial to the Defendant.  Good faith
21 would have meant Plaintiff reply to the Defendant's notice postponing the meeting,
22 agreeing that discovery on this schedule is inappropriate as stated by the Defendant as
23 there are two motions before the Court, that if either one of them is granted, discovery
24 would be postponed indefinitely and would stop all unnecessary expenses to the
25 Defendant, preparing, filing and serving this motion for example, he should have timely
26 filed this Motion to Stay Discovery, but instead he used his position as a tool in hopes of
27 getting away with misrepresenting the fact of who did and who did not comply with the
28 order of this Court, however the truth still remains and the evidence clearly shows it is

1   Mr. Goodhue who utterly failed to cooperate and assist in preparing his CMR.  Mr.
2   Goodhue miserably failed in his responsibility to show good faith or to cooperate with the
3   Defendant whatsoever in preparing the CMR that he inappropriately filed with this court
4   as the meeting could not take place because Plaintiff's original attorney of record, as
5   known by the Defendant, Paul Duffy, was slated for a failure to appear and therefore must
6   be stricken from the record.
7   **9.**   Plaintiff failed to comply with the rule 16 order of this Court (ECF doc 16 at ¶9)
8   status of related cases.  Defendant lists the related cases filed by Goodhue in this Court on
9   page 4 lines 14 thru 21 of his Answer.  Nor did he state the status of the DC case, I can't
10  wait to hear his explanation of how that case is not related as Plaintiff used that Court as a
11  tool to illegally obtain Defendant's personal information, in fact Mr. Goodhues Initial
12  Disclosure afforded the Defendant the ability to prove just how low he will go to defraud
13  the Federal Judiciary:
14
15                          **Newly Discovered Evidence**
16  **10.**  Plaintiff filed his Notice of Initial Disclosure and electronically mailed said
17  document to Defendant (Defendant Exhibit L).  Mr. Goodhue names a Peter Hansmeier
18  (1 at 21) as "technician of the technology used to monitor and capture the Defendant's
19  infringing conduct"(2 at 1). However in his complaint he asserts: "Plaintiff's investigators
20  detected Defendant's illegal download on June 3, 2011 at 00:49:34 UTC" (Compl. at
21  ¶23).
22          Arizona Revised Statutes 32-2401(16)(b)Defines a Private Investigator:
23              "Private investigator" means a person other than an insurance
                adjuster or an on-duty peace officer as defined in section 1-215
24              who, for any consideration, engages in business or accepts
                employment to:
25              Secure evidence to be used before investigating committees or
                boards of award or arbitration or in the trial of civil or criminal
26              cases and the preparation therefor.
27  That is exactly how Mr. Goodhue describes Peter Hansmeier the "technician of the
28  technology used to monitor and capture the Defendant's infringing conduct".  Mr.

1  Goodhue surely is not going to attempt to present testimony and evidence to this court by
2  an unlicensed "private investigator" that is in fact required to be licensed by the Arizona
3  Department of Public Safety, is he?  The same Statute goes on to define unprofessional
4  conduct(21):

> "Unprofessional conduct" means any of the following:
> (a) Engaging or offering to engage by fraud or misrepresentation in activities regulated by this chapter.
> (b) Aiding or abetting a person who is not licensed pursuant to this chapter in representing that person as a private investigator in this state.

If that is what Mr. Goodhue intends to do, then the Arizona State Bar Association will be informed of Mr. Goodhue's unprofessional conduct.  The alternative, if Mr. Goodhue does not intend on representing Peter Hansmeier as a private investigator in the State of Arizona, then he does not even have an IP address to sue.  Either way Defendant will impeach Mr. Hansmeier as a creditable witness.

**11.**    On December 26, 2012 in The Central District of California an Order was granted for the John Doe Defendant against the Plaintiff, Ingenuity 13 and AF Holdings the Plaintiff in the instant action (*Ingenuity 13 v John doe* Case 2:12-cv-08333-ODW-JC, Document 32, Central District of California), the Order grants early discovery to Defendant through his attorney of record, Mr. Morgan E. Pietz.

**12.**    Prenda Law, Inc., Plaintiff's Law firm of record, who's corporate charter is not in good standing (Defendant Exhibit M), is involved in a scandalous controversy regarding the CEO of Ingenuity 13 and AF Holdings including, but not limited to fraud, conflict of interest and identity theft:

> [V]ery recently, deeply troubling factual allegations have been made which suggest the plaintiff is engaged in a widespread and systemic fraud on the Courts affecting thousands of ISP subscribers. Specifically, very troubling questions have been raised as to whether Prenda Law, Inc., has misappropriated the identity of one Mr. Alan Cooper of Minnesota, holding him out in verified federal court filings as the principal of plaintiff Ingenuity 13, a shell entity organized in St. Kitts and Nevis, without Mr. Cooper's knowledge or consent. Further, the circumstances seem to suggest that the plaintiff's lawyers behind this action, Prenda Law, Inc. and/or John Steele, may be the real—but undisclosed—parties in interest in this case. For weeks, undersigned counsel, and others, have sought answers from Prenda Law, Inc. and its

> clients AF Holdings, LLC and Ingenuity 13, LLC, to try and put these concerns to rest. None of the answers proffered to date have been at all reassuring; to the extent Prenda has engaged on the issue at all, the only answers provided have been evasive to a degree that is almost comical.
> (a) A Very Limited Amount of Early Written Discovery is Appropriate in Light of Certain Facts Averred by One Alan Cooper of Minnesota, which Suggest Possible Systemic Fraud, Perjury, Identity Theft, and Lack of Standing Until there is some kind of reasonable explanation from the Plaintiff showing that this case is not actually part of a widespread, systemic fraud, the subpoena return date in this case (and in all related cases) should be stayed, so the Court plays no part in furthering what has been described by some federal Judges as an "essentially an extortion scheme". Malibu Media v. John Does 1-10, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, Dkt. No. 7, 6/27/12; see also Fed. R. Civ. Proc. 1 (requiring that the federal rules "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding.")
> If Prenda Law would simply identify the "Alan Cooper" who it claims is the true principal of Ingenuity 13, LLC and AF Holdings, LLC, or even confirm that such a person actually exists (notwithstanding the allegations of Alan Cooper of Minnesota), this ex parte application would not be necessary...(*Ingenuity 13 v John Doe,* Case 2:12-cv-08333-DMG-PJW, Document 23 at 1 line 8).

The mere fact that Plaintiff would be involved in such a nation wide scandal boggles the mind in light of the fact that all Prenda Law, Inc., would have to do to quash the controversy, is to disclose who there client AF Holdings is, which they are now ordered to do, the answers to Mr. Morgan E. Pietz interrogatories will be interesting, that is of course if they do indeed answer.

**13.**   Mr. Goodhue states in his filed Case Management Report:  "There have been no settlement discussions between the parties at this time"(CMR, 6 at 7).  That is a bold faced misrepresentation of a material fact (lie) (Defendant Exhibit C1, C2, C3, D and E).

## CONCLUSION

**14.**   Before the Court is Defendant's Motion to Strike (ECF doc., 26), if relief is granted, then Plaintiff's claim against the Defendant will be permanently disposed of. Also before the Court is Defendant's Motion for Security (ECF doc., 23), if relief is granted, then discovery will be stayed until such a time Plaintiff deposits the ordered undertaking with the Clerk of this Court.  Defendant's Motion to Strike shows good cause

1  Plaintiff's main argument opposing posting a security should be stricken from the record
2  and because Plaintiff has failed to deny Defendant's allegations in his Motion to Strike,
3  the effect of that failure to deny is that he admits what he did not oppose (FRCP Rule
4  8(b)(6)).  Therefor Defendant's Motion to Strike will be granted and thereby discovery
5  will be stayed.

6  **15.**   Discovery at this time is prejudicial to the Defendant, Plaintiff's attorney has
7  already violated Defendant's privacy in violation of the Arizona Constitution.  Plaintiff in
8  his ignorance disclosed in his initial disclosure that he intends to seek this from me:

> [K]nowledge of his computer and Internet usage—what types, the extent thereof, his interaction with uploading and downloading videos online, etc.—Defendant's general computer knowledge, Defendant's living circumstances, including, but not limited to, the layout of his house and who he shares it with, Defendant's computer(s) hard drive (and the files contained therein), Defendant's home network setup, and any other issues related to the claims at issue in this case...(Defendant Exhibit L, 2 at 4).

13 And from people who live with me and who are not a party to this case:

> [K]nowledge of Defendant's computer and Internet usage—what types, the extent thereof, his interaction with uploading and downloading videos online, etc.—Defendant's general computer knowledge, Defendant's living circumstances, including, but not limited to, the layout of the residence, those individual that live with him, Defendant's computer(s) hard drive (and the files contained therein), Defendant's home network setup, and any other issues related to the claims at issue in this case...(Defendant Exhibit L, 2 at 10).

I don't know what to make of that, I guess Plaintiff wants to find out who lives with me so he can instruct him to steal my hard drive out of my computer?  Anyway these things I hold very personal to me, very private as I'm sure you will agree most reasonable thinking people do.  If discovery is not stayed and I have to disclose these items to the Plaintiff and his claim is dropped against me, then this court will have allowed the Plaintiff to cause more violations under the Arizona Constitution, more damages to the Defendant to add to his counter claim.

**16.**   In the event the accusations against the Plaintiff regarding Alan Cooper prove to be true, then Plaintiff's claims against Defendant will be permanently disposed of.

**17.**   In light of Plaintiffs investigator not being licenced in Arizona as required,

1  Plaintiff has no standing to bring charges against the Defendant because, the IP address as
2  weak as it is, is the only evidence Plaintiff has against the Defendant and can not proceed
3  with his case without it.
4  **18.**    Because Plaintiff has failed in his duty to co-operate with the Defendant in co-
5  authoring the Case Management Report and just went ahead and authored it all by himself
6  and filed it with this court, some thing must be done to curb this rogue litigant, Defendant
7  having shown good cause for moderation of the discovery schedule and for having
8  Plaintiff's Case Management Report stricken in its entirety from the record:
9
10                                **PRAYER FOR RELIEF**
11         For all of the aforementioned reasons Defendant requests that this Honorable
12  Court grant such relief as follows:
13  •    That the current Case Management schedule be stayed until such a time that it
14       would be appropriate, without prejudicing the Defendant.
15  •    That Plaintiff's Case Management Report be stricken from the record in its
16       entirety.
17  •    Any and all other relief this Court finds fair and just.
18
19  I swear or affirm and declare or certify, verify or state under penalty of perjury that the
20  foregoing is true and correct so help me God.
21  Executed this 3rd day of January, 2013.
22
23  By: /s/ David Harris
24  David Harris
    4632 E. Caballero St.
25  Number One
    Mesa, Arizona   85205
26
    Defendant Pro Se
27
28  Attachment:   Index of Exhibits

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on this 30th day of November, 2012, a copy of the foregoing |
| 3 | was filed electronically and served upon the following by operation of the Court's |
| 4 | electronic filing system. |
| 5 | Steven James Goodhue (#029288) |
| | Law Offices of Steven James Goodhue |
| 6 | 9375 East Shea Blvd., Suite 100 |
| | Scottsdale, AZ 85260 |
| 7 | Telephone: (480) 214-9500 |
| | Facsimile: (480) 214-9501 |
| 8 | E-Mail: sjg@sjgoodlaw.com |
| 9 | By:  /s/ David Harris |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |