Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY AND MOTION TO STRIKE PLAINTIFF'S CASE MANAGEMENT REPORT DOCUMENT 27** |

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, in response to Defendant's Motion to Stay Discovery and Motion to Strike Plaintiff's Case Management Report Document 27 ("Motions"), states as follows:

**INTRODUCTION**

Plaintiff filed its Case Management Report and proposed Case Management Order (ECF 27) on December 21, 2012, after Defendant failed to attend the Rule 16(f) meet and confer conference and participate in the preparation of the Joint Case Management Report, per this Court's Orders of November 20, 2012 and December 4, 2012 (ECF 16 & 24).  Defendant's Motions (ECF 30) were filed on January 4, 2013.  On January 8, 2013, this Court vacated the Case Management Conference

1

scheduled for January 18, 2013 (ECF 32), and on January 9, 2013, issued its Case Management Order (ECF 33).  In that the Court has already issued its Case Management Order, Defendant's Motions are arguably moot.  Nonetheless, Plaintiff will respond to the Motions in the event Plaintiff's interpretation of the Court's actions is in error.

### I. DISCOVERY SHOULD NOT BE STAYED, AND THE CASE MANAGEMENT REPORT SHOULD NOT BE STRICKEN

#### A. DISCOVERY SHOULD NOT BE STAYED

In support of the proposition that discovery in the instant action should be stayed, Defendant first argues that "FRCP 16(b)(4) allows for moderation of the schedule." (ECF No. 30 at 2.).  Federal Rules of Civil Procedure ("Fed. R. Civ. Proc.) 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4).  In this case, good cause is not present for staying discovery.

Defendant's asserts that his requested stay of discovery is warranted because:

> Defendant demanded Paul Duffy, attorney of record (ECF doc. 12) to attend CMC (Defendant Exhibit H) was not honored (ECF doc 27, 3 at 2) this was imperative to Defendant as Paul Duffy has previously been involved in settlement negotiations (Defendant Exhibit C1 thru C3) with the Defendant, whereas Mr. Goodhue has not asserted any knowledge to qualify him to be in charge of taking up a good faith settlement conference in fact Goodhue asserted quite the opposite: where his colleague Paul Duffy and the Defendant left off

(ECF No. 30 at pp. 2-3, ¶ 2.)

The purpose of the Rule 26(f) Meet & Confer conference is for the <u>parties</u> to participate in the preparation of the Case Management Report and to discuss the issues contained therein.  The attorneys of record and all unrepresented parties that have appeared in the case are to attend the Rule 26(f) Meet & Confer conference.  Mr. Duffy is neither an attorneys of record, nor a party in this case. (*See* ECF No. 1, Plaintiff's Complaint at 14) (Complaint signed by Steven James Goodhue.)  The document to which Defendant refers, is the Notice of Service (ECF 12) which contains a declaration

2

from Paul Duffy stating only that (1) he is national counsel for Plaintiff AF Holdings, LLC; and (2) he served the Court's October 19th Order on Defendant David Harris via First-Class Mail. (*See* ECF No. 12-1, Declaration of Paul Duffy).  Mr. Duffy's status as national counsel, and his office's having mailed the October 19, 2012 Order via first class mail, is ***not***, in any sense whatsoever, akin to the proposition that he is counsel of record.

Defendant next argues that "It is offensive and scandalous that Plaintiff would say 'Defendant David Harris did not cooperatively participate in a Rule 26(f) meet and confer conference and assist in the preparation of the case management report' (CMR, 1 at 19).  While completely ignoring his own lack of cooperation, and failure to appear as required by FRCP Rule 26(f)(2)." (ECF No. 30 at 3, ¶ 3).  The undersigned counsel of record was present at the time and place of the mutually agreed upon meet and confer conference, and was prepared to participate in the preparation of a Joint Case Management Report.  Defendant failed to appear for the meet and confer conference and made no effort to participate in the preoaprtion of the Case Management Report, despite being ordered twice by the Court to do so (ECF 16 & 24).

Defendant next argues that "On December 4, 2012 Defendant agreed to the afternoon December, 17, 2012 (sic) CMC meeting with one condition contingent upon the meeting taking place, that Paul Duffy attend…" (ECF No. 30 at 3 ¶ 5).  Defendant was not entitled to place any conditions on the Meet and Confer conference, especially in light of this Court's order of December 4, 2012, (ECF 24).  He was obligated to attend the Meet and Confer, and did not do so.

Had Defendant attended the Meet and Confer, he was free to assert his displeasure with Mr. Duffy's absence, and whatever other absurd contentions he wished to make, in the Joint Case Management Report.  Instead, he defies this Court's Orders and his responsibilities under the Federal Rules of Civil Procedure, and files the Motions.  If the Defendant would spend as much time

1  meeting his responsibilities as he does avoiding them, this Court and Plaintiff would be spared the
2  undue burden and expense of dealing with his ill-conceived tactics.

3  Defendant argues that "Defendant can not and will not assist the Plaintiff in good faith until
4  such a time that the same is accorded back to him, Defendant can not and will not cooperate or assist
5  a man who utterly refuses to show a shred of good faith that is not only due him, but is ordered by
6  this Court, the order states 'parties' in the plural not just the Defendant as Mr. Goodhue's actions
7  shows he believes." (ECF No. 30 at 4 ¶ 7).  Plaintiff's counsel has done everything that he is
8  required to do, and more, in attempting to schedule the Meet and Confer and prepare the Joint Case
9  Management Report with the participation of Defendant.  Defendant, on the other hand, has done
10 everything he can to ignore this Court's orders, to avoid his responsibilities and to delay and abuse
11 the judicial process.  Defendant's never-ending excuses in order to avoid the tasks required of him,
12 have grown tiresome.x

13 Defendant argues that "Plaintiff's law firm is involved in a scandalous controversy regarding
14 the CEO of Ingenuity13 and AF Holdings." (ECF No. 30 at 6).  Plaintiff is represented by the
15 undersigned in this matter, and is not the "law firm" to which Defendant refers.  Moreover,
16 Defendant's allegations are totally irrelevant to the instant matter, and are made solely to obfuscate
17 the issues in this case, provide an excuse for not performing his duties in this case, to cause delay
18 and to burden the Plaintiff with even more unnecessary costs and expenses.  Plaintiff and its counsel
19 has not engaged in any misconduct, but has repeatedly had to respond to Defendant's *ad hominem*
20 attacks and histrionic hyperbole calling into question Plaintiff's counsel's integrity, in hopes of
21 deflecting attention away from his all but admitted liability for copyright infringement.

22
23
24

### B. THE CASE MANAGEMENT REPORT SHOULD NOT BE STRICKEN

As noted above, subsequent to the filing of the Motions, the Court vacated the Case Management Conference and issued the Case Management Order, rendering Defendant's request as moot.

Clearly, the only reason Defendant wants the Case Management Report Filed by Plaintiff struck is because it points out Defendant's failure to attend the Meet and Confer and participate in the preparation of a Joint Case Management Report. Plaintiff's counsel had an obligation to file the Case Management Report and to report to the Court the circumstances relating to the Meet and Confer. The representations of Plaintiff's counsel were true and correct, and Defendant must live with the consequences of his decisions. The Court seemingly acknowledged this position by issuing its Case Management Order without a Case Management Conference.

### **CONCLUSION**

Defendant's Motions indicate that he has yet to learn the lesson that the legal system does not operate upon his whims. Defendant's belief that he was entitled to ignore this Court's Orders; to ignore the Federal Rules of Civil Procedure; to impose conditions on his attendance at the Meet and Confer; and to not participate in the preparation of a Joint Case Management Report, was an error in judgment. The Defendant must live with the consequences of his decision, and hopefully learn from this experience. Therefore, the Motions should be denied.

Dated this 15th day of January, 2013

Law Offices of Steven James Goodhue

By: /s/ Steven James Goodhue
Steven James Goodhue (#029288)
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

I hereby certify that on January 15, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on January 15, 2013, to:

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205

/s/ Steven James Goodhue

6