Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**PLAINTIFF'S REPLY TO DEFENDANT DAVID HARRIS' OPPOSITION TO PLAINTIFF'S FORTHWITH MOTION FOR SANCTIONS AGAINST DEFENDANT** |

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), by and through its undersigned counsel of record, hereby files this Reply to Defendant David Harris' ("Defendant") Opposition to Plaintiff's Forthwith Motion for Sanctions Against Defendant. (ECF No. 31).

Defendant identifies several "objections" that he has to Plaintiff's Motion for Sanctions. Defendant's first objection is that Plaintiff's Motion for Sanctions constitutes "[Plaintiff's counsel's] latest attempt to stifle the Defendant's 1st Amendment right to 'freedom of speech'." (ECF No. 31 at 1). Without delving into the complexities of First Amendment law, Plaintiff simply notes that Defendant's right to freedom of speech must be balanced with the federal government's interest in an effectively functioning judiciary. Various rules are in place prohibiting the sort of conduct in

1

1  which Defendant has engaged throughout these proceedings, and such rules are in place to, again,

2  make sure that the judiciary can function.  Defendant's conduct has impeded the litigation of the

3  instant action, and has burdened the Court, Plaintiff, Plaintiff's counsel, and even Defendant himself

4  with unnecessary costs and efforts.  Thus, on balance, Defendant's conduct has far exceeded the

5  degree of First Amendment protection afforded to litigants in federal court.

6  Defendant next "objects" on the basis that "Mr. Goodhue inadvertently informed Defendant

7  that he intended to violate FRCP Rule 26(f)(2) by not honoring my demand that Paul Duffy attend."

8  (ECF No. 31 at 1).  As Plaintiff has pointed out in previous filings, Paul Duffy *is not counsel of*

9  *record for Plaintiff*.  The undersigned is counsel of record for Plaintiff, and the undersigned was

10 present at the agreed-upon time and place for the meet and confer.  Thus, despite Defendant's

11 repeated protestations to the contrary, Paul Duffy was not obligated to attend the meet and confer by

12 Fed. R. Civ. Proc. 26(f)(2), nor by any other rule or court order.  Defendant relatedly asserts that

13 Paul Duffy "has appeared in this case." (ECF No. 31 at 2.) Defendant's assertion is incorrect. Rather,

14 the Declaration of Paul Duffy to which Defendant refers merely indicates that Paul Duffy is *national*

15 *counsel* for Plaintiff and that his office served the Court's October 19th Order on Defendant.  (*See*

16 ECF No. 12-1, Declaration of Paul Duffy).  These statements do not amount to an appearance by

17 Paul Duffy in this action in any manner.

18 Defendant's next objects on the basis that "Plaintiff has in order to avoid Defendant filing a

19 claim against him personally with the State Bar has impeached his own witness, Mr. Peter

20 Hansmeier." (ECF No. 31 at 2).  Defendant's argument amounts to the assertion that Mr. Hansmeier

21 cannot present evidence in this case because he is not licensed as in investigator in the State of

22 Arizona.  The illegal activity engaged in by Defendant, however, took place over the Internet; as

23 such, one can imagine that detection of that activity could take place outside the state of Arizona.

24 Plaintiff never represented that Mr. Hansmeier is a licensed investigator in the State of Arizona, and

2

1 there is no statutory or common law requirement that he be licensed as such in order to present

2 evidence in this case.

3 Defendant also objects that "Plaintiff does (sic) not own the copyright at the time of the

4 alleged infringement." (ECF No. 31 at 3). Defendant asserts that, because of that fact, "Plaintiff has

5 no grounds to bring this suit against the Defendant." (ECF No. 31 at 3). As Plaintiff noted in a

6 previous filing:

> The agreement assigned to Plaintiff "all right, title and interest worldwide in and to that certain work titled 'Sexual Obsession'…and all proprietary rights therein, including, without limitation, all copyrights, trademarks, design patents, trade secret rights, moral rights, and all contract and licensing rights, and all claims and causes of action of respect to any of the foregoing, whether now known or hereafter to become known." (See Plaintiff's Complaint at Exhibit B ¶ 1) (Emphasis added.). Plaintiff thus acquired the entirety of the copyright, including the right to sue Defendant for his infringement of Plaintiff's copyright, by virtue of the aforementioned assignment agreement. This transfer of ownership of a copyright is provided for by 17 U.S.C. §201(d), which states that "the ownership of a copyright may be transferred in whole or in party by any means of conveyance…." 17 U.S.C. §201(d).

13 (ECF No. 22 at 4-5.) Defendant's assertion is thus irrelevant.

14 Defendant asserts that "it would be a travesty of justice to let Mr. Goodhue get away with

15 this kind of behavior." (ECF No. 31 at 3). In reality, the only potential travesty of justice present

16 here is that Defendant may be allowed to have conducted himself in the manner he has without any

17 consequences. Defendant's behavior, as more fully described in Plaintiff's Motion for Sanctions, is

18 simply unacceptable, and Plaintiff resubmits its contention that Defendant should be sanctioned in

19 order to deter him from continuing his unacceptable behavior.

Dated this 22nd day of January, 2013

Law Offices of Steven James Goodhue

By: /s/ Steven James Goodhue
Steven James Goodhue (#029288)
9375 East Shea Blvd., Suite 100

3

Scottsdale, AZ  85260
*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

I hereby certify that on January 22, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or
 served via electronic notification if indicated by
 an "*") on January 22, 2013, to:

Honorable G. Murray Snow *(*snow_chambers@azd.uscourts.gov*)
U.S. District Court
Sandra Day O'Connor Courthouse Suite 324
401 West Washington Street, SPC 82
Phoenix, Arizona 85003-7550

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205


/s/ Steven James Goodhue