**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF Holdings, LLC, a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>David Harris,<br><br>Defendant. | No. CV-12-02144-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendant's Motion for Security (Doc. 23), Defendant's Motion to Strike (Doc. 26), Plaintiff's Motion for Sanctions (Doc. 29); and Defendant's Motion to Stay Discovery (Doc. 30). The Court rules on the motions as follows.

Defendant's Motion for Security of Non-Resident Plaintiff (Doc. 23) is denied. While the Local Rules of Civil Procedure do provide in appropriate cases for a non-resident of the district to post a security bond to cover costs, the bond does not cover security for attorney's fees. *See Smith v. Barrow Neurological Institute of St. Joseph's Hospital and Medical Center*, No. CV-10-01632-PHX-FJM (D. Ariz. March 21, 2012). What the Defendant is requesting is actually a bond against a potential an award of attorney's fees and as Defendant acknowledges he is not an attorney. He is therefore not entitled to security for attorney's fees which he will not incur. The motion is therefore denied.

Defendant's Motion to Strike in Reply to Plaintiff's Response (Doc. 26) is also denied. In the motion, Defendant attempts to have this Court make rulings on the truth of Plaintiff's allegations at the pleadings stage. Then assuming the truth of Defendant's responses as opposed to Plaintiff's allegations, Defendant asks this Court to find that it has no subject matter jurisdiction. The fact that Plaintiff obtained an assignment of its predecessors' right as it pertains to Defendant does not mean that Plaintiff cannot bring an action for copyright infringement. Therefore, there is no allegation on which, at the pleadings stage, this Court can determine that it lacks subject matter jurisdiction. The argument can be renewed after appropriate discovery, if in fact there is a basis for such a motion. The Motion to Strike (Doc. 26) is denied.

Defendant's Motion to Stay Discovery and to Strike Plaintiff's Case Management Report Document 27 (Doc. 30) is also denied. The Court has reviewed all of the pleadings and arguments with respect to the reasons why staying and striking the Case Management Order should be awarded and finds in Plaintiff's favor. Despite his insistence to the contrary, Defendant has no right to compel the attendance of Mr. Duffy at the pretrial scheduling conference and a plain reading of the rule so indicates. Further, Defendant's position that Mr. Hansmeier cannot provide evidence is incorrect as a matter of law. His assertion that either of these positions justified his ignoring the Court's Order and not conferring with Plaintiff's counsel about the preparation of the Case Management Order after Defendant had previously violated an Order of the Court compelling him to do so, justifies neither a stay nor a striking of Plaintiff's Case Management Report. That is why the Court accepted Plaintiff's Case Management Report and especially in light of Defendant's failure to comply with two previous Orders of the Court, entered the schedule requested by Plaintiff in that report. The Court declines now to vary that schedule.

For this reason, however, the Court also denies Plaintiff's Forthwith Motion for Sanctions Against Defendant (Doc. 29). Defendant's decision that he would defy the Court's Orders has incurred its own sanction. His failure to confer with Plaintiff's

counsel regarding the preparation of a Case Management Report as directed by the Court, has resulted in the Court entering Plaintiff's proposed Case Management Order and as previously indicated, the Court declines to change that Order.  Thus, Defendant's failure to comply with the Court's Order has created its own sanction.  It may be true as Plaintiff suggests that the Court has given some leeway to Defendant because he is a pro se defendant.  Nevertheless, Defendant will be strictly held to the schedule and rules as they govern discovery set forth in this action for any claims and counterclaims.  All parties will be required to comply with both legal rules and civility in achieving those deadlines.  With the parties being forewarned, this Court declines to further impair Defendant's ability to defend himself by imposing economic sanctions at this point.  The Motion is therefore denied.

**IT IS THEREFORE ORDERED THAT:**

1.     Defendant's Motion for Security (Doc. 23) is denied.

2.     Defendant's Motion to Strike (Doc. 26) is denied.

3.     Plaintiff's Motion for Sanctions Against Defendant (doc. 29) is denied.

4.     Defendant's Motion to Stay Discovery (Doc. 30) is denied.

Dated this 1st day of February, 2013.

/G. Murray Snow
United States District Judge