1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9    AF Holdings, LLC, a St. Kitts and Nevis          No. CV-12-02144-PHX-GMS
     limited liability company,
10                                                    **ORDER**
                            Plaintiff,
11
     v.
12
     David Harris,
13
                            Defendant.
14

15

16          This Court has received Defendant David Harris's Objection (Doc. 37) to the

17   Court's ruling.  The Court notes for Defendant's information that one person can assign

18   his legal right to sue another for copyright infringement, even if the assignment occurs

19   after an alleged infringement.  *See Silvers v. Sony Pictures Entm't, Inc*., 402 F.3d 881,

20   889–90 (9th Cir. 2005) (holding that the right to sue for past infringement can be

21   transferred to another party so long as it is expressly included in the assignment along

22   with the copyright); *Giddings v. Vision House Prod., Inc.*, 584 F. Supp. 2d 1222, 1229

23   (D. Ariz. 2008); *see also Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) ("An owner may

24   also convey his interest in prosecuting accrued causes of action for infringement.").  *See*

25   *Silvers v. Sony Pictures Entm't, Inc*., 402 F.3d 881, 889–90 (9th Cir. 2005) (holding that

26   the right to sue for past infringement can be transferred to another party so long as it is

27   expressly included in the assignment along with the copyright); *Giddings v. Vision House*

28   *Prod., Inc*., 584 F. Supp. 2d 1222, 1229 (D. Ariz. 2008); *see also Davis v. Blige*, 505 F.3d

90, 99 (2d Cir. 2007) ("An owner may also convey his interest in prosecuting accrued causes of action for infringement.").  Therefore, even if Plaintiff received the assignment of the right to sue for copyright infringement after the infringement occurred, this Court is not deprived of jurisdiction over AF Holdings' claims against Defendant on that basis.

Further, although the Court as a matter of course requires the parties to participate in the preparation of the Case Management Report, parties that are represented are customarily represented by their attorneys during such preparation.  Therefore, Defendant's continued refusal to appear and participate in the preparation of a Case Management Report because a person who is associated with Plaintiff refused to appear at Defendant's demand is no excuse for Defendant to refuse to appear and assist in the preparation of the report with Plaintiff's counsel.  Although the Court understands Defendant's frustration due to his lack of familiarity with the law and legal practice in the Courts of the United States, it is Defendant who chooses to proceed on a pro se basis. Merely because Defendant is pro se does not mean that he is not bound by the laws and applicable legal procedures of this Court.  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant is advised to again consider engaging an attorney to assist him in this matter. Defendant is further advised that if, as he indicates, he "will not participate in any further litigation" in this matter, that he risks having sanctions entered against him up to and including a default judgment. Defendant is further advised that this Court requires that Defendant treat it and opposing counsel in a civil manner even if Defendant disagrees with this Court or opposing counsel. Defendant may state the substance of his disagreement without engaging in sarcasm or demeaning terms. To the extent Defendant engages in such motion practice in the future, his motions are subject to being stricken.

Dated this 5th day of February, 2013.

G. Murray Snow
United States District Judge