Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**PLAINTIFF'S MOTION FOR AUTHORIZING ISSUANCE OF SUBPOENAS** |

Plaintiff, AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, hereby moves this Court for an Authorizing Issuance of Subpoenas granting limited discovery to identify Defendant David Harris' co-conspirators.  The limited discovery would consist of the issuance of subpoenas on relevant Internet Service Providers ("ISPs") seeking the Defendant's co-conspirators' names, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses.  A court order is necessary here because, due to various privacy laws, ISPs generally require a court order before releasing the identifying information of their subscribers. *See, e.g.*, Cable Communications Policy Act of 1984, 47 U.S.C. § 551(c)(2)(B) (2001) (requiring cable operators to provide the identifying information of their subscribers only when presented with a

1

court order).[1] Any information disclosed to the Plaintiff in response to a subpoena will be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

Plaintiff has identified the Defendant's co-conspirators only by their Internet Protocol ("IP") addresses and the date and times they infringement on Plaintiff's copyrighted work.  When presented with an IP address and the date and time of the illegal activity, an ISP can identify the name and other identifying information of the subscriber associated with that IP address, because that information is contained in the ISP's subscriber activity log files.

Plaintiff needs the identifying information of the Defendant's co-conspirators to prosecute its case against the Defendant. In its Complaint, Plaintiff sought "an order that Defendant is jointly and severally liable to the Plaintiff in the full amount of Judgment" for both its contributory infringement and civil conspiracy claims. (ECF No. 1 at 13.)  Therefore, Plaintiff needs this information to be able to establish the Defendant's liability and ascertain the extent of the damages caused by the infringement to which Defendant contributed and the conspiracy in which Defendant participated. Further, the infringement of Plaintiff's copyrighted work is ongoing and continuous, necessitating immediate relief to prevent further irreparable harm to Plaintiff.  Without a way to contact the Defendant's co-conspirators, Plaintiff will continue to suffer ongoing, continuous injury due to the illegal activities.

Time is of the essence here because ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time before erasing the data. If that information is erased, Plaintiff will have no ability to identify the Defendant's co-conspirators, and thus will be unable to pursue its lawsuit to protect its copyrighted work.

---

[1] For the avoidance of any doubt, certain of the ISPs in this action are cable operators, within the meaning of 47 U.S.C. § 551(c)(2)(B).  Other ISPs are not cable operators. Plaintiff seeks discovery from both cable operators and non-cable operators and nothing in this motion should be deemed a classification of any given ISP as a cable operator or not.

Finally, the present lawsuit simply cannot commence without discovering the identity of the Defendant's co-conspirators. Although Plaintiff was able to observe the infringing activity through forensic software, this system does not allow Plaintiff to access the Defendant's co-conspirators' computers to obtain identifying information. Nor does this software allow Plaintiff to upload a file onto the Defendant's co-conspirators' computers or communicate with them in a manner that would provide notice of their illegal activity of this lawsuit. Hence, the Plaintiff needs the Defendant's co-conspirators' identifying information to be able to communicate with them.

Wherefore, Plaintiff respectfully requests that the Court issue an Order granting Plaintiff's Motion for Authorizing Issuance of Subpoenas, and requiring the following:

a. That Plaintiff is found to have demonstrated that the personally identifying information possessed by the Internet Service Providers is relevant and material to this matter and there is good cause for discovery of this information;

b. That Plaintiff may immediately serve subpoenas on the relevant Internet Service Providers to identify Defendant Spencer Harris' co-conspirators, limited to their names, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses;

c. That the Internet Service Providers are authorized to disclose and shall disclose the personally identifiable information of their subscribers to Plaintiff upon receiving a subpoena;

d. That if a subscriber files a motion to quash, dismiss or sever, the Internet Service Provider shall withhold the identifying information associated with that specific subscriber, but shall not delay in providing Plaintiff with the identifying information of any subscriber who has not filed any of these motions;

e. That any information disclosed to the Plaintiff in response to a subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint;

1      f.    That Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order; and

    g.    That if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 30 days from the date of service;

    h.    That the subpoenaed entities shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash; and

    i.    Such further relief that the Courts deems just in the premises.

Dated this 4th day of January, 2013

                                      Law Offices of Steven James Goodhue

                                      By:  /s/ Steven James Goodhue
                                            Steven James Goodhue (#029288)
                                            9375 East Shea Blvd., Suite 100
                                            Scottsdale, AZ  85260
                                            *Attorney for Plaintiff*
                                            *AF Holdings, L.L.C.*

1

2  I hereby certify that on February 14, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

3

4  **A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on February 14, 2013, to:

5

6  Honorable G. Murray Snow *(*snow_chambers@azd.uscourts.gov*)
U.S. District Court
Sandra Day O'Connor Courthouse Suite 324

7  401 West Washington Street, SPC 82
Phoenix, Arizona 85003-7550

8

9  David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205

10

11  /s/ Steven James Goodhue

12

13

14

15

16

17

18

19

20

21

22

23

24

5