Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF INITIAL DISCLOSURES AND FOR SANCTIONS** |

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, pursuant to Rule F.R.C.P. Rule 37(a)(3)(A) hereby moves this Court for an Order compelling Defendant David Harris to produce his Rule 26(a) Initial Disclosures and for Sanctions, and as grounds therefore, states as follows:

## CERTIFICATION

The undersigned counsel hereby certifies that he has made a good faith effort to confer or attempt to confer with Defendant in an attempt to obtain Defendant's Rule 26(a) Initial Disclosures without Court action.

1

In the Order issued by the Court in the wake of Defendant's Objection (ECF No. 37), the Court asserted that, if Defendant follows through on his plan to "'not participate in any further litigation' in this matter…he risks having sanctions entered against him up to and including a default judgment." (ECF No. 38.)  Unfortunately, it appears that Defendant has not heeded the Court's warning.

On January 11, 2013, Plaintiff's counsel sent a letter to Defendant, via email, to offer potential dates to meet regarding the in-person good faith settlement talks which were mandated by the Court's Case Management Order of January 9, 2013 (ECF No. 32).  A true and correct copy of the January 11, 2013 letter is attached hereto as **Exhibit A**.  As of the date of this Motion, Defendant still has not responded to this emailed letter.

On January 31, 2013, Plaintiff's counsel sent a letter to Defendant, via email, to remind him that, pursuant to the Court's January 9, 2013 Case Management Order (ECF No. 32), he was required to submit his Rule 26(a) Initial Disclosures on or before January 25, 2013.  A true and correct copy of the January 31, 2013 letter is attached hereto as **Exhibit B.**  Plaintiff's counsel further informed Defendant that, if the Rule 26(a) Initial Disclosures were not received by February 4, 2013, Plaintiff's counsel would have no choice but to file a motion to compel.  (*See id*).  As of the date of this Motion, a month after Rule 26(a) Initial Disclosures were due, Defendant has not only failed to provide the Initial Disclosures, but has also failed to respond to either communication which Plaintiff's counsel sent to him.

Plaintiff's counsel thus contends that the time is ripe for not only compelling Defendant to make his Initial Disclosures, but also to sanction Defendant for his conduct.  Defendant was put on notice by the Court's February 5, 2013 Order that, if he failed to participate in further litigation, he would risk having sanctions entered against him, up to and including a default judgment.  (ECF No.

38 at 3). Plaintiff submits that a default judgment would be the appropriate sanction for Defendant's conduct.

Defendant's bellicose and uncooperative behavior throughout the course of this litigation is well documented. Defendant declared to this Court that he would not participate in the litigation, and he has, apparently, decided to follow through on that threat. Plaintiff should not be forced to bear the costs of Defendant's continued insolence. Indeed, Plaintiff has already borne significant costs in responding to Defendant's conduct and meritless pleadings. (*See,* e.g., Motion for Order to Show Cause (ECF No. 21); Response to Motion to Post Bond (ECF No. 23); and Response to Motion to Stay Discovery and Motion to Strike (ECF No. 30); each of which involved hostile diatribes and unwarranted threats, that constituted an affront to the dignity of the Court, and each of which required a response from Plaintiff). Furthermore, Plaintiff was forced to bring a Motion for Sanctions (ECF No. 29), and is now forced to bring the instant Motion to Compel the Production of Initial Disclosures and for Sanctions. While Defendant is welcome to decline to participate in this litigation; however, Plaintiff should continue to bear the costs of his declination.

The Ninth Circuit has addressed the conditions under which a "case-dispositive" sanction is appropriate, pointing to a situation where: (1) a party's conduct interferes with the resolution of litigation; and (2) a party's repeated flouting of discovery rules and orders demonstrates that less drastic sanctions would not deter further violations. *See* US v. Hempfling, No. 08-16190 (9th Cir. July 1, 2010). In the instant action, Defendant has repeatedly and unjustifiably interfered with the resolution of this litigation; at first, he did so through his lack of decorum and refusal to cooperate and participate; whereas now, he appears to have abandoned the litigation altogether. Defendant has, thus far, flouted this Court's Orders, and at least two discovery rules (in-person good faith settlement meeting and initial disclosures), and it is a virtual certainty that he will continue to so flout.

Clearly, Plaintiff is entitled to an Order of this Court directing Defendant to produce his Rule 26(a) Initial disclosures. Moreover, Plaintiff is entitled to an award of attorney's fees and costs in bringing this Motion. However, in light of the history of the Defendant's conduct in ignoring this Court's Orders, the Federal Rules of Civil Procedure, and the District of Arizona Local Rules of this Court, along with a disregard of the rules of decorum incumbent upon litigants in Federal Court. Accordingly, more severe sanctions are appropriate pursuant to Rule 37(c)(1). Those sanctions include the striking of pleadings and the entry of default judgment. *See* Rule 37(c)(1)(C) referring to Rule 37(b)(2)(A)(i)-(vi).

As such, in addition to considering simply granting this Motion, and awarding attorney's fees and costs in bringing the Motion, Plaintiff would submit that the Court should consider alternative relief. In addition to bringing the instant Motion, Plaintiff has had to file numerous pleadings, as mentioned above, and has been forced to repeatedly communicate with Defendant to attempt to convince him to comply with Orders and Rules of the Court, which has ultimately been unsuccessful. Plaintiff's counsel estimates that he has incurred approximately 21.85 hours, in attempting to achieve Defendant's participation in this litigation and compliance with the Orders and Rules of this Court. The Declaration of Plaintiff's Counsel is attached hereto as **Exhibit C.** In light of this history, Plaintiff is entitled to its attorney's fees and costs incurred as a result of Defendant's recurring conduct in an amount set forth in **Exhibit C**.

Alternatively, Plaintiff would submit to the Court that in light of the recurring conduct of Defendant, that the complete defiance of this Orders and Rules of the Court, including the February 5, 2013 Order which encouraged Defendant to participate in this litigation, Plaintiff is entitled to having Defendant's Answer stricken, and for the entry of default judgment. *See* Rule 37(b)(2)(A)(iii) and (vi).

## CONCLUSION

Though it is true that Defendant is *pro se*, the Court aptly noted in its Order that Defendant's *pro se* status "does not mean he is not bound by the laws and applicable legal procedures of this Court." (ECF No. 38 at 2.) Defendant has failed to learn his lesson, despite being given every opportunity to do so, including being told that his failure would risk having sanctions entered against him, including a default judgment. It would seem clear that Defendant has no intention of alter his behavior, and complying with Orders of this Court.

Wherefore, Plaintiff respectfully requests an Order of this Court: (1) granting Plaintiff's Motion to Compel the Production of Initial Disclosures and for Sanctions; (2) for and award of attorney's fees and costs incurred by Plaintiff in bringing this Motion; and (3) for such other and further relief as the Court deems just in the premises.

In the alternative, Plaintiff respectfully requests an Order of this Court: (1) granting Plaintiff's Motion to Compel the Production of Initial Disclosures and for Sanctions; (2) for and award of attorney's fees and costs as set forth in **Exhibit C**, incurred by Plaintiff as a result of Defendant's conduct as described herein; and (3) for such other and further relief as the Court deems just in the premises.

In the alternative, Plaintiff respectfully requests an Order of this Court (1) Striking Defendant's Answer; (2) for an Entry of Default against Defendant; (3) for the Entry of Default Judgment against Defendant following the filing of a Motion for Default Judgment by Plaintiff; and (4) for such other relief as the Court deems just in the premises.

Dated this 25th day of February, 2013

                Law Offices of Steven James Goodhue

           By: _/s/ Steven James Goodhue_____
                Steven James Goodhue (#029288)
                9375 East Shea Blvd., Suite 100
                Scottsdale, AZ  85260
                *Attorney for Plaintiff*
                *AF Holdings, L.L.C.*

I hereby certify that on February 25, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on February 25, 2013, to:

Honorable G. Murray Snow *(*snow_chambers@azd.uscourts.gov*)
U.S. District Court
Sandra Day O'Connor Courthouse Suite 324
401 West Washington Street, SPC 82
Phoenix, Arizona 85003-7550

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205

/s/ Steven James Goodhue

6