THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE _CIVLR 7.1(a)(1), 7.1(b)(1)_
(Rule Number/Section)

FILED ___ LODGED
___ RECEIVED ___ COPY
MAR 19 2013
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

AF HOLDINGS, LLC,

    Plaintiff,

v.

DAVID HARRIS,

    Defendant.

CASE No. 2:12-CV-01244

(*Related cases: 2:12-cv-02124-DGC, 2:12-cv-02125-NVW, 2:12-cv-02127-JWS, 2:12-cv-02130-SRB, 2:12-cv-02131-DGC, 2:12-cv-02132-GMS, and 2:12-cv-02134-NVW*)

CV-12-2144-PHX-GMS

## DECLARATION TO SHOW RELATED CASES AND THE DEFAULT JUDGEMENT AFFECTING SEVEN OTHER DISTRICT OF ARIZONA CASES

I, an anonymous John Doe, do hereby declare:

1. I'm over 18 years of age and competent to make this declaration.

2. I have personal knowledge of the facts in this declaration.

3. I have also filed nine previous declarations and memorandums (October 2011 – January 2013) for copyright infringement cases for various courts: Eastern District of Virginia (Richmond Division), *3:11-cv-00531-JAG (Patrick Collins v. Does 1-58), 3:11-cv-00469-JAG (K-Beech v. Does 1-85),* District of Arizona, *2:11-cv-01602-GMS (Patrick Collins v. Does 1-54)*, the Northern District of Florida, *4:11-CV-00584 (Digital Sin, Inc., v. Does 1-145)*, Northern District of Illinois, *1:11-CV-09064 (Pacific Century International v. Does 1-31)*, District of Columbia, *1:12-cv-00048 (AF Holdings, LLC, v. Does 1-1058)*, Eastern District of Pennsylvania, *2:12-CV-02084 (Malibu Media, LLC, v. John Does 1-14)*, District of Colorado, *1:12-cv-00656 (Sunlust Pictures, LLC, v. Willaim Cisa),* and the Central District of California, *2:12-cv-08333 (Ingenuity 13, LLC v. John Doe)*. Note: seven of the nine declarations/memorandums were accepted by the courts.

I'm filing this declaration anonymously, as I'm one of the 200,000+ John Doe defendants in the multitude of pornography copyright infringement cases filed throughout the U.S. If I were to file this declaration under true name, I feel I would be singled out for vindictive prosecution by my Plaintiff and the network of copyright infringement lawyers that file these types of cases. In fact the principle actors behind Prenda Law Inc., (the controlling law firm representing this Plaintiff, AF Holdings LLC) recently filed (12 Feb 13, 15 Feb 13, and 24 Feb 13) three liable and defamation law suits against myself and nine others anonymous critics of the Prenda Law Inc., business model. The critical opinions were express on two Web sites (fightcopyrighttrolls.com and dietrolldie.com). Shortly after filing in various State courts, the law suits were removed to the appropriate Federal courts (1:13-cv-01569 (NDIL) & 3:13-cv-00207 (SDIL)). The last law suit (1:13-cv-20744(SDFL)) was voluntarily dismissed by John Steele (Plaintiff) on 6 Mar 13. To protect my identity and prevent further malicious actions against me, I will mail this declaration to the court and Plaintiff from a State other than my own.

4. Plaintiff will likely claim I have no standing to make this declaration, as I'm not a defendant in these cases. This declaration is provided to ensure the court has all relevant information that Plaintiff has failed to provide to the court. My standing is based on my direct knowledge of these types of cases and the operations of computer networks, to include small home/office networks, most (if not all) are what Plaintiff lists as defendants. I have gathered this knowledge first hand by working as a certified Information Technology Specialist, as a Doe defendant, and by running a Web site dedicated to posting news and views concerning copyright infringement lawyers (AKA: Copyright Trolls) and John/Jane Does (*http://dietrolldie.com/*). While running my site, I have corresponded with many Doe

defendants who like myself, are being abused by Plaintiffs and copyright infringement lawyers who follow this business model. Some of the Doe defendants I have interacted with have been pressured to settle with this Plaintiff and/or resided in the District of Arizona.

5. I hope my declaration will aid the Court in understanding the questionable practices of this Plaintiff and copyright infringement lawyers. The anonymous nature of this declaration does not detract from its truthfulness and I thank the court for indulging this John Doe.

6. <u>Eight Related Arizona Copyright Infringement Cases (Previously Joined Defendants)</u>

On 13 Jul 11, Plaintiff filed case # 1:11-cv-01274, AF Holdings LLC, v. Does 1-1140, in the District of Columbia (DCD). In this DCD case, Plaintiff claimed 1140 Doe defendants took part in a single action of copyright infringement of the movie, "Sexual Obsession." Note: a vast majority of the Doe defendants in the DCD case did not reside in the jurisdiction of the court. On 29 Feb 12, Plaintiff dismissed the DCD case after it received the ISP subscriber information for the public IP address of the alleged infringers. During the time the case was open, Plaintiff never served a single defendant with a complaint.

On 9 Oct 12, Plaintiff through attorney Steven Goodhue filed eight single defendant cases in the District of Arizona. All eight of the Arizona defendants (Identified through early discovery in the DCD case) were part of DCD case # 1:11-cv-01274 (IP addresses 68.3.125.33 (Chubbuck), 72.208.59.107 (Friend), 24.56.41.95 (Gutierrez), 70.176.202.3 (Harris), 70.171.223.189 (Heggum), 72.223.126.36 (Laizure), 24.255.53.91 (Song), and 98.167.164.72 (Szarek). All eight of the District of Arizona cases (*2:12-cv-02124-DGC, 2:12-cv-02125-NVW, 2:12-cv-02127-JWS, 2:12-cv-02130-SRB, 2:12-cv-02131-DGC, 2:12-cv-02132-GMS, 2:12-cv-02134-NVW, and 2:12-cv-02144-GMS*) have the single claim of copyright infringement of the same movie (*Sexual Obsession*) , same hash file number, and

same date/time of alleged infringement in the DCD case (Exhibit A). Note: Seven of the defendants have an alleged time of infringement that is off by one second. All eight cases are related to the DCD, as well as to each other. Plaintiff is clearly in violation of Local Rules of Civil Procedure 42.1, *Related Cases; Consolidation; Filing and Notice; Assignment*.

LRCP 42.1 is applicable because (1) Each of these cases arise from the same transaction or event (Single BitTorrent swarm "Hash Tag"); (2) involve the same parties or property (AF Holding LLC movie "Sexual Obsession"); (3) it involve the same copyright ("Sexual Obsession" – Copyright # PA0001725120); (4) calls for determination of substantially the same questions of law (same single cause of action); and (5) a consolidation would prevent a substantial duplication of labor if heard by multiple Judges.

7. <u>Previous DCA Default Judgment Affects the Defendants</u>

In the DCD case # 1:11-cv-01274, Plaintiff requested actual or statutory damages in accordance with 17 U.S.C, Section 504. 17 U.S.C, Section 504 clearly states the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to **any one work**, for which any one infringer is liable individually, or for which **any two or more infringers are liable jointly and severally**. As all of the 1140 Doe defendants in the DCD case was part of the same BitTorrent swarm (same hash file), they were all jointly and severally liable for the single cause of action claimed by Plaintiff.

In each of the eight District of Arizona cases (Exhibit A), Plaintiff failed to inform the court of its relation to the parent DCD case or that all eight DCA cases were related. In section #24 (page 6) of the complaint against Walter Szarek (2:12-cv-02134-SPL(DCA)), Plaintiff states defendant Szarek was, "*part of a group of BitTorrent users or peers in a single*

*swarm a process generally described above whose computers were collectively interconnected for the sharing of a particular unique file. The particular file a BitTorrent swarm is associated with has a unique file "hash" i.e. a unique file identifier generated by an algorithm. As is common, there was a unique hash value in this case (hereinafter referred to simply as "Hash Tag."), and common to all of the participants in the swarm."*

On 8 Jan 13, Plaintiff through Attorney Goodhue, made a motion for a default judgment against Defendant Szarek (2:12-cv-02134-SPL), where it clearly stated the action was singular, but of a joint and severally liable nature. *"Based on the actions of Defendant that led to the infringement by thousands of other individuals of Plaintiff's copyrighted work, the Court should enter judgment for at least $150,000 in statutory damages plus $5,345.00 in attorney's fees and costs to Plaintiff."*

On 31 Jan 13, Judge Neil Wake, granted Plaintiff's request for a default judgment against Defendant Szarek (Document 15, 2:12-cv-02134-SPL).  Plaintiff was awarded the amount of $750.00 damages; $3,850.00 attorney's fees; and $395.00 taxable costs, for a total of $4,995.00.

Based on the default judgment against Defendant Szarek, the single claim of copyright infringement against all eight of the Arizona defendants is adjudicated.  The claims are all the same and can be verified by comparing the public IP addresses, date/times, and BitTorrent swarm statements in the all the cases (DCA and DCD).  Plaintiff through its initial case (1:11-cv-01274(DCD)) stated all 1140 Doe defendants were properly joined in one case for a single claim of copyright infringement that they all jointly took part in.  Plaintiff further continued to state this claim in each single defendant Arizona complaint, as well as the motion for a default judgment against Defendant Szarek; *"In using the peer-to-peer*

*BitTorrent file distribution method, Defendant engaged in a concerted action with other unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm."*

8. <u>Conclusion</u>

For the reason detailed above, I humbly ask the court to review the eight Arizona cases filed by Plaintiff and Attorney Goodhue and consolidate them under one judge. Plaintiff has failed to abide by local rules in an apparent attempt to minimize the potential impact of a single court addressing this matter. I also ask the court to dismiss the remaining related active Arizona cases as a default judgment in case 2:12-cv-02134-SPL was issued on 31 Jan13. These eight Arizona cases were part of a single claim of copyright infringement that originated from the previous District of Columbia case with 1140 Doe defendants. In the DCD complaint, Plaintiff claimed all 1140 defendants acted together to infringe upon Plaintiff's work and were identified by the BitTorrent swarm they took part in. The fact that they took part in the same BitTorrent swarm shows that all members were jointly and severally liable for a single action. I ask the court to take note of these factors in handling these cases, as well as any response it deems appropriate. I thank the court for hearing this declaration.

Dated: 3/14/2013                                  Respectfully submitted,

*John Doe*
John Doe, AKA: DieTrollDie
Web site: http://dietrolldie.com
Doerayme2011@hotmail.com

CERTIFICATE OF SERVICE

      I hereby certify that on 3/14/2013, I served a copy of the foregoing document, via US Mail, on:

      Steven James Goodhue
      Law Offices of Steven James Goodhue
      9375 East Shea Blvd., Suite 100
      Scottsdale, AZ 85260

Dated: 3/14/2013                                  Respectfully submitted,

                                                        */s/ John Doe*
                                                        John Doe, AKA: DieTrollDie
                                                        *Blog: http://dietrolldie.com*
                                                        *Doerayme2011@hotmail.com*

# Exhibit A

CASE No. 2:12-CV-01244

| Defendant | AZ Case # | Public IP Address in AZ & DC cases | AZ Case Date/Time | Location of Defendant's IP in DC Case 1:11-cv-01274 Complaint | DC case (01274) Date/Time |
|---|---|---|---|---|---|
| Chubbuck | 2:12-cv-02124 (AZ) | 68.3.125.33 | May 13, 2011 at 09:17:53 UTC | Page 17 of 31 | May 13, 2011 at 09:17:53 AM |
| Friend | 2:12-cv-02125 (AZ) | 72.208.59.107 | June 5, 2011 at 22:10:49 UTC | Page 23 of 31 | June 5, 2011 at 22:10:50 PM |
| Gutierrez | 2:12-cv-02127 (AZ) | 24.56.41.95 | April 14, 2011 at 05:28:20 UTC | Page 13 of 31 | April 14, 2011 at 05:28:21 AM |
| Heggum | 2:12-cv-02130 (AZ) | 70.171.223.189 | April 6, 2011 at 02:08:51 UTC | Page 20 of 21 | April 6, 2011 at 02:08:52 AM |
| Laizure | 2:12-cv-02131 (AZ) | 72.223.126.36 | May 8, 2011 at 23:27:01 UTC | Page 23 of 31 | May 8, 2011 at 11:27:02 PM |
| Song | 2:12-cv-02132 (AZ) | 24.255.53.91 | May 10, 2011 at 03:04:59 UTC | Page 13 of 31 | May 10, 2011 at 03:05:00 AM |
| Szarek | 2:12-cv-02134 (AZ) | 98.167.164.72 | May 6, 2011 at 15:08:55 UTC | Page 29 of 31 | May 6, 2011 at 03:08:56 PM |
| Harris | 2:12-cv-02144 (AZ) | 70.176.202.3 | June 3, 2011 at 00:49:34 UTC | Page 20 of 31 | June 3, 2011 at 12:49:35 AM |



Austin PDC TX 78710
SAT 15 MAR 2013 PM

RECEIVED

MAR 19 2013

CLERK OF U. COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

JO
911 Torpedo Jay
Liberty H, II, TX
73642

**U. S. District Court - District of Arizona**
Sandra Day O'Connor U.S. Courthouse
Attn: Court Clerk - 2:12-CV-01244
401 W. Washington Street, Suite 130, SPC 1
Phoenix, AZ 85003-2118