1  Paul D. Ticen (AZ Bar # 024788)
2  **Kelley / Warner, P.L.L.C.**
   404 S. Mill Ave, Suite C-201
3  Tempe, Arizona 85281
   Tel: 480-331-9397
4  Dir Tel: 480-636-8150
   Fax: 480-907-1235
5  Email: paul@kellywarnerlaw.com

6  Attorney for Defendant

7

8              **IN THE UNITED STATES DISTRICT COURT**
9                **FOR THE DISTRICT OF ARIZONA**

10

11 | AF HOLDINGS, L.L.C., a St. Kitts and
   | Nevis limited liability company,          Case No.: 2:12-cv-02144-PHX – GMS
12 |
13 | Plaintiff,                               **MOTION FOR THE COURT TO (1)
   |                                          ENTER AN ORDER STAYING
14 | v.                                       LITIGATION OR DISCOVERY; (2)
   |                                          ORDER QUASHING PLAINTIFF'S
15 |                                          SUBPOENA; (3) ENTER A
16 | DAVID HARRIS,                            PROTECTIVE ORDER**
   |
17 | Defendant.

18

19

20        Movants, who are non-parties and identified by IP Address Nos. 72.223.91.187,

21 68.230.120.162, 68.106.45.9, 68.2.87.48, 98.165.107.179 and 68.2.92.187, are targeted

22 by Plaintiff as Defendant Harris' purported co-conspirators through a subpoena issued on

23 February 5, 2013 to Cox Communication.   Movants, through undersigned counsel,

24 hereby request an order quashing Plaintiff's subpoena, for the entry of a protective order

25 and staying litigation or discovery pending the resolution of:

26        (A)    An Order to Show Cause hearing set for April 2, 2013 in connection with

27 the consolidated cases of AF Holdings v. Doe, 2:12-cv-6636-ODW, 2:12-cv-6669-ODW

28 and Ingenuity 13, LLC v. Doe, 2:12-cv-6662-ODW, 2:12-cv-6668-ODW,   2:12-cv-

   8333-ODW, pending in the Central District of California and any further action taken by

                                         1

*(left margin, rotated)* **Kelly / Warner, PLLC.** 404 S. Mill Ave., Suite C-201 Tempe, AZ 85281 Telephone: (480) 331-9397

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

the court as a result of that hearing.  C.D. Cal., 2:12-cv-8333-ODW, ECF Doc Nos. 86 and 88).  The OSC hearing is to determine whether Plaintiff, Ingenuity 13, Livewire Holdings, Steele Hansmeier, PLLC, Prenda Law, Inc. and individuals such as Attorneys John Steele and Paul Hansmeier, should not be sanctioned for, among other things , failing to disclose any financial interest in Plaintiff and in the outcome of litigation, defrauding the court by misrepresenting the nature and relationship of these entities and individuals, failing to make *pro hac vice* appearances, using the identity and forged signature of an individual in connection with Plaintiff's business dealing without the individual's consent.

(B)     The action entitled *Alan Cooper v. John Lawrence Steele, Prenda Law, AF Holdings, LLC, Ingenuity 13, LLC*, currently pending in the Fourth Judicial District Court for the County of Hennepin, State of Minnesota.  (27-CV-13-3463).  Mr. Cooper alleges that Mr. Steele and the other defendants misappropriated his name by holding him out as a member of Plaintiff and forging his signature on verified pleadings filed in connection with federal lawsuits and on assignments purportedly transferring copyrights.

On February 5, 2013, Plaintiff issued a subpoena and served Cox Communications to identify internet subscribers assigned 71 IP addresses.  (See March 1, 2013 redacted letter from Cox Communications, February 5th subpoena and table of IP addresses attached as Exhibit A hereto).  On February 14th, nine days after it issued the subpoena, Plaintiff moved the Court for an order authorizing issuance of subpoenas to conduct limited discovery by identifying Defendant Harris' purported "co-conspirators."  The Movants are among those subscribers that Plaintiff seeks to identify, and whose records will be released on or about April 1, 2013.

Litigation and/or discovery should be stayed, the subpoena squashed and a protective order entered because Plaintiff appears to be involved and is part of a scheme involving likely fraudulent conduct that will directly affect whether Plaintiff has standing or the right to continue prosecuting this lawsuit.  Further, the balancing of interests in this case demonstrate that a stay should be granted because any prejudice to

2

Plaintiff is self-inflicted given the above conduct and the hardship to Movants and others targeted by the subpoena is severe.  Specifically, the subpoena is being directed at Cox Communication to identify internet subscribers to enable Plaintiff, through Prenda Law and Attorneys John Steele and Paul Hansmeier, to send letters to these subscribers threatening to be named in federal litigation involving pornography unless he or she pays thousands of dollars.[1]   The Motion is brought pursuant to Rules 45(c)(3), 26(c)(1), Fed. R. Civ. P. and is based on the entire Court record and the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**      **Factual Background.**

Judge Otis D. Wright, II., of the Central District of California, will be conducting an April 2, 2013 OSC hearing concerning sanctions to the above parties.  An initial OSC hearing was conducted on March 11, 2013 that further untangled the web and layers of deception that has pervaded Plaintiff's litigation campaign across federal courts throughout the country, and the attorneys and law firms driving its lawsuits.   The following factual background is useful to understand this web and the ramifications that Plaintiff and these law firms/lawyers face on April 2nd.

**A.  What Is AF Holdings**?

Plaintiff is a business entity cloaked in secrecy.  In substantial part because it was formed offshore in a country that allows anonymous bank accounts, lacks transparency in identifying ownership interests in legal entities and otherwise serves as a tax haven.[2] And because its lawyers have refused to respond to discovery concerning Plaintiff and Mr. Coopers' contentions that his identity and forged signature have been used in connection with Plaintiff's business activities and court filings.  Plaintiff was formed as a

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

---

[1] For detailed explanation of Prenda's business model and litigation strategy see Ingenuity 13, LLC v. John Doe, 2:12-cv-08333, Doc No. 23-1 at Pg. 5 - 8.
[2] http://www.knowyourcountry.com/stkitts1111.html

limited liability company in the country of Saint Kitts and Nevis, a small island in the West Indies.  (See 30(b)(6) Deposition Transcript of Paul Hansmeier, 2:12-cv-08333, Doc No. 71 at 21:18-22:1[3]; See Certificate of Formation, 2:12-cv-08333, Doc. 50-1). The Certificate of Formation doesn't identify a single member or any other person or entity that has an interest in it.  According to Mr. Hansmeier, Plaintiff is wholly owned by a trust with supposedly "undefined beneficiaries."  (*Id*. at 9:5-11, 39:14-15, 41:13-15). Despite Mr. Hansmeier being produced as the person most knowledgeable about Plaintiff's governance, Mr. Hansmeier did not know the name of the trust', who or what was/were "undefined beneficiaries" under the trust, nor had he ever seen or reviewed the trust documents.  (*Id*. at 9:12-16; 39:10-16, 46:10-11; 70:15-20)     And Mr. Hansmeier was unaware of the trail  of individuals involved in forming Plaintiff, but believes it was formed at the direction of CEO and sole employee, Mark Lutz.  (*Id*. at 22:5, 28:9-18, 73:24-74:3).  Significantly, Mr. Lutz was an employee of Steele Hansmeier.  (*Id*. at 130:16-18).  And Mr. Lutz facilitated settlements for Prenda Law for a substantial time in connection with Prenda's BitTorrent copyright infringement litigation campaign.  (See E-Mail From Mark Lutz attached as **Exhibit B** hereto).  And equally significant is the fact that Mr. Hansmeier was designated as Plaintiff's corporate representative, despite Mr. Hansmeier having represented Plaintiff in copyright infringement litigation (*Id*. at 94:10-16; List of attorneys appearing in *AF Holdings, LLC v. Does 1-29, 0:11-cv-01794*).   And even more troubling is that Plaintiff has never received any monetary distributions in connection with any of its lawsuits (damages and settlements), but rather, the money purportedly remains in law firms trust accounts (including the Alpha Law Firm) to pay for litigation expenses.  (*Id*. at (81:9-82:7; 88:14-18).

### B.   AF Holding's Copyright Infringement Litigation Campaign

On June 21, 2011, Plaintiff commenced its first of 212 copyright infringement lawsuits in federals courts across the country.  (*AF Holdings, LLC v. Does 1-97*, N.D.

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

---

[3] The page:line citations to Mr. Hansmeier's deposition transcript are based on the page number of the transcript itself rather than the page assigned through ECF.

Kelly / Warner, PLLC.
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

Cal., 4:11-cv-03067, Doc No. 1).  Plaintiff's attorney in that litigation, Brett Gibbs, identified himself as associated or affiliated with Steele Hansmeier.  (*Id*.).  And significantly Plaintiff's Corporate Party Disclosure Statement and Certification of Interested Entities or Persons, did not disclose any financial or other pecuniary interest that Attorneys John Steele or Paul Hansmeier had in Plaintiff.  (*Id*., Doc No. 2).   This began a pattern where Plaintiff's Corporate Disclosure Statement failed to identify any such interest, including the one filed in this case (See Doc No. 3).   Although the Disclosure Statement in this case was signed by Steven Goodhue, evidence developed in the March 11, 2013 Order to Show Cause hearing and in undersigned counsel's experience, raises a very strong inference that Mr. Steele and Mr. Hansmeier, instead of Mr. Goodhue, are directing and controlling this litigation.  See *infra* at 9:14-10:11 and 13:12-25.

     **C.**    **The Central District of California's Consolidated Cases of AF Holdings v. Doe, 2:12-cv-6636-ODW, 2:12-cv-6669-ODW and Ingenuity 13, LLC v. Doe, 2:12-cv-6662-ODW, 2:12-cv-6668-ODW, 2:12-cv-8333-ODW**

       **1.**    **Plaintiff Ordered To Appear at  an April 2, 2012 Order to Show  Cause Hearing**

Plaintiff finds itself in the cross-hairs of an April 2, 2013 Order to Show Cause hearing being conducted by Judge Otis D. Wright, II in connection with the above consolidated cases (C.D. Cal., 2:12-cv-8333-ODW, ECF Doc Nos. 86 and 88; See also Doc Nos. 48 and 57).   As mentioned above, Plaintiff, Prenda Law, Inc., Steele Hansmeier, PLLC, Attorneys John Steele and Paul Hansmeier, are among those ordered to attend.[4]  (*Id*., Doc No. 86 at 2:3-21).  The OSC hearing will address whether Plaintiff and the attorneys (Steele and Hansmeier) primarily driving its lawsuits should be sanctioned for defrauding the court, including but not limited to misrepresentations and active concealment that the above attorneys have a financial interest in entities like

---

[4] Judge Wright ordered these above individuals and entities to appear at the initial OSC hearing set for March 11, 2013 (Doc No. 66).  But they failed to do so.

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

Plaintiff and use of a misappropriation of Mr. Cooper's identity and forged signature. (*Id.*, Doc. No. 86 at 1:28-2:2 and 2:22).

### 2.      Notice of Related Cases in the Central District of California

Plaintiff's problems essentially began when Attorney Morgan Pietz, appearing on behalf of the anonymous John Doe in one of the consolidated cases, filed a Notice of Related Cases (*Id.*, Doc. 15).  The notice pointed out that both Plaintiff and Ingenuity are shell companies formed off-shore and both had filed a substantial number of copyright infringement lawsuits, including 49 that were then pending in the Central District of California alone.  (*Id.*, Doc 15 at 4:2-5).  Mr. Pietz's basis was that both entities filed nearly identical cookie cutter complaints, which were essentially distinguishable only by the work allegedly infringed and the IP addresses being targeted. Both employed the same litigation strategy to seek *ex parte* applications to conduct discovery to identify internet subscribers and that Prenda Law represented both parties. (*Id.* 4:5-14).  Mr. Pietz also alerted the court to mounting evidence that had developed implicating both Plaintiff and Ingenuity as part of a systemic and widespread fraud, namely, misappropriating the identity of an individual named Alan Cooper and concealment of the lawyers' financial interest in both entities.  (*Id.* at 4:22-26; 5:13-18). Mr. Cooper had been held out and identified as a member and principal of both Plaintiff and Ingenuity 13 in different actions, and assignments transferring copyrights from the original author to Plaintiff had been produced bearing Mr. Cooper's purported signature. (*Id.* at 5:6-7; See Doc No. 1-2 to this case).

On December 10, 2012, Mr. Pietz supplemented his notice of related cases by offering Mr. Cooper's sworn affidavit, who had retained counsel (Paul Godfread).  Mr. Cooper, through Mr. Godfread, was stonewalled by Prenda Law and Mr. Steele to ascertain whether he was indeed the Mr. Cooper being held out as AF Holding's member and/or principle.  (2:12-cv-8333*.,* Doc 19 at 1:19-2:18; Doc 19-1).  On December 19, 2012, Judge Wright, who had been assigned *AF Holdings, LLC v. John Doe*, 12-cv-05709, consented to the transfer of the *Ingenuity* and other *AF Holdings* cases.  (Id., Doc

24).

On December 20, 2012, Judge Wright issued an Order Vacating Prior Early Discovery Orders (Subpoenas to ISP's) and Order to Show Cause.  (*Id.* at Doc. No. 28). Judge Wright expressed concern that unmasking internet subscribers accused to have downloaded pornographic materials was ripe for potential discovery abuse.  (*Id.* at 1:27-2:5).  It was ordered that Ingenuity show cause why early discovery was warranted and how Ingenuity planned on proceeding during discovery in light of Judge Wright's concerns.  (*Id.* at 2:18-3:3).

### 3.    Judge Wright Granted Discovery to Flush Out the Alan Cooper Issue and Later Ordered a Show Cause Hearing with Sanctions for March 11, 2013

On December 26, 2012, Judge Wright granted Mr. Pietz leave to serve early discovery, namely, special interrogatories and document production narrowly tailored to flush out whether Prenda Law and specifically John Steele, had indeed used the misappropriated identify and forged signature of Alan Cooper.  (*Id.,* Doc 23, 34).  The discovery was never responded to, which was not surprising, given Mr. Gibbs' position that Prenda Law had no intent to voluntary respond or produce this information.  (*AF Holdings v. Doe*, 2:12-cv-05709-ODW, Doc. 13-2).  On February 7, Judge Wright under the court's inherent authority, ordered Brett Gibbs, counsel for Plaintiff and Ingenuity, to attend a March 11, 2013 Order to Show Cause hearing.  (*Ingenuity 13*, 12:2-cv-8333, Doc No. 48).  Mr. Gibbs was ordered to show cause why he should not be sanctioned under Rule 11, Fed. R. Civ. P. due to a lack of a reasonable investigation to ascertain the actual infringer's identity and under the Central District of California's Local Rule 83-3 for attorney misconduct.  (*Id.* at 1:16-18).   The potential misconduct arose from violating discovery orders in *AF Holdings v. Doe*, 2-12-cv-6636 and 6669, and possible fraud. (*Id.* at 8:1 - 9:11).  Last Judge Wright invited Alan Cooper to attend the hearing and testify whether his identity had been misappropriated and signature forged.  (*Id.* at 10:25-26).

On February 19, 2013, Brett Gibbs filed a Response and Declaration to the Order

to Show Cause.  Despite Mr. Gibbs being attorney of record for Plaintiff and Ingenuity, Mr. Gibbs admitted that he did not make strategic litigation decisions, which were made by "senior members" of Steele Hansmeier and Prenda Law.  (*Id.*, Doc. 49 at 4:10-19).  And Mr. Gibbs never had face-to-face or direct contact with Plaintiff, which was handled by "senior members" of Steele Hansmeier and Prenda Law.  (*Id.* at 6:12-14).  Mr. Gibbs saw Mr. Cooper's signature on verified pleadings and copyright assignments, which were given to him by the "senior members," but otherwise Mr. Gibbs had never met Mr. Cooper.  (*Id.* at 7:12-26).  Mr. Gibbs also denied any financial interest in Plaintiff or any of the law firms representing Plaintiff.  (*Id.* at 4:20-23; 26:13-14).

On February 27, 2013, Judge Wright consolidated five cases for purposes of the March 11th Order to Show Cause re sanctions hearing, including two involving Plaintiff. (*Id.*, Doc No. 57).  Further Judge Wright Ordered Mr. Gibbs to identify the "senior members" at the firms that hired Mr. Gibbs, who made "strategic decisions," the names and contact information of the copyright owners and the names and contact information of the principals of Plaintiff and Ingenuity 13.  (*Id.*, Doc. No. 60 at 2:7-21).  On March 5, 2013,  Judge Wright ordered that John Steele, Paul Hansmeier, Mark Lutz and Alan Cooper (the Minnesota resident and property caretaker as well as Plaintiff's member and/or principal), among others, to appear at the March 11th hearing. (*Id.*, Doc No. 66).  On March 8th, at 3:56 p.m., the Friday before the March 11th hearing, a lawyer appearing for John Steele, Paul Hansmeier and two others filed an ex parte Application for the court to withdraw its order of appearance.

### 4.      The March 11, 2013 Order to Show Cause Hearing

The March 11th hearing was notable.  First, Judge Wright commented on the 30(b)(6) deposition of Paul Hansmeier, the person supposedly most knowledgeable about Plaintiff, namely, that "[t]here was so much obstruction during the course of this deposition that it is obvious that someone has an awful lot to hide.  This has actually raised far more questions of fraud than the court originally had... ."  (*Id.,* Doc No 93 at

Kelly / Warner, PLLC.
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

7:8-12; 5:2-6:7; 15:3-11[5]).   Second, Alan Cooper, the Minnesota resident and property caretaker, appeared and testified.   Mr. Cooper denied authorizing the use of his name as a company representative or signing any documents related to Plaintiff   (*Id*. at 26:1-4; 27:3-4; 27:24-28:8).   And Mr. Cooper specifically recalled a conversation with Mr. Steele, where Mr. Steele requested that Mr. Cooper call him immediately if anybody were to contact him about him (Steele) or his law firms.   (*Id*. at 23:12-15).   Mr. Cooper also testified that Mr. Steele boasted about his plans of getting into Internet porn piracy and that his goal was to make $10,000 per day from sending demand letters to those who illegally downloaded movies on the Internet.   (*Id*. at 24:14-21).   After Mr. Steele learned that Mr. Cooper hired Mr. Godfread to represent him, Mr. Steele called Mr. Cooper multiple times, and left threatening voice mails and sent text messages.   (*Id.* at 32:5-33:7 33:25-34:5; *Id*., Doc No. 79-1 (Transcript of John Steele's voice mails).

Brett Gibbs testimony tied together a number of key facts.   Mr. Gibbs was supervised by Mr. Steele and Mr. Hansmeier while the firm was Steele Hansmeier and when the firm was Prenda Law, and that both (Steele and Hansmeier) were the decision makers during California litigation.   (*Id* at 74:8-10; 77:8-78:4).   He took direction from both in where to file, against whom and when filing notices of interest parties in connection with Plaintiff (*Id*. at 79:14-15). And both Mr. Steele and Mr. Hansmeier represented to him that they had Alan Cooper's authentic signature, and that Mr. Steele had had Mr. Cooper sign the necessary documents.   (*Id.* at 95:13-18; 96:1-19).

Mr. Gibbs also testified that he never maintained a client trust account and that all of the settlement money went to offices in Chicago or Minnesota (*Id*. at 75:8-22; 77:2-7).   Mr. Gibbs' communication was limited to Mr. Steele and Mr. Hansmeier, and he never looked to Mr. Lutz, Plaintiff's purported CEO, for direction on litigation.   (*Id.* at 77:5-8; 77:11-20).   But perhaps the most troubling part of Mr. Gibbs' testimony was

---

[5] The page:line citations to the March 11th hearing are based on the page of the hearing transcript.  On information and belief the hearing transcript has been lodged  as Doc. No. 93, but it is not yet public accessible because period of redaction has not yet expired.

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

recalling a December 2012 conversation with Mr. Steele and Mr. Hansmeier, who were brainstorming whether to start a new company called Livewire, and essentially "buy" Plaintiff, Ingenuity 13 and Guava.  (*Id.* at 88:19-23).  And that as of January 1, 2013, Mr. Gibb's understanding is that Livewire officially owned Plaintiff.  (*Id.* at 89:17-22). It is also noteworthy that Mark Lutz is represented to the public as Livewire's CEO. (See website screen shot of Livewire Holdings' website, showing Mark Lutz as CEO of Livewire, attached as **Exhibit C** hereto). Another troubling, and a primary reason Mr. Gibbs recently parted ways with Prenda Law, was because he learned that Prenda Law had sent demand letters to unmask Internet subscribers with his stamped signature without his knowledge or approval (*Id.* at 90:9-91:4).

### 5.   Judge Wright Enters Second Order to Show Cause Hearing for April 2, 2013

On March 14, 2013, Judge Wright entered an order denying the ex parte application filed on behalf of John Steele, et al. to withdraw the order compelling appearances, citing that not only did it lack merit, but exemplified gamesmanship by filing it so late on a Friday afternoon.  (*Id.*, Doc 86).  Judge Wright also ordered that John Steele, Paul Hansmeier, Mark Lutz, Alan Cooper (of AF Holdings), Prenda Law, Steele Hansmeier, Plaintiff and Ingenuity 13 appear at a hearing to show cause why it should not be sanctioned for failing to notify the Court of all parties that have a financial interest in the outcome of litigation, why they should not be sanctioned for defrauding the Court by misrepresenting the nature and relationship of these individuals and entities, why John Steele and Paul Hansmeier should not be sanctioned for failing to make *pro hac vice* appearances given their involvement as "senior attorneys" and why they should not be sanctioned for failing to appear on March 11, 2013.  (*Id.* at 2:3-3:9). Last, Judge Wright stated that the court is prepared to draw reasonable inferences from these individuals and parties concerning their conduct if they fail to appear (*Id.* 3:16-20).

### D.   *Alan Cooper v. John Lawrence Steele, et al.*, **27-CV-13-3463**

On February 26, 2013, Mr. Cooper brought a lawsuit against John Steele, Prenda

**Kelly / Warner, PLLC**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

Law, Plaintiff and Ingenuity 13.  (See Complaint, Fourth Judicial District Court,  County of Hennepin, State of Minnesota, 27-CV-13-3463, attached as **Exhibit D** hereto).  Mr. Cooper asserted claims for invasion of privacy – appropriation and deceptive trade practices, as well as civil conspiracy and alter ego theories.  (*Id*.)  The underlying facts supporting Mr. Coopers' claims are consistent with his testimony at the March 11th hearing.  (*Id*.).  Mr. Steele has been served with the summons and complaint, but has not yet answered.

## II.  <u>ARGUMENT</u>

### A.  **Movants May Properly Bring a Motion to Stay Litigation and Discovery**

Plaintiff's casts Movants as Defendant Harris' co-conspirators, and its subpoena specifically targets them among the subscribers to 65 other IP addresses.  Based on Plaintiff's position that Movants are co-conspirators, and therefore, jointly and severally liable with Mr. Harris, they are essentially treated as John Doe Defendants.  See *Millennium TGA v. Paschall*, Southern District of California, 12-cv-0792, Doc No. 7 at 5:10-17).  Courts in this District, and elsewhere have permitted non-parties to bring motions to stay.  See *Best Western International, Inc. v. John Doe*, 2006 WL 2091695 *1, 6 (Dist. Ariz. 2006) (granting John Doe defendant's motion to stay discovery pending Rule 26(f) conference; *Coty Inc. v. C Lenu, Inc.*, 2011 WL 573837 (S.D. Fla. 2011) (granting non-party's motion to stay discovery order).

But in any event the Court may stay the proceedings *sua sponte* within its inherent authority to control its docket.  This inherent power includes the power to stay proceedings sua sponte. *Jackson v. Van Kampen Series Fund, Inc*., 06-CV-944-DRH, 2007 WL 1532090 *2 (S.D. Ill. May 24, 2007) (the inherent power includes the power to stay proceedings sua sponte); citing *Surefoot L.C. v. Sure Foot Corp*., No. 2:07-CV-67 TS, 2007 WL 1412931, at *4 (D. Utah 2007) (concluding that, in the exercise of its inherent power, 'the Court may stay an action sua sponte.'); Crown Cent. Petroleum Corp. v. Department of Energy, 102 F.R.D. 95, 98 (D.Md.1984) (citing Landis, 299 U.S.

at 254-55).

**B.** **This Litigation Should Be Stayed Pursuant to the Court's Inherent Authority Until Proceedings Investigating Fraudulent Misconduct and Deception by Plaintiff and Its Lawyers are Disposed Of.**

A trial court possesses the inherent power to control its own docket and calendar. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 165-66, 81 L.Ed. 153, 158-59 (1936); *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). This includes entering a stay of an action pending resolution of independent proceedings bearing upon the case, including judicial, administrative or arbitral proceedings. *Mediterranean Enterprises*, 708 F.2d at 1465. And there is no requirement that the issues in the independent proceedings are necessarily controlling of the action before this Court. *Id.* In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the possible damage that may result from the granting of a stay; (2) the hardship to the parties if the suit is allowed to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110–09 (9th Cir.2005).

Given the extraordinary circumstances involved here, the corroborating evidence that strongly raises the specter that Plaintiff has committed fraud on federal courts across the country, including this District, and an April 2, 2013 order to show cause hearing that will most likely result in severe sanctions (and possible future ramifications beyond the hearing and sanctions) for Plaintiff and its lawyers that will directly impact its standing and right to file and prosecute copyright infringement lawsuits moving forward.

**1.** **The Movants Will Suffer Hardship If The Stay Is Not Granted**

Judge Wright appears convinced that the evidence bears that Plaintiff is a s sham organization that is controlled by Mr. Steele and Mr. Hansmeier for purposes of filing copyright infringement lawsuits and collecting settlement money. (See 2:12-cv-08333, Doc. No. 93 7:8-12; 16:6-9; 19:15-19; 29:21-22; 114:5-8). Plaintiff seeks to unmask the

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

Movants' identities, and others, to undoubtedly send Prenda Law issued demand letters. The Movants and others will be threatened with becoming a party to a federal lawsuit accused of illegally downloading online pornography unless he/she pays up thousands of dollars.  Mr. Cooper testified that Mr. Steele bragged to him that his goal was $10,000 per day, and there is no concern for whether the subscriber is indeed the infringer or not. (see   http://www.forbes.com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyer-john-steele-justifies-his-pursuit-of-sometimes-innocent-porn-pirates).   Further,   the Movants have suffered hardship by incurring legal expenses in connection with bringing this motion.

### 2.        Any Prejudice to Plaintiff is Self-Inflicted

Plaintiff appears to have been one piece in a widespread scheme where fraudulent filings have occurred in federal courts across the Country and the attorneys driving these lawsuits are also the clients with an undisclosed stake in the litigation.  The infamous Cooper assignment was filed with this Court as Exhibit B to Plaintiff's Complaint (See Doc No. 1-2).  Further,  the corporate disclosure statement fails to disclose Mr. Steele's and Mr. Hansmeier's financial interest, and there certainly has never been a supplement filed since Livewire apparently took possession of it.  (Doc No. 3).  And although Mr. Goodhue is attorney of record, the evidence supports that Mr. Steele and Mr. Hansmeier are driving this litigation.  Further undersigned counsel has experience litigating against Mr. Goodhue in *Lightspeed Media Corp v. Sekora*, CV2012-053194, currently pending in Maricopa County Superior Court  (See Declaration of Paul D. Ticen, attached as **Exhibit E** hereto).   When a disclosure dispute developed between the parties, communication with Mr. Goodhue was cut-off, and instead undersigned counsel dealt first with Brett Gibbs and then John Steele.  (*Id.*).

Therefore, the prejudice that will be caused to Plaintiff by staying the litigation and/or discovery preventing it from identifying 71 internet subscribers and continue its action against Mr. Harris has been self-inflicted and is otherwise substantially outweighed by the Movants' hardship, especially in light of Plaintiff's and its lawyer's

misconduct.

### 3. The Stay will Assist The Court in Determining Whether Plaintiff Has Standing or the Right to Continue This Action

Plaintiff finds itself in a precarious position where a federal judge is convinced that it has been part of a widespread fraudulent scheme.  The evidence supports this. Allowing the April 2nd Order to Show Cause hearing, any sanctions against Plaintiff and other action that Judge Wright may take against Plaintiff and Mr. Steele and Mr. Hansmeier, as well as the *Cooper v. Steele* action, will enable the Court to determine whether Plaintiff has standing to bring this lawsuit, including both as an improper copyright assignee or an invalid legal entity if formed through a misappropriated identity and forged signature.  Certainly, this Court doesn't want to allow a Plaintiff without legal standing, and who appears to have defrauded federal courts throughout the country, to continue on with litigation until the proceedings concerning this conduct have been disposed of.

### C. Plaintiff's Subpoena to Cox Communications Should Be Quashed Pursuant to Rule 45(c)(3), and Protective Order Entered Pursuant to Rule 26(c)(1)

"Under Rule 45(c)(3), a court must modify or quash a subpoena that, inter alia, 'requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden.'" *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1155 (N.D. Cal. 2011); Fed.R.Civ.P. 45(c)(3)(A).  A court may modify or quash a subpoena that, inter alia, requires disclosing confidential information. Fed.R.Civ.P. 45(c)(3)(B).  A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery.  *Id.*, Fed.R.Civ.P. 26(c)(1). "The court also must: limit the frequency or extent of discovery otherwise allowed by [the Federal Rules of Civil Procedure] or by local rule if it determines that ... the burden or expense of the proposed

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

14

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

1   discovery outweighs its likely benefit, considering the needs of the case, the amount in

2   controversy, the parties' resources, the importance of the issues at stake in the action,

3   and the importance of discovery in resolving the issues." *Id*. at 1156, Rule .

4   26(b)(2)(C)(iii).

5       Here, the internet subscription records are protected matter because the Movants'

6   have an expectation of privacy that his or her identity will remain confidential unless

7   there is an overriding reason.  Courts have permitted this discovery to allow copyright

8   holders to begin the first step in indentify a potential infringer.  But there is no

9   overriding reason here because litigation and discovery should be stayed until it can be

10  determined whether Plaintiff even has standing or the right to prosecute these claims.

11  Further, not quashing the subpoena will subject Movants and to oppression, harassment,

12  abuse and unfair tactics.  The Movants' identities should remain confidential until

13  disposition of the above proceedings occurs.  And if litigation in this case were to

14  resume, Plaintiff should be required to demonstrate a reasonable basis to claim that the

15  Movants are Mr. Harris' co-conspirators.

16      The Court should enter an order protecting Movants and the other subscriber

17  from annoyance, harassment or oppression by preventing Plaintiff from naming any of

18  the individual Movants or any other subscribers as defendants in this action or any

19  action until the above proceedings have been disposed of, Plaintiff has shown that

20  joinder is proper under Rule 20 and that it has sufficient prima facie evidence that the

21  subscriber is either a primary or secondary infringer of the work.  This is necessary to

22  take away the threat that they will be named in a federal lawsuit involving pornography

23  if he or she does not settle.  Further, the protective order should prohibit Plaintiff and its

24  lawyers, including Prenda Law, or any other agent of Plaintiff, from communicating

25  with any of the targeted subscribers unless it obtains an order from this Court to do so.

26  This will be necessary to protect any identified subscribers from any threats or

27  harassment while the above proceedings are pending.

28

III.   **CONCLUSION**

The Movants respectfully request that the Court stay this action and/or the subpoena to the ISP to allow the April 2nd Order to Show Cause Hearing to occur, to wait and see what sanctions and other recommendations are made by Judge Wright as a result of the April 2nd hearing and disposition of the *Cooper v. Steele* action in Minnesota involving the misappropriation of an identity and forged signature used in connection with Plaintiff.

RESPECTFULLY submitted this 25th day of March, 2012.

**KELLY / WARNER, PLLC**

By      /s/ Paul D. Ticen
    Paul D. Ticen
    404 S. Mill Ave, Suite C-201
    Tempe, Arizona 85281
    Attorney for Non-Party Movants

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

1

## **CERTIFICATE OF FILING AND SERVICE**

2      Pursuant to the Case Management/Electronic Case Filing Administrative Policies

3  and Procedures Manual ("CM/ECF Manual") of the United States District Court for the

4  District of Arizona, I hereby certify that on March 25th, 2013, I electronically filed:

5

6      **MOTION FOR THE COURT TO (1) ENTER AN ORDER STAYING
       LITIGATION OR DISCOVERY; (2) ORDER QUASHING PLAINTIFF'S
7      SUBPOENA; (3) ENTER A PROTECTIVE ORDER**

8  with the U.S. District Court clerk's office using the ECF system, which will send

9  notification of such filing to the assigned Judge and to the following counsel of record:

10

11         Steven James Goodhue
           Law Offices of Steven James Goodhue
12         9375 East Shea Blvd., Suite 100
           Scottsdale, Arizona 85260
13         E-Mail: sjg@sjgoodlaw.com
           Attorney for Plaintiff

14

15

16                              **KELLY / WARNER, PLLC**

17         By    /s/ Paul D. Ticen_____
                 Paul D. Ticen
18               404 S. Mill Ave, Suite C-201
19               Tempe, Arizona 85281
                 Attorney for Defendant
20

21

22

23

24

25

26

27

28

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397