

Subpoena Compliance Office
Cox Communications, Inc.
1400 Lake Hearn Drive
Atlanta, GA 30319
(404) 269-5873
FAX: (404) 269-1898
SubpoenaResponse@cox.com

March 1, 2013

████████████

Phoenix, AZ 85048-7270

Re:     AF Holdings, L.L.C. v. David Harris
        Case No. 2:12-cv-02144-GMS
        United States District Court, District of Arizona
        Target Details: IP Address _68.2.87.48_on 1/29/2013 5:06:20 AM_

Dear Cox High Speed Internet Customer:

Please be advised that on 2/5/2013 a Civil Subpoena to Produce Documents was received from Steven Goodhue, Attorney for Plaintiff, Phone # (480) 214-9500. The lawsuit was filed in the District of Arizona and alleges that the unnamed "Doe" defendants have each infringed movie copyrights owned by the plaintiff through use of peer-to-peer internet services.

The lawsuits list an Internet Protocol (IP) address for each of the defendants. Our records indicate that one of the IP addresses listed was assigned to your Cox High Speed Internet account on the date and time described in the lawsuit.

In order to identify the defendants, the plaintiff has obtained a court order requiring Cox to provide your name, address, telephone number and email address from our records. The purpose of this notice is to inform you of the lawsuit so that you have the opportunity to file objections with the court and to raise any legal defenses you may have. We will comply with this subpoena on 4/1/2013 unless we receive legal documents that delay or terminate the process on or before 3/31/2013.

To provide you with as much factual information as possible about the status of this and other related lawsuits and the issues they raise, we have set up a page on our Internet website accessible at your Cox.net website at
http://ww2.cox.com/residential/support/internet/article.cox?articleId={9b5398e0-6407-11df-ccef-000000000000}

Because this matter involves litigation, our Customer Care staff will not be able to assist you with questions you may have. We regret being placed in the position of sending this letter, but want you to have every opportunity to protect your interests. We are not permitted to give you legal advice and encourage you to consult an attorney familiar with copyright law immediately.

Sincerely,

Wheeler

Saquonna Wheeler
Subpoena Coordinator
Cox Communications

 your friend in the digital age

# Internet Support

The Internet should add convenience, not headaches. From step-by-step instructions to helpful tips, we'll help you install your equipment, troubleshoot problems, and get the most out of your online experience – minus the migraine.

## Legal Demands and Claims of Film Copyright Infringement

Last Updated: Fri, 23 Dec 2011

5 rated this

### Summary

Learn about the legal demands and implications concerning the sharing of peer-to-peer media files via the Internet.

### Solution

#### Recent Developments

Beginning in 2010 and continuing to this time, a number of law firms in locations across the country have filed suits, on behalf of independent film owners, against large numbers of unnamed or "Doe" defendants, alleging that they copied or shared films over their Internet service using "Peer-to-Peer" file sharing services.

These firms assert that they identified the IP (Internet Protocol) address for computers that participate in sharing of their files. They identify these "Doe" defendants based on this asserted information.

#### IP Addresses

IP addresses are assigned to computer equipment by Internet Service Provider (ISP) companies like Cox for communication over the Internet, in something like the way that telephone numbers are used for voice calls. Although IP addresses change periodically, Cox and other ISPs keep records of the customers they are assigned to for a period of time. As a result, your current IP address may not be the same as it was on an earlier date, such as the date these suits claim to have found infringing copies of their films. These law firms can search for and identify Peer-to-Peer participant computers and their shared content, even when not in use, if connected to the Internet. They may not, however, be able to distinguish between computers that may be connected over an open (unsecured) wi-fi network.

#### Court Actions

Some courts have ruled that suits against large numbers of "Doe" defendants from many locations are not permitted. In others, courts have permitted the cases to continue and have ordered ISPs to turn over information identifying the claimed infringing customers.

#### Cox Response to Court Orders

IP address records are treated as private by Cox and are protected from disclosure, unless required by law. In cases like those discussed above, the law firms obtain court orders for Cox and other ISPs to turn over information identifying the customers assigned IP addresses they claim to have had infringing material on dates they specify.

~~Cox uses a trusted company to assist in researching and responding to the large number of these court ordered disclosures. Neustar carefully checks our IP address records and compares them electronically and manually against our customer account information. Neustar then notifies by mail each customer who is identified by our records as one of the claimed defendants before turning over any information to the law firms. These customer letters include a telephone number to call for additional information. (1-877-510-4357 and select option 4).~~

~~If you receive a letter from Neustar on our behalf, we recommend that you promptly seek knowledgeable legal advice.~~ Unfortunately, we are required to turn over information by law and cannot provide legal advice or consider individual defenses or circumstances. Such requests can only be addressed to the court. If you do obtain a lawyer and file a "motion to quash", we ask you to provide us with a copy, so that we can withhold the

information until the motion is ruled on.  Other than this recommendation, there is nothing more that Cox can do to assist you in any way.

## Law Firm Actions

Once a law firm has received court ordered information, we understand that it sends letters or make telephone calls to pressure the identified defendant to pay a settlement amount in order to avoid further litigation.  We cannot provide any advice concerning these demands.  Nor can we speculate as to whether such litigation may be pursued.  In addition, we cannot speculate as to the reliability or accuracy of the identification techniques used by the law firms.  Our own internal research, based on the claimed infringer's IP address, however, is carefully and reliably performed.

## Additional Information

If you receive a notice from Cox or a demand from a law firm in one of these cases, now or in the future, we ask that you not contact us, unless it is to present a motion that has been filed with the court. (This can be faxed to Cox at 404 269 1898.)  The only other information that we can provide is by contacting Neustar at 1-877-510-4357 and select option 4.

## Other Resources

There are a number of web sites that offer information concerning the issues in these ongoing lawsuits that are being continually filed.  One resource that may prove helpful to claimed defendants is USCG v. The People | Electronic Frontier Foundation, found on https://www.eff.org.

## General Information

Cox does not endorse the position of any party related to these lawsuits.  We do encourage safe and knowledgeable use of the Internet and work to educate our customers to this end.

The following general information pertains to music and video downloads, file sharing and copyright protection as it relates to Cox Communications and Cox High Speed Internet policies:

- Copyright law protects the rights of copyright holders by giving media publishers the legal power to remove illegally shared content such as music and movies.
- Copyright owners can file suit to obtain information identifying alleged infringers engaged in file sharing.
- Cox places a high value on customer privacy and also recognizes the rights of copyright holders to protect their copyrighted material.  We must however turn over information identifying customers when required by law.
- The Cox online privacy policy is detailed on company web sites, and annual privacy notices are provided to all customers.

## File Sharing and Copyright Infringement

File sharing programs like Bit Torrent and others provide a means for Internet users to download content from others.  Sharing and downloading copyrighted materials like music, movies and television programming without the consent of the copyright owner is illegal and can lead to significant liability for those who download and those who make it available through these programs.  Cox strongly discourages its customers from infringement like this and urge customers to be sure that their computers or wireless networks are not used by others for these purposes.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| AF HOLDINGS, L.L.C. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:12-cv-02144-GMS |
| DAVID HARRIS | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Cox Communications LLC, 1400 Lake Hearn Dr, Atlanta, GA 30319.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Law Offices of Steven James Goodhue<br>9375 East Shea Blvd., Suite 100<br>Scottsdale, AZ 85260 | Date and Time:<br>03/15/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __02/05/2013__

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____

AF Holdings, L.L.C _____ , who issues or requests this subpoena, are:

Steven James Goodhue, Law Offices of Steven James Goodhue, 9375 East Shea Blvd., Suite 100 Scottsdale, AZ 85260; sjg@sjgoodlaw.com, (480) 214-9500.

SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|---|---|
| 24.251.12.137 | 2013-01-31 21:45:47 |
| 24.251.168.118 | 2013-01-24 04:11:09 |
| 24.251.177.204 | 2012-12-19 19:40:29 |
| 24.251.25.34 | 2013-01-10 17:03:08 |
| 24.251.25.57 | 2013-01-30 23:49:03 |
| 24.255.25.31 | 2012-10-23 22:21:34 |
| 24.255.28.79 | 2012-10-01 01:35:00 |
| 24.255.56.86 | 2013-01-15 02:32:35 |
| 68.104.209.174 | 2013-01-30 11:59:33 |
| 68.106.45.9 | 2012-12-01 00:32:02 |
| 68.107.130.38 | 2012-12-07 15:21:50 |
| 68.2.128.23 | 2012-12-08 13:18:04 |
| 68.2.192.88 | 2012-12-05 09:55:03 |
| 68.2.194.223 | 2013-01-07 01:33:23 |
| 68.2.197.204 | 2013-01-30 00:26:18 |
| 68.2.253.203 | 2013-01-02 11:08:42 |
| 68.2.49.119 | 2013-01-30 09:03:23 |
| 68.2.87.48 | 2013-01-29 05:06:20 |
| 68.2.92.187 | 2012-12-07 07:13:01 |
| 68.225.192.126 | 2012-11-28 10:16:06 |
| 68.225.192.132 | 2012-12-10 18:25:46 |
| 68.225.194.78 | 2013-01-25 10:32:43 |
| 68.228.211.32 | 2012-12-17 20:13:18 |
| 68.228.219.170 | 2012-12-03 19:55:57 |
| 68.228.234.161 | 2013-01-29 10:56:31 |
| 68.228.240.54 | 2013-02-01 10:11:33 |
| 68.230.120.162 | 2012-12-29 20:21:32 |
| 68.230.19.128 | 2013-01-15 22:02:50 |
| 68.230.40.81 | 2012-12-19 00:06:56 |
| 68.230.7.126 | 2012-11-09 17:50:53 |
| 68.3.110.55 | 2013-02-01 00:03:36 |
| 68.3.135.134 | 2013-01-13 17:40:00 |
| 68.3.161.100 | 2013-02-01 05:16:42 |
| 68.3.254.143 | 2012-10-01 09:08:04 |
| 68.3.45.93 | 2013-01-31 07:24:56 |
| 68.3.84.20 | 2012-10-20 06:34:28 |
| 68.98.124.47 | 2013-01-31 06:06:17 |
| 68.98.31.108 | 2012-11-06 12:27:43 |
| 68.98.52.113 | 2012-11-22 03:34:53 |
| 68.98.54.252 | 2013-01-24 18:19:52 |
| 70.162.17.224 | 2012-11-09 03:00:24 |
| 70.162.2.121 | 2012-12-03 16:22:07 |

| | |
|---|---|
| 70.162.44.52 | 2012-11-29 17:06:25 |
| 70.162.63.164 | 2012-12-10 16:09:34 |
| 70.171.238.166 | 2013-01-15 22:28:13 |
| 70.171.240.181 | 2013-01-01 19:59:44 |
| 70.171.241.154 | 2012-12-31 15:09:11 |
| 70.176.105.33 | 2013-01-20 22:17:09 |
| 70.176.246.90 | 2013-01-17 13:32:13 |
| 70.176.247.164 | 2013-01-31 00:59:10 |
| 70.176.41.218 | 2013-01-23 15:49:45 |
| 70.184.81.247 | 2012-12-21 19:17:56 |
| 70.190.128.140 | 2013-01-31 00:22:54 |
| 70.190.43.2 | 2013-01-14 22:06:34 |
| 72.200.121.61 | 2012-12-27 15:18:46 |
| 72.201.104.96 | 2012-12-15 11:22:34 |
| 72.201.83.76 | 2013-01-10 14:18:58 |
| 72.208.16.178 | 2012-12-21 04:57:00 |
| 72.208.180.122 | 2013-01-01 14:35:18 |
| 72.208.221.27 | 2013-01-11 23:58:55 |
| 72.208.251.40 | 2012-10-13 16:18:46 |
| 72.211.145.44 | 2012-12-14 05:24:15 |
| 72.211.169.38 | 2012-11-06 11:57:12 |
| 72.223.30.34 | 2013-01-26 15:32:46 |
| 72.223.76.175 | 2012-10-21 22:44:26 |
| 72.223.91.187 | 2013-02-01 02:14:58 |
| 98.165.107.179 | 2012-11-16 02:05:58 |
| 98.165.197.145 | 2012-12-22 03:35:02 |
| 98.167.129.122 | 2012-11-10 02:43:39 |
| 98.177.147.218 | 2013-01-31 19:19:47 |
| 98.177.148.16 | 2013-01-25 12:00:53 |

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:12-cv-02144-GMS

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).