Paul D. Ticen (AZ Bar # 024788)
**Kelley / Warner, P.L.L.C.**
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
Tel: 480-331-9397
Fax: 1-866-961-4984
Email: paul@kellywarnerlaw.com

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | Case No.: 2:12-cv-02144-PHX – GMS<br><br>**DECLARATION OF PAUL D. TICEN** |

I, Paul D. Ticen, declare as follows:

1. I am over eighteen (18) years of age and I am otherwise competent to sign this declaration based on my personal knowledge of all matters addressed in this declaration.

2. I am Of Counsel with the law firm of Kelly / Warner, PLLC.

3. I am attorney of record for Defendant in the action *Lightspeed Media Corporation v. Sekora*, Case Number CV2012-053194, Maricopa County Superior Court.

4. Steven Goodhue is attorney of record for Plaintiff.

5. The parties had a disclosure dispute, which is summarized in the attached Separate Statement and Declaration of Paul D. Ticen In Support of Motion to Compel

1

and Request for Sanctions Under Rule 37 and the Exhibits to the Separate Statement.

6. Based on my experience it is my reasonable belief that Attorney John Steele and Prenda Law are actually driving Arizona based litigation by forming strategies and making decisions, even though Steven Goodhue is appearing as attorney of record.

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 25th day of March 2013.

        **KELLY / WARNER, PLLC**

By   /s/ Paul D. Ticen
      Paul D. Ticen
      404 S. Mill Ave, Suite C-201
      Tempe, Arizona 85281
      Attorney for Defendant

2

Kelly / Warner, PLLC.
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 991-9077

IN SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADAM SEKORA,<br><br>Defendant. | CV2012-053194<br><br>**SEPARATE STATEMENT AND DECLARATION OF PAUL D. TICEN IN SUPPORT OF MOTION TO COMPEL AND REQUEST FOR SANCTIONS UNDER RULE 37**<br><br>(Assigned to the Honorable Alfred Fenzel) |

I, Paul D. Ticen, declare as follows:

1. I am over eighteen (18) years of age and I am otherwise competent to sign this declaration based on my personal knowledge of all matters addressed in this declaration.

2. I am Of Counsel with the law firm of Kelly / Warner, PLLC and counsel of record for Defendant Adam Sekora in the above captioned case.

3. I hereby certify that I have in good faith conferred and attempted to confer with opposing counsel Steven J. Goodhue in an effort to obtain Plaintiff's voluntary cooperation in remedying its disclosure violations and produce relevant information and evidence without court action.

4. On July 30, 2012, I e-mailed a letter to Mr. Goodhue setting disclosure statement expectations and raising concerns whether Plaintiff would comply with Rule 26.1 because of the reputation that Prenda Law and Prenda Law's clients have developed by failing to disclose and/or produce relevant information and evidence. See Exhibit **1-A** attached hereto.

5. On July 31, 2012, Mr. Goodhue e-mailed me a letter stating that neither he

1

Kelly / Warner, PLLC.
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 991-9077

1  nor his client needed to be reminded about their duties and responsibilities under Rule
2  26.1. See Exhibit **1-B** attached hereto.

3      6.    I immediately called Mr. Goodhue and we discussed working together
4  concerning the upcoming deadline to exchange disclosure statements. During this
5  conversation I voiced my concern about Prenda Law and its reputation for avoiding
6  having to disclose evidence, and he assured me that he was his own man and for me to
7  contact him if there is ever an issue.

8      7.    Following this conversation I had guarded optimism that Plaintiff would
9  comply and sent a post-conversation e-mail that I looked forward to a good working
10 relationship with Mr. Goodhue and open lines of communication. See Exhibit **1-C**
11 attached hereto.

12     8.    On August 24, 2012, Mr. Goodhue and I exchanged disclosure statements
13 with document production.

14     9.    I reviewed Plaintiff's Initial Disclosure Statement and document
15 production the second week of September.

16     10.    On September 18, 2012, I sent a detailed letter to Mr. Goodhue that
17 Plaintiff had failed to comply with Rule 26.1 and pointed out specific areas where the
18 disclosure statement was deficient. See Exhibit **1-D** attached hereto.

19     11.    Within hours of sending the letter, I received a voice mail from Brett
20 Gibbs, who is a lawyer barred in California and Of Counsel with Prenda Law. I called
21 Mr. Gibbs back. Mr. Gibbs, despite informing me that Mr. Goodhue is still involved in
22 the case, made a settlement proposal to my client.

23     12.    After conferring with my client, I called Mr. Gibbs on September 25, 2012
24 to inform him that my client was rejecting Plaintiff's settlement proposal and that I
25 expected Plaintiff to remedy its inadequate disclosure statement by September 28th.

26     13.    Mr. Gibbs responded that he can read Arizona's disclosure rules and it was
27 his opinion that Plaintiff was not obligated to disclose anything further.

28     14.    I e-mailed Mr. Gibbs a letter and copied Mr. Goodhue confirming the

conversation. See Exhibit **1-E** attached hereto.

15. Also on September 25th I called and left a message for Mr. Goodhue to call me concerning my letter to Mr. Gibbs. I never received a return phone call.

16. On October 1, 2012, I received a call from John L. Steele, a lawyer barred in Illinois and who is undoubtedly involved with Prenda in some capacity.

17. Mr. Steele inquired why my client didn't accept Plaintiff's settlement proposal and during the course of the conversation I mentioned that Plaintiff is deliberately withholding critical evidence, Mr. Steele responded that they have sufficient numbers of "young attorneys" to get "crafty."

18. I e-mailed Mr. Steele a letter and copied Mr. Goodhue confirming the conversation. See Exhibit **1-F** attached hereto.

19. To date Plaintiff has not taken any steps to remedy its disclosure violations and I haven't received any further communication from Mr. Goodhue, Mr. Gibbs or Mr. Steele.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated this 31st day of October, 2012

By _____
Paul D. Ticen

3

**KELLY / WARNER**

Paul D. Ticen
Direct: (480) 636-8150
E-Mail: paul@kellywarnerlaw.com

**Exhibit 1-A**

July 30, 2012

Steven J. Goodhue, Esq.                                             VIA E-MAIL
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ 85260

Re:    *Lightspeed Media Corporation v. Sekora*, CV2012-053194

Dear Mr. Goodhue:

As you are well aware, I represent Mr. Sekora in the lawsuit brought by your client. On July 10th we filed an answer on his behalf, which was mailed to you on or about the same day. Despite clear notice of our representation, "Prenda Law" has continued further communication with Mr. Sekora in clear violation of Rule 4.2, Arizona Rules of Professional Conduct. On July 20th, Mr. Sekora received one of the infamous automated phone calls demanding money. I demand that your office, Prenda, Lightspeed or any agents thereof immediately cease any and all further communications with Mr. Sekora. Otherwise these issues will be reported to the State Bar.

Moving onto the case itself, I'd like to stipulate to permit service under Rule 5(a) and (c) by e-mail, with the extra five days for mailing under Rule 6(e) to apply in calculating deadlines. I prefer running an electronic practice and avoiding the mail service when possible. Likewise, I prefer that you serve me with stuff through e-mail. And I have both a Dropbox and "You Send It" account to make it easy and convenient to transfer larger files. Please let me know whether you agree to this.

Last, I'm pointing out that the parties are required to exchange Initial Disclosure Statements by August 20, 2012 pursuant to Rule 26.1, Arizona Rules of Civil Procedure. Given that you're newly licensed in Arizona, I assume this is likely your first experience with Arizona's disclosure rules, which are one of the most stringent, if not the most stringent, in the country. Playing hide the ball is not tolerated, and I'm putting your client on notice that if anything less than full disclosure is made, I'll immediately involve the Court. Because your client supposedly has sufficient evidence to label and accuse my client of computer hacking and bring claims against him, I expect your client to fully comply and disclose all this evidence, including but not limited

to detailed facts supporting Lightspeed's claims, lay witness/expert witness information and all documents you intend to offer at trial supporting Lightspeed's claims. The facts should include source and destination IP addresses, dates and times of unauthorized access, the Lightspeed website URL's and content that was/were accessed, user name(s) and password(s) that accessed the site, entry points, when and how the unauthorized access was discovered and how IP addresses were harvested. I strongly suggest familiarizing yourself with Rule 26.1, because it's far different than even the federal disclosure rules.

Contact me if you wish to discuss any of these matters.

*Very truly yours,*

*Paul D. Ticen*

Paul D. Ticen


Cc:   Adam Sekora (Via E-Mail)



**Exhibit 1-B**

Steven James Goodhue  
Attorney at Law  
Admitted in CO, CA & AZ

1101 South Downing Street  
Denver, Colorado 80246  
303.888.8809  
sjg@sjgoodlaw.com

July 31, 2012

<u>VIA EMAIL ONLY: paul@kellywarnerlaw.com</u>

Paul Ticen, Esq.  
Kelly/Warner, PLLC  
404 S. Mill Ave, Suite C-201  
Tempe, Arizona 85281

   Re: ***Lightspeed Media Corporation v. Adam Sekora***  
     **Case No.: CV 2012-053194**

Dear Mr. Ticen:

  Thank you for your letter of July 30, 2012. I left you a telephone message earlier today in hopes that I might introduce myself and discuss the issues you raised in your letter. Nonetheless, I wanted to reply to your letter, if not in person, then in writing.

  I share your concern about your client purportedly being contacted by an automated telephone system, and find it equally objectionable. I have already made inquiries and am awaiting a response: but have advised Prenda Law Firm to immediately take steps to insure that these calls cease at once. If you would provide me with the dates and times of the calls, I would certainly appreciate it.

  As for your request that service under Rule 5(a) be done electronically, as well as all other communications, this is my preferred method as well and hereby stipulate to the same. I would just add that if you would like others in your firm to be copied on pleadings in this matter, please let me know and I will make sure they included in all transmissions. Additionally, I am fine with adding the five (5) days under Rule 6(e) in calculating applicable deadlines.

_____

Arizona Office: 9375 East Shea Blvd., Suite 100, Scottsdale, Arizona 85260   480.214.9500  
California Office: 2265 Broadway St., Suite 7, San Francisco, California 94115   415.921.3556

Paul D. Ticen, Esq.
Kelly/Warner, PLLC
July 31, 2012
Page 2

      Finally, as for your concern and your concomitant warning regarding the upcoming Rule 26(1) Disclosures, neither my client, nor I, need to be reminded of our duties and responsibilities under this rule.  However, if you have any questions or problems with anything that is being produced, I would invite you to contact me with these concerns before you "involve the court" as you are required by Rule 37(a)

      Just so you know, while I was recently admitted to practice on motion in Arizona, I have been admitted to practice law in Colorado and California since 1982 and 1983, respectively.  I have also handled cases in Arizona for almost as long, although primarily in federal court.  So as much as I wish it were not the case, I have been doing this for quite some time.

      In that time, I do not recall ever threatening opposing counsel or being threatened by opposing counsel, at least at this stage of the proceedings.  I also make it a habit not fashion my treatment towards opposing counsel based upon his or her bar number, and/or level of experience.  I would hope that as lawyers we would rise above any preconceived ideas we may have about each other, or our clients, and treat each other with mutual respect.  Litigation by definition is contentious; however, you can represent your client zealously and still maintain professional civility.

      Again, I apologize for the automated calls to your client.

      Should you have any questions, please do not hesitate to contact me.  Thank you for your professional courtesy.

                                    Very truly yours,

                                    Steven James Goodhue

/SJG

Paul Ticen

**From:** Steven James Goodhue [sjg@sjgoodlaw.com]
**Sent:** Tuesday, July 31, 2012 3:02 PM
**To:** Paul Ticen
**Subject:** Re: Lightspeed v. Sekora

I feel the same and look forward to working with you on this case.
Steven James Goodhue

---

**From:** Paul Ticen <paul@kellywarnerlaw.com>
**Date:** Tue, 31 Jul 2012 14:59:49 -0700
**To:** <sjg@sjgoodlaw.com>
**Cc:** Aaron Kelly<aaron@kellywarnerlaw.com>
**Subject:** Re: Lightspeed v. Sekora

Steve,

Thank you for your letter and it was a pleasure talking to you, and it sounds like we are on the same page re disclosure obligations and the like. Again the tone and purpose for expressing my concern re the disclosure issues had more to do with the reputation of disclosures made by Prenda and Prenda clients to date. The fact that you and I have talked, I'm more comfortable and confident that Lightspeed will meet its obligations. I look forward to a good working relationship and open lines of communication. And thank you for addressing the automated call issue.

Paul Ticen

On Tue, Jul 31, 2012 at 2:20 PM, <sjg@sjgoodlaw.com> wrote:
Dear Mr. Ticen: Attached please find my letter of July 31, 2012

Steven James Goodhue
Attorney at Law
Admitted in CO, CA & AZ

The foregoing is not intended to be a legally binding electronic signature. This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY-CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE; and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that you have received this communication in error and that reading, copying, or distributing this message and/or attachments is strictly prohibited. If you have received this communication and attachment(s) in error, please notify the above identified sender immediately at the telephone number identified above, and take the steps necessary to delete the message completely from your computer system, or otherwise destroy the original communication and the attachments.

-------- Original Message --------
**Subject:** Lightspeed v. Sekora
**From:** "Rachel Eisner" <rachel@kellywarnerlaw.com>
**Date:** Mon, July 30, 2012 2:30 pm
**To:** <sjg@sjgoodlaw.com>
**Cc:** "'Paul Ticen'" <paul@kellywarnerlaw.com>

Steven,

# KELLY / WARNER

Paul D. Ticen
Direct: (480) 636-8150
E-Mail: paul@kellywarnerlaw.com

# Exhibit 1-D

September 18, 2012

Steven J. Goodhue, Esq.                                              VIA E-MAIL
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ 85260

Re:   *Lightspeed Media Corporation v. Sekora*, CV2012-053194

Dear Mr. Goodhue:

I'm responding, in part, to your September 4th letter requesting that we stipulate to a protective order in this case. I also want to notify you that I've subpoenaed records from CCBill, see the attached, and to address substantial inadequacies in Plaintiff's Rule 26.1 Initial Disclosure Statement.

**Protective Order**

My client doesn't have a problem stipulating to a protective order, but he won't stipulate to a protective order that defines the term "Confidential" too broadly, which undoubtedly will be used by Lightspeed to label non-confidential evidence as confidential to prevent similarly situated defendants from sharing evidence gathered through disclosures and discovery.

Attached is the draft protective order with my redline edits. "Confidential" information should be limited to three categories, and the "Attorneys Eyes Provision" is completely unnecessary and will not be agreed to. An "Attorneys Eyes Only" provision protects a party that will be harmed by a competitor merely knowing the information that is being disclosed or produced. This situation is not present here. Mr. Sekora does not compete with Lightspeed nor have any Lightspeed's competitors ever employed him. While Mr. Sekora was previously employed by CCBill, a fact that was previously disclosed, CCBill is Lightspeed's merchant processor. And he currently works as a systems architect for a company that has zero involvement in the adult entertainment industry.

I also wish to point out that your office produced the forensic log (Excel Spread Sheet), which was disclosed to my client well before we received a CD from Brett Gibbs who designated the

same forensic log as AEO. There's no basis to designate the forensic log as confidential, let alone AEO.

**Disclosure Statement**

Lightspeed has failed to comply with Rule 26.1. In my July 30th letter and during our subsequent telephone conversation I voiced anticipated concerns regarding your client's disclosure statement and that Prenda Law clients have developed a reputation of providing opposing counsel with disclosure statements lacking in facts and evidence. I was optimistic after our conversation that Lightspeed would fully comply with Arizona's disclosure rules and disclose the evidence that formed Lightspeed's good faith basis to accuse my client of computer hacking, label him a hacker in a public document and bring a number of legal claims against him. Here, Lightspeed's disclosure statement is full of conclusory statements and thin on evidence.

Disclosure statements are the "primary vehicle by which the parties are informed of their opponent's case" since "[p]resumptive limits apply to traditional discovery methods." *Bryan v. Riddel*, 178 Ariz. 472, 477, 875 P.2d 131, 136 (1994). "A major goal of Rule 26.1 goal is to eliminate, or significantly reduce, the need to resort to various discovery tools in order to prepare a case for trial." *Norwest Bank (Minnesota), N.A. v. Symington*, 197 Ariz. 181, 3 P.3d 1101 (App. 2000). Full disclosure allows the parties a "reasonable opportunity to prepare for trial or settlement." *Bryan*, 178 Ariz. at 476 n. 5, 875 P.2d at 135 n. 5. Either Lightspeed has failed to make full disclosure or it had insufficient factual and legal basis to bring these claims against my client and label him a hacker.

Factual and Legal Basis:

A party shall disclose the factual basis of each claim and the legal theory upon which each claim is based, including citations of pertinent legal or case authorities. Rule 26.1 (a)(1) and (2), Arizona Rules of Civil Procedure.

Section I essentially incorporates the factual allegations made in the complaint, which is full of several conclusory statements with zero substance to support it. See *Id*. at 475, 875 P.2d at 134 (summarily referring to complaint for factual and legal bases of plaintiff's claims inadequate). There is little functional difference between referring to the complaint and merely incorporating its allegations. For example,

- Plaintiff fails to address how it determined that the use of "rick14" on December 5, 2011 was by a "hacker" rather than the actual subscriber, and whether it was one or multiple individuals using it. See 3:4
- How did Plaintiff ascertain that Mr. Sekora belongs to a "hacking community" before labeling him a hacker in a public document? See 3:6-7
- How do Plaintiff's security measures meet the industry standard? See 3:14. Plaintiff identifies that it uses ProxyPass, Trade Hacker and T.H.I.E.F., but there are no facts

> explaining how these programs work or how Trade Hacker and T.H.I.E.F. determined that the activity on 12/5 was as a result of hacking efforts.
> - What observations did Arcadia make?  See 3:19

These facts, if they exist, are known to Plaintiff and should be disclosed.  They are central to every claim Lightspeed is bringing against my client.  Mr. Sekora should not be required to use his limited discovery to flush this information out.

In Section II, there is no legal basis supporting your client's claim of statutory damages.

Computation of Damages:

"[A] computation and the measure of damages alleged by the disclosing party, the documents and testimony on which these computations and measures are based, and the names, addresses and telephone numbers of all damage witnesses" shall be disclosed Rule 26.1 (a)(7).  Lightspeed hasn't computed any of its damages.  Lightspeed merely states it's suffered damages because it charges fees to access the site.  This section discloses nothing.  So either Lightspeed has no damages, or it hasn't disclosed what it will present at trial.  As pointed out below, no documents supporting damages were disclosed.  And damages are a substantial threshold issue in this case because Lightspeed must demonstrate $5,000 in losses to bring a claim under the Computer Fraud and Abuse Act.

Trial Documents

In Section VII, Lightspeed identifies the ISP report from Secured Servers but did not disclose it.  The only documents disclosed are the December 5th forensic log, and text files showing connection activity.  What's been disclosed so far is inadequate.  Lightspeed claims it has technology, it Arcadia to investigate unauthorized access to Lightspeed websites and it identified my client as belonging to a hacker community.  So I find it hard to believe that these are the only documents Lightspeed has to support its case.  For example, why didn't Lightspeed disclosed forensic logs for an appreciable time period before and after December 5, 2011 showing the difference in activity using the "rick14" username?

Unfavorable Information

Rule 26.1 obligates a party to disclose unfavorable information as well.  Lightspeed never disclosed that Steve Jones also owns Arcadia, the security company hired to investigate the purported hacking.

What's Requested

Mr. Sekora requests that Plaintiff provide a full disclosure, including but not limited to the following:

(1) A detailed factual description to support Plaintiff's claims for relief by providing substance and not just a recitation of the complaint;
(2) The legal basis to support Lightspeed's claim for statutory damages
(3) A computation of damages that actually informs Mr. Sekora what Lightspeed's damages are, rather than making conclusory statements that Lightspeed has suffered damages through unauthorized access to website content.
(4) Disclosing all documents relevant to this case, including those that you intend on using during trial. As mentioned above this includes forensic logs documenting activity under the "rick14" user name for an appreciable time before both before and after December 5th. But it shouldn't be limited to just these documents.

I request that Lightspeed promptly remedy its inadequate disclosure statement by September 28, 2012. And I look forward to your response regarding the Protective Order. Thank you and let me know if you have any questions.

Very truly yours,

*Paul D. Ticen*

Paul D. Ticen


Encl.

Cc:     Adam Sekora (Via E-Mail)

**KELLY / WARNER**

**Paul D. Ticen**
Direct: (480) 636-8150
E-Mail: paul@kellywarnerlaw.com

**Exhibit 1-E**

September 25, 2012

**VIA E-MAIL**

Brett L. Gibbs, Esq.
38 Miller Avenue #263
Mill Valley, CA 94941

Re:   *Lightspeed Media Corporation v. Sekora*, CV2012-053194

Dear Brett:

This letter confirms our conversation wherein I advised that my client is rejecting Lightspeed's offer ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ You responded ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ after I sent my September 18th letter to Steven Goodhue, Lightspeed's local counsel, requesting that Lightspeed comply with its disclosure obligations by September 28th due to an inadequate initial disclosure statement.

Your client chose to file a lawsuit against Mr. Sekora with little to no investigation even though Mr. Sekora emphatically denied his involvement to Mark Lutz.  Instead, Lightspeed filed a public document labeling my client as a hacker and with what appears to be zero evidence other than an IP address that was assigned to his Tor network on December 5, 2011.  And Lightspeed pulled the trigger here in Maricopa County, your client's own backyard, and in a jurisdiction with stringent disclosure obligations.  Therefore, my client intends to hold your client to its obligations.

Surprisingly, you claim that Lightspeed fully complied with its disclosure obligations and that it's your position that Arizona disclosure rules don't require that Lightspeed disclose everything. That position is simply wrong and inaccurate.  In California where you practice, it's common for litigants to play hide the ball, but those same litigation tactics do not fly in Arizona.

As we discussed, CCBill recently produced documents in response to the subpoena clearly showing that the account associated with user name "rick14" was deactivated on **November 3, 2004**.  These records will be disclosed via a supplemental disclosure statement.  Surprisingly, this fact was never disclosed nor was it disclosed that the account or this particular user name

was reactivated at some point within the following seven years.  Further, Lightspeed failed to even disclose what password Mr. Sekora allegedly used to access the website and all password changes made under this username.  The password in the CCBill document differs from what was posted online.

Last, Mr. Sekora is requesting that Lightspeed make its system and/or servers available for inspection pursuant to Rule 34, Arizona Rules of Civil Procedure.  The discovery request will be sent separately.  Please remind your client that it has a specific duty to preserve all data available on its servers, and this is an obligation that began no later than December 5, 2011, and perhaps even earlier.

Again, Lightspeed has until September 28th to remedy its inadequate disclosure statement.  Last, if you intend on taking an active involvement in this case from this point forward, please seek to be admitted pro hac vice otherwise I'll deal strictly with Mr. Goodhue.  Thanks.

        Very truly yours,

        *Paul D. Ticen*

        Paul D. Ticen


Encl.

Cc: Steven J Goodhue, Esq. (Via E-Mail)
   Adam Sekora (Via E-Mail)

**KELLY / WARNER**

Paul D. Ticen
Direct: (480) 636-8150
E-Mail: paul@kellywarnerlaw.com

**Exhibit 1-F**

October 1, 2012

**VIA E-MAIL**

John Steele, Esq.
Prenda Law, Inc.

Re:    *Lightspeed Media Corporation v. Sekora*, CV2012-053194

Dear John:

This letter confirms our conversation last Thursday, which followed my September 18th letter to Brett Gibbs and my September 26th e-mail to Steve Goodhue.  As I mentioned to you, Lightspeed Media Corporation produced an inadequate disclosure statement.  It's clear that Lightspeed is deliberately withholding critical evidence in a state that requires litigants to fully disclose all relevant evidence pursuant to Rule 26.1, Arizona Rules of Civil Procedure.

September 28th, Lightspeed's deadline to remedy its blatant disregard for Rule 26.1, has passed without Lightspeed disclosing anything further.  I'm not surprised based on your comment that Prenda Law has the "young attorneys" across the country to get "crafty," which followed Brett Gibbs' comments that Lightspeed doesn't have any obligation to make additional disclosures.  Based on Lightspeed clearly withholding critical evidence, its blatant disregard of Rule 26.1, and comments by you and Brett Gibbs, Mr. Sekora has no choice but to involve the Court to compel Lightspeed to comply with its disclosure obligations and he will seek sanctions in doing so.

As I mentioned to Brett Gibbs, if you, Mr. Gibbs or any of the other "young attorneys" you direct to get "crafty" intend on being involved in this case, you'll need to seek admission pro hac vice.

   Very truly yours,

   *Paul D. Ticen*

   Paul D. Ticen

Encl.

Cc: Steven J Goodhue, Esq. (Via E-Mail)
Adam Sekora (Via E-Mail)