Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**PLAINTIFF'S MOTION TO STRIKE ANONYMOUS DECLARATION (ECF NO. 41) AND MOTION FOR ORDER TO SHOW CAUSE** |

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, hereby moves this Court for an Order striking the anonymous declaration filed with this Court (ECF No. 41) and for an Order to Show Cause, and as grounds therefore, states as follows:

On March 19, 2013, an anonymous individual ("Filer") filed a declaration in the instant action. (ECF No. 41.)  Filer's declaration suffers from multiple procedural violations.  Filer is attempting to use the court system in a transparent attempt to advance his own anti-copyright agenda.  As a result, the Court should strike Filer's declaration and issue an order to show cause why

1

Filer should not be required to pay Plaintiff's attorney's fees incurred in responding to Filer's frivolous declaration.

**ARGUMENT**

This motion consists of two parts. Part I argues that the Court should strike Filer's declaration for its procedural defects. Part II argues that the Court should order Filer to show cause why he should not be required to pay Plaintiff's attorney's fees incurred in responding to Filer's declaration.

I. **THE COURT SHOULD STRIKE FILER'S DECLARATION FOR ITS PROCEDURAL DEFECTS**

The Court should strike Filer's declaration for two reasons. First, Filer's declaration fails to comply with Federal Rule of Civil Procedure 11. Second, Filer's declaration falls well short of the standard for allowable *amicus* submissions.

A. **Filer's Declaration Should Be Struck for Failure to Comply with Federal Rule of Civil Procedure 11**

Filer fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990). Filer fails to provide to name, address, e-mail address, or telephone number, and also fails to sign the declaration. (ECF No. 41.) Courts routinely strike or deny pleadings for failing to comply with Rule 11. *See, e.g.*, *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (rejecting a pleading because "the filer did not state the signer's address, e-mail address, or

telephone number as required by Rule 11 of the Federal Rules of Civil Procedure."). The Court should do the same and strike Filer's declaration.

The fact that Filer's filing is a declaration is even more problematic. A declaration is a series of statements made under oath and the person who makes a declaration is normally liable for the statements made therein. Fed. R. Civ. P. 11. An anonymous filer, on the other hand, faces no risk of perjury and can make false statements without fear of judicial sanction. Moreover, anonymous filers are not subject to cross-examination or a review of their credentials. The risks are especially high here where the anonymous filer is a self-described leader of an organization called "dietrolldie" and has an anti-copyright agenda. Justice Louis Brandeis once observed that "Sunlight is said to be the best of disinfectants." Louis D. Brandeis, *What Publicity Can Do*, HARPER'S WEEKLY, Dec. 20, 1913. This wisdom certainly applies where an interested individual would attempt to persuade the Court behind a cloak of anonymity.

**B.    Filer's Declaration Should Be Struck for Failure to Satisfy the Requirements for Bringing an Amicus Submission**

Because Filer is not a party to this action, he is considered an *amicus curiae*. "The term '*amicus curiae*' means friend of the court not friend of a party." *Ryan v. Commodity Future Trading Com'n*, 125 F. 3d 1062, 1063 (7th Cir. 1997). Filer, however, is not a friend of the court and is expressly making arguments on behalf of the defendants in several actions. Filer is a self-described leader of an online blog, "dietrolldie," which pursues an anti-copyright agenda. (ECF No. 41 ¶ 4.) As the blog's name, "dietrolldie," suggests, the community is composed of members who are willing to take extreme measures to avoid liability for infringing acts. By way of example, members of this blog have threatened copyright holders and their attorneys with bodily harm. Filer attempts to intervene in this action and make arguments on behalf of Defendant in this case and defendants in seven other cases in the District of Arizona. (ECF No. 41.) Because Filer is acting as a friend of a

party, his filing is improper. *Ryan v*, 125 F. 3d at 1063 ("The vast majority of *amicus curiae* briefs are filed by allies of litigants.... Such *amicus* briefs should not be allowed. They are an abuse.").

Courts deny motions for leave to file *amicus* briefs when they determine that the briefs are filed in support of one of the parties or are prejudicial to the other party. *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill Jan. 22, 1982) ("Indeed, if the proffer comes from an individual with a partisan, rather than impartial view, the motion for leave to file an *amicus* brief is to be denied, in keeping with the principle that an *amicus* must be a friend of the court and not a friend of a party to the cause."); *Strougo v. Scudder, Stevens & Clark, Inc.*, 1997 WL 473566 (S.D.N.Y. Aug. 18, 1997) (*citing Vulcan Society of New York City Fire Dep't, Inc. v. Civil Service Comm'n*, 490 F.2d 387, 391 (2d Cir. 1973) ("Federal courts have discretion to permit participation of *amici* where such participation will not prejudice any party and may be of assistance to the court."). The Court should reject Filer's improper attempts to act as a friend of numerous defendants and strike Filer's declaration.

## II. THE COURT SHOULD ORDER FILER TO SHOW CAUSE WHY HE SHOULD NOT BE REQUIRED TO PAY PLAINTIFF'S ATTORNEY'S FEES

Filer explains that he has filed numerous other declarations and memoranda in cases across the country and stated that "seven of the nine declarations/memorandums were accepted by the courts." (*Id.* ¶ 3.) "Accepted" simply means that the court permitted him to file his declaration or memorandum—two courts rejected Filer's attempts to file into the case. No court took action regarding Filer's submissions or adopted his recommendations. One court even struck Filer's declaration on its own accord even after it had "accepted" Filer's filing. *Pacific Century International LTD v. Does 1-31*, No. 1:11-cv-9064 (N.D. Ill. Jan. 18, 2012), ECF No. 11. While

some leniency can be given to *pro se* individuals,[1] the procedural violations made by Filer in filing his declaration are not a one-time mistake, but instead demonstrate a pattern of conduct disregarding federal court rules. Filer is undoubtedly aware that not a single court has acted on his submissions. This, however, has not prevented Filer from becoming increasingly bold in his attempts to advance his own anti-copyright agenda through the court system.

The Court has a responsibility to the actual parties in the lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22 at *2-3 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation."). Without any repercussions, Filer will continue to file improper and inappropriate declarations and memoranda into federal court cases. As a result, the Court should order Filer to show cause why he should not be required to pay Plaintiff's attorney's fees incurred in responding to Filer's baseless declaration.

## **CONCLUSION**

The Court should strike Filer's declaration for its procedural defects: Filer's declaration fails to comply with Federal Rule of Civil Procedure 11 and Filer's declaration falls well short of the standard for allowable *amicus* submissions. The Court should order Filer to show cause why he should not be required to pay Plaintiff's attorney's fees incurred in responding to Filer's declaration.

Dated this 25th day of March, 2013

---

[1] Due to the anonymous nature of Filer's declaration and the numerous legal arguments made in Filer's declaration, there is a decent likelihood that Filer is a lawyer or was aided by a lawyer in drafting his declaration.

5

| | |
|---|---|
| 1 | |
| 2 | Law Offices of Steven James Goodhue |
| 3 | By:  /s/ Steven James Goodhue |

Steven James Goodhue (#029288)
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

I hereby certify that on March 25, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on March 25, 2012, to:

Honorable G. Murray Snow *(*snow_chambers@azd.uscourts.gov*)
U.S. District Court
Sandra Day O'Connor Courthouse Suite 324
401 West Washington Street, SPC 82
Phoenix, Arizona 85003-7550

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205

Paul Ticen, Esq.* (paul@kellywarnerlaw.com)
Kelly/Warner, PLLC
404 S. Mill Ave, Suite C-201
Tempe, Arizona  85281

/s/ Steven James Goodhue

6