Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br><br>**PLAINTIFF'S RESPONSE TO MOVANTS' MOTION TO STAY DISCOVERY, QUASH THE SUBPOENA, AND FOR PROTECTIVE** |

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, hereby reponds to Movant's Motion to Stay,Discovery, Quash the Subpoena and for protective order, , and as grounds therefore, states as follows:

Anonymous non-party movants ("Movants")[1] filed, through attorney Paul Ticen, a motion to stay discovery, quash a subpoena, and for a protective order. (ECF No. 44.) Movants fail to establish their standing to seek any of these forms of relief. Further, their substantive arguments are inconsistent with the law. For these reasons, the Court should deny Movants' motion.

---
[1] The Movants are identified only by their putative IP Addresses: 72.223.91.187, 68.230.120.162, 68.106.45.9, 68.2.87.48, 98.165.107.179 and 68.2.92.187.

1

**ARGUMENT**

Movants seek three forms of relief: 1) a stay of discovery; 2) quashing of Plaintiff's subpoena; and 3) issuance of a protective order. Plaintiff first addresses the threshold issue of standing, and then addresses these requests for relief on the merits in further detail below.

### I. THE ANONYMOUS INDIVIUDALS REPRESENTED BY ATTORNEY TICEN LACK STANDING TO SEEK RELIEF IN THIS ACTION

As a general rule, individuals may not seek to vindicate the legal rights of others.[2] In the case at bar several anonymous individuals are seeking to upset Plaintiff's case against the Defendant by staying discovery, quashing subpoenas and seeking protective orders. This is not the first attempt by anonymous individuals to attack Plaintiff's case. (*See* ECF No. 41.)  It will certainly not be the last.

As the proponents of relief, Movants bear the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Movants have utterly failed to do so here. There is no evidence in the record that would suggest that Movants are the subjects of Plaintiff's subpoenas or that they have any legal interest at stake in this case. Plaintiff strongly suspects that Movants are simply individuals who oppose copyright enforcement cases generally, rather than persons with an identifiable legal interest in this proceeding.  After all, Movants are represented by panel counsel for a notorious anti-copyright organization—the Electronic Frontier Foundation. (*See* https://www.eff.org/issues/file-sharing/subpoena-defense) (Aaron Kelly and Paul Ticen are counsel at Kelly Warner, P.L.L.C.) (*See* http://www.aaronkellylaw.com/). The overriding mission of the EFF has been to shield the Internet from effective regulation—"defending it from the intrusion of

---

[2] Movants cite two cases for the proposition that courts "have permitted non-parties to bring motions to stay." (ECF No. 44 at 11.) In *Best Western International, Inc. v. John Doe, et al.*, 2006 WL 2091695 *1, 6 (Dist. Ariz. 2006), however, the court permitted one of the John Doe *defendants* to move for a stay of discovery. Unlike the instant case, the John Doe was an actual party to the litigation—as a defendant—and identified himself in the pleadings. Further, in *Coty Inc. v. C Lenu, Inc.*, 2011 WL 573837 (S.D. Fla. 2011) a *subpoena recipient* sought to stay discovery specific to that subpoena until the court ruled on a pending motion. Because Movants are neither defendants, nor subpoena recipients, they lack standing to move to stay the discovery for the actual parties in this litigation.

territorial government." Jack L. Goldsmith & Tim Wu, Who Controls the Internet?: Illusions of a Borderless World 18 (2006). This mission relies on undermining effective enforcement of intellectual property rights. Purporting to speak on behalf of "cyberspace," a co-founder of EFF (who presently serves on its board of directors) has warned the "Governments of the Industrial World" that "[y]our legal concepts of property, expression, identity, movement, and context do not apply to us." John Perry Barlow, A Declaration of the Independence of Cyberspace (Feb. 8, 1996), available at https://projects.eff.org/~barlow/Declaration-Final.html (as of April 17, 2013).

It is not Plaintiff's or the Court's job to discern a basis for the Movants' standing. Movants have failed to offer any evidence that would allow the Court to conclude that Movants have standing to seek to stay discovery, quash subpoenas or seek protective orders in this case. This concern is particularly heightened when the individuals seeking sweeping relief attempt to proceed anonymously without first seeking the Court's permission to do so. Plaintiff cannot think of a single context in which it would be appropriate for a non-party anonymous individual to seek to stay all discovery in an action, for example, without providing evidence for why the movant's legal interests would be vindicated by that relief. The Court should not permit anonymous individuals to seek relief in this action until they have met their burden to establish that they have legitimate legal interests—rather than subjective political views on copyrights—at stake in this matter.

## II. THE COURT SHOULD NOT STAY DISCOVERY IN THIS ACTION

In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the possible damage that may result from the granting of a stay; (2) the hardship to the parties if the suit is allowed to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant* Corp., 398 F.3d 1098, 1110–09 (9th Cir.2005). Plaintiff addresses each of these interests below.

### A. Plaintiff Would be Greatly Damaged by a Stay of Discovery

The first interest to be considered when determining whether a stay is appropriate is "the possible damage that may result from the granting of a stay." *Lockyer*, 398 F.3d at 1110–09. Plaintiff will be greatly damaged by a stay of discovery because the information Plaintiff seeks is under imminent threat of destruction. (ECF No. 39 at 2) ("Time is of the essence here because ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time before erasing the data."). If that information is erased, Plaintiff will have no ability to identify the Defendant's co-conspirators, and thus will be unable to complete essential discovery on the merits of its claims. The perishable nature of electronically stored information, such as ISP logs, is one of the reasons that expedited discovery is so routinely granted in intellectual property cases. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (granting emergency motion for expedited discovery where "[f]urther passage of time . . . makes discovery . . . unusually difficult or impossible"). It bears mentioning that a preservation order would be ineffective because the electronically stored information on the computers of Defendants' co-conspirators cannot be preserved via a protective order until these individuals' identities have at least been ascertained.

### B. Defendant Will Face No Hardship by Continuation of the Litigation

The second interest to be considered when determining whether a stay is appropriate is "the hardship to the parties if the suit is allowed to go forward." *Lockyer*, 398 F.3d at 1110–09. The proceedings in other cases do not diminish the validity of Plaintiff's claims against the Defendant in this case. Movants somewhat bizarrely challenge the validity of Plaintiff's assignment agreement in this case on the basis of *Plaintiff's* (i.e. the assignee's) signature on the assignment agreement. (ECF No. 44 at 13) (citing ECF No. 1-2).

Yet, the formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do.").

Movants claim the signature of the assignee—Alan Cooper—is invalid, but the assignee's signature is wholly irrelevant to whether a copyright assignment agreement is valid. Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

The issue that was raised in the California proceeding—namely whether Plaintiff misappropriated the identity of the Alan Cooper who testified at the hearing (and who, by no small coincidence, was reportedly flown out to Los Angeles from Minnesota by the EFF to deliver his testimony), is an issue that Alan Cooper has standing to seek redress for. Indeed, this matter is currently being litigated in Minnesota. *Alan Cooper v. John Steele*, No. 27-CV-13-3463 (Dist. Ct. Minn. 2013). The issue relevant to this proceeding is whether the assignment agreement is valid such that Plaintiff has standing. Not even the anonymous Movants have attempted to attack the assignor's signature, much less the effectiveness of the assignment's language. Movants have no standing to assert misappropriation arguments on behalf of Mr. Cooper.

**C.  A Stay Would Not Serve the Orderly Course of Justice**

The third interest to be considered when determining whether a stay is appropriate is "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110–09. Here the Movants' seek to prevent the actual parties from litigating this action. As explained above, Plaintiff will be greatly harmed by a stay in the litigation. *See Supra*, section I(A). And Defendant has not sought a stay of discovery. It is contrary to the orderly course of justice to permit non-parties to dictate the litigation on behalf of the actual parties. Plaintiff has brought legitimate claims against Defendant and should be permitted to prosecute these claims free from the interference of anti-copyright groups.  Any delay in that relief would not promote the orderly course of justice.

### III. THE COURT SHOULD NOT QUASH PLAINTIFF'S SUBPOENA

Movants claim that the subpoena should be quashed because the subpoena subjects them to an undue burden. (ECF No. 44 at 14) (citing Fed. R. Civ. P. 45(c)(3)). Movants, however, are not the recipients of Plaintiff's subpoenas. Movants face no obligation to produce any information under the subpoena issued to their nonparty Internet service providers and consequently "cannot claim any hardship, let alone undue hardship." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011); *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"); *Hard Drive Productions, Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19 ("being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed."). Movants bear the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movants to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movants cannot credibly claim any hardship at this juncture; only the nonparty Internet service providers subject to Plaintiff's subpoenas could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movants' only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with the subpoenaed Internet service providers, and not with Movants. *See First Time Videos, LLC v. Does 1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 358-359 (D.D.C. 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party and rejecting all of plaintiffs' objections to defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment"). The Court should deny Movants' motion to quash because only the subpoenaed Internet service providers could bring an undue burden argument.

### IV. MOVANTS ARE NOT ENTITLED TO A PROTECTIVE ORDER

Finally, Movants seek a protective order. (ECF No. 44 at 15.) The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movants are not parties to this case—only Plaintiff, AF Holdings, LLC, and Defendant, David Harris, are parties. Nor are Movants persons from whom discovery is sought—Plaintiff only seeks discovery from Internet service providers. Movants, therefore, lack standing to move for a protective order.

Because Plaintiff seeks information solely from Internet service providers, Movants do not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movants do not qualify for a protective order, as Movants are not subject to Plaintiff's subpoenas. Movants' privacy rights are irrelevant because they have not established that they are even the targets of Plaintiff's subpoenas. Even if they had, Movants' privacy rights are *de minimus*. *Voltage Pictures, LLC*, No. 10-0873, 2011 WL 1807438, at *4 (finding movants' rights to anonymity to be minimal).

## **CONCLUSION**

The Court should deny Movants' motion. The Court should not stay discovery in this action: a stay would greatly damage Plaintiff, Defendant will face no unique hardship by continuation of the litigation, and a stay would not serve the orderly course of justice. The Court should not quash Plaintiff's subpoena because Movants do not face any burden as a result of their Internet service providers' compliance. Movants are not entitled to a protective order because they lack standing to move for one and do not face annoyance, embarrassment, oppression, or undue burden or expense from any of Plaintiff's discovery requests.

Dated this 29th day of April, 2013

Law Offices of Steven James Goodhue

By: /s/ Steven James Goodhue
Steven James Goodhue (#029288)
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

I hereby certify that on April 29, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on April 29, 2013, to:

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205


Paul Ticen, Esq.* (paul@kellywarnerlaw.com)
Kelly/Warner, PLLC
404 S. Mill Ave, Suite C-201
Tempe, Arizona  85281


/s/ Steven James Goodhue