Paul D. Ticen (AZ Bar # 024788)
**Kelley / Warner, P.L.L.C.**
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
Tel: 480-331-9397
Dir Tel: 480-636-8150
Fax: 480-907-1235
Email: paul@kellywarnerlaw.com

Attorney for Non-Party Movants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | Case No.: 2:12-cv-02144-PHX – GMS<br><br>**REPLY TO PLAINTIFF'S RESPONSE TO MOVANT'S MOTION FOR STAY DISCOVERY, QUASH THE SUBPOENA, AND FOR PROTECTIVE ORDER** |

Movants, who are non-parties and identified by IP Address Nos. 72.223.91.187, 68.230.120.162, 68.106.45.9, 68.2.87.48, 98.165.107.179 and 68.2.92.187, hereby submit a Reply in support of their Motion for Stay, Motion to Quash the Subpoena and Entry of a Protective Order. Plaintiff's untimely response makes the same tireless argument that Movants (as non-parties) lack standing, while concocting a tin foil hat theory that the Movants are interlopers without connection to the subpoena, and by doing so, makes a baseless attack on undersigned counsel's integrity.

The Movants respectfully request that pursuant to Rule 12 (f)(1), the Court strike Plaintiff's response that was filed nearly **three weeks** after its deadline to respond expired. Without striking the Response, the time afforded Plaintiff to respond under

1

LRCiv. 7.2(c) and Rule 6(d), Fed. R. Civ. P., becomes meaningless.

In the event the Court is inclined to consider the Response, it nevertheless fails to rebut the Movants' right to bring the motion, or the evidence and argument in support of their requested remedies. Significantly, yesterday the court in the consolidated cases of *Ingenuity 13, LLC v. John Doe, C.D. Cal.*, 2:12-cv-08333, entered its Order Issuing Sanctions. (Doc. No. 130). Included in the order are findings of deceptive and fraudulent conduct involving Plaintiff and a referral to the United States Attorneys' Office for the Central District of California and the IRS - Criminal Investigation Division. This order only reinforces the need for a stay at a minimum, if not an outright dismissal *(sua sponte)* with prejudice. Because of the findings contained in this order, the sanctions, namely, referrals to commence additional investigation/proceedings that will ultimately bear on Plaintiff and Prenda Law's right and ability to continue prosecuting copyright infringement claims and carrying on with its coercive settlement business model, the requested remedies are well founded at this juncture. And the Movants respectfully request leave to bring a Motion for Sanctions against Plaintiff and Prenda Law for attorneys fees they have been forced to take protective measures to fight a subpoena requesting their contact information that is based on a facially implausible conspiracy theory.

**I.**     **Motion to Stay**

    **A**.     **The Movants Have A Legally Protectable Interest To Keep Identity From Plaintiff and Avoid Being Harassed For Settlement Dollars.**

*Patrick Collins, Inc. v. John Does 34-51*, 2012 WL 993379 *2 (S.D. Cal. 2012) (stating subscribers have interest in subpoena directed to ISP because personal identifying information at stake). As noted above, the Movants are represented by undersigned counsel and identified by their respective IP addresses. These same IP addresses are unequivocally being targeted by Plaintiff's subpoena. (See Subpoena Attachment, Doc No. 44-1 at Pgs. 5-6). The Movants submitted a redacted letter from Cox Communications containing an IP address that is identical to an IP address

described above and in the Subpoena Attachment.  But to demonstrate that undersigned counsel is not representing little green people harboring anti-copyright sentiments, but instead real individuals seeking Court protection to avoid being identified and harassed for settlement dollars, the remainder of the redacted letters from Cox Communication are submitted herewith.  (See Exhibit 1).  The Movants are also happy to provide unredacted copies of the Cox Communication letters to the Court for in camera review or provide any other additional proof, should the Court be so inclined to request same.

**B.   The Movants Have Demonstrated A Right To Seek the Requested Relief.**

The Movants, as non-parties, have the right to seek the relief requested in their Motion. Plaintiff's artificial distinction of the *Best Western International* and *Coty, Inc*. cases, lacks merit.  (See Response, Doc No. 48 at Pg. 2, fn 2.).  Plaintiff ignored Movant's authority supporting the proposition that purported co-conspirators are essentially John Doe defendants.  (Motion, Doc No. 44 at 11:15-16, citing *Millennium TGA v. Paschall*, Southern District of California, 12-cv-0792, Doc No. 7 at 5:10-17). And Plaintiff's distinction between a subpoena recipient and subpoena target is not meaningful.  Both are non-parties who are involuntarily brought into the discovery process by a party.  And the Movants will undoubtedly be targeted and threatened as potential defendants in this lawsuit (or in a new filing) unless they agree to settle with Plaintiff and Prenda Law.  **Significantly, Plaintiff cannot point to any authority or rule of Civil Procedure preventing non-parties like Movants from seeking to stay discovery or quashing the subpoena**.

And while the requested relief is sweeping, the nature of the collateral proceedings, namely, the findings of fact by Judge Wright, referral to bar disciplinary committees and referral to federal law enforcement agencies, as well as the Minnesota state action seeking damages for a misappropriated identity, more than justify the requested relief.  And frankly justifies the Court's *sua sponte* dismissal of this entire case with prejudice.

### C. **Plaintiff's Claimed Damage Is Largely Unfounded But is Nevertheless Self-Inflicted**.

Plaintiff's claim that it will be greatly damaged is unfounded. Plaintiff has already subpoenaed the ISP, and the ISP has notified those subscribers whom were assigned an IP address on the date and time of the alleged infringement. The stay acts to suspend the matter, not dismiss it with prejudice nor discharge the ISP duty to comply with the subpoena (unless the Court is so inclined). The ISP's have surely preserved this information, and undoubtedly have competent legal guidance to preserve same until ordered by this Court to release the information or it no longer maintains a preservation duty. And although Plaintiff's concern that the electronically stored information on the purported co-conspirator hard drives has legitimacy on the surface, it is a red herring here. Plaintiff and Prenda Law primary reason to ascertain identity is to drive settlement dollars. (See 2:12-cv-08333, Doc No. 130 at Pg. 4, ¶¶ 4-6). And undersigned counsel is not aware of any specific case out of hundreds or a specific alleged infringer out of tens of thousands, where either Plaintiff or Prenda Law has actually conducted a forensic examination of a computer hard drive for evidence of infringing material.

### D. **The Movants Will be Damaged By Plaintiff's Desperate and Abusive Attempts to Coerce Settlements**

Allowing litigation to proceed given the firestorm that Plaintiff and Prenda Law face will damage the Movants who will be unjustifiably be on the receiving end of harassing phone calls shaking them down for money. Plaintiff's response rants on about the assignment meeting the legal requirements, while ignoring the real issue, that it nevertheless filed an assignment in federal court containing a forged signature. See *Id*. at 8:9:11 ("although a recipient of a copyright assignment need not sign the document, a forgery is still a forgery. And trying to pass that forged document by the Court smacks of fraud"). And it does nothing to dispel concerns that it will use subscriber contact information to coerce settlements.

Given the severity of Judge Wright's sanctions against Plaintiff and Prenda Law, both will desperately continue using the federal courts to generate revenue unless and

4

until they are stopped from doing so. Judge Wright used the term "vexatious litigation," to describe Prenda Law's cookie cutter "litigation strategy designed to coerce settlements." (2:12-cv-08333, Doc. No. 130 at Pg. 4, ¶ 5). Based on Plaintiff and Prenda Law's demonstrated practice in coercing settlements and Judge Wright's findings and sanctions, it's clear the damage that will be caused to Movants and other subscribers if the litigation is allowed to continue.

### E. Disposition of the Collateral Proceedings Will Undoubtedly Determine Whether Plaintiff Has Right and Ability to Continue Prosecuting Copyright Infringement Cases.

The orderly course of justice will be served because these other collateral proceedings will determine whether Plaintiff remains a viable business capable of bringing federal lawsuits, the breadth of the fraud it (through its de facto principals) has committed on federal courts and to close off the federal courts as a way to generate revenue through coerced settlements. Judge Wright made a number of serious factual findings involving Plaintiff and Prenda Law that cast serious doubt whether Plaintiff should be allowed to continue with this litigation. Specifically, Judge Wright found:

- Prenda Law (John Steele, Paul Hansmeier and Paul Duffy) created entities like Plaintiff to shield them from liability and create an appearance of legitimacy (Pg. 3, ¶ 1)

- Plaintiff is a shell organization owned and operated by Prenda Law (Pg. 4 at ¶ 2).

- Plaintiff and Prenda Law used the Copyright Act and federal courts to effectuate a successful business model designed to maximize returns (settlement dollars) by leveraging the threat of the Copyright Act's high statutory damages, embarrassing nature of pornographic materials and pricing a settlement just below the cost of a bare bones defense while minimizing costs (cookie cutter litigation), dismissing against determined defendants and avoiding disclosure/production of discovery information. (Pg. 4 at ¶¶ 3, 4, 5 and 6, Pg. 5 at ¶ 11).

5

- Prenda Law used local counsel to prosecute the actions while controlling and directing the litigation. (Pg. 5 at ¶¶ 7-8, 10).
- Prenda Law stole the identity of Alan Cooper, held him out as an officer of Plaintiff and fraudulently signed the copyright assignment using his forged signature   (Pg. 5 at ¶ 9).
- Plaintiff and Prenda Law have deceived the federal courts in which Plaintiff has appeared, with "representations about operations, relationships and financial interests [ranging] from feigned ignorance to misstatements to outright lies." (Pg. 5 at ¶ 11).

And equally significant are what still remains unclear, namely, the breadth and specific details concerning Plaintiff and Prenda Law's operations and relationships. (See Pg. 8:9-28). Specifically whether Plaintiff was validly formed (was Alan Cooper's identity and forged signature used in connection with company formation), the extent to which it was used as an offshore shell company to engage in criminal behavior (i.e. tax evasion) and a more thorough detailed examination of the inner-workings of this "enterprise."

Based on these lingering questions, caused in significant part by the Prenda Law principles invoking their 5th Amendment right against self-incrimination, Judge Wright referred the matter to the United States Attorneys' Office for the Central District of California and the IRS-CID to open up a criminal investigation and a potential criminal prosecution. And along with the Minnesota action commenced by Mr. Cooper concerning his misappropriated identity, these further collateral proceedings will most likely flush these issues out further.

Therefore it's clear that the orderly course of justice will be served by staying this action.

**II**.   **Motion To Quash**

The Movants have an expectation of privacy in keeping their identity confidential from Plaintiff and Prenda Law. (Motion, Doc No. 44 at 15:5-10). See *Patrick Collins*, *supra* at 2:23-25; See also *West Coast Prod., Inc. v. Does 1-5829*, 275 F.R.D. 9, 13-14

6

(D.D.C. 2011) (internet subscribers right to remain anonymous balanced against plaintiff's need for the information to prosecute its copyright infringement claim). The subpoena undeniably requests confidential information, namely, the Movants' identity and contact information. Therefore, the Movants have an expectation of privacy. And although this interest is minimal compared to a copyright holders right to the information under normal circumstances, any difference is eviscerated by the highly extraordinary facts and circumstances of this particular case. Plaintiffs need for this information at this particular point in time is non-existent.

Plaintiff's attempt to distract the Court by casting the Movant's motion to quash as grounded on arguments of "undue burden," is unfounded and unpersuasive. Nowhere do Movants seek to quash the subpoena on grounds that it will result in an undue burden. Therefore, the Movant's request to quash the subpoena should be granted.

### III.   **Entry of a Protective Order**

Plaintiff and Prenda Law's abusive litigation tactics and coercive settlements has been well established and documented. The protective order is needed to protect the Movants from being annoyed and harassed by Plaintiff's incessant phone calls and repeated attempts to coerce settlement dollars. As a threshold matter, should this litigation resume, Plaintiff should be required to demonstrate that its subpoena meets the factors set forth in *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-565 (S.D.N.Y. 2004) (discussing five important factors involving subpoenas seeking disclosure of subscriber identity from ISP). For example, the first factor requires that Plaintiff make a prima facie showing that a conspiracy exists between Mr. Harris and the Movants (and other subscribers). *Id.* Significantly, the Subpoena Attachment identifies the Movants allegedly downloaded Plaintiff's work on different dates between November 10, 2012 and February 1, 2013. How are they part of a conspiracy with Mr. Harris who allegedly downloaded Plaintiff's work on June 3, 2011? Plaintiff has presented no evidence that Mr. Harris has continued infringing Plaintiff's copyright (or directing others to do so), or that the Movants (and other subscribers) were part of this

7

purported conspiracy back in June 2011. The facial implausibility of this so called conspiracy only reinforces that notion that the subpoena and the purported rationale (see Doc No. 39) is merely a pretext to unmask subscribers to coerce settlement money from them. A protective order is necessary to prevent Plaintiff and Prenda Law from using federal courts to continue its abusive litigation tactics and business model dependent on coercive settlements.

### IV. Movants Request Leave to Bring Motion Requesting Sanctions for Attorneys Incurred Attorneys' Fees

The Movants respectfully request that the Court grant leave for the Movants to bring a motion for sanctions requesting attorneys' fees under Rule 11, Fed. R. Civ. P. and the Court's inherent authority. see *Chambers v. NASCO, Inc*., 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991) (a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons). Given that Plaintiff has unnecessarily and unjustifiably targeted the Movants, among others, under the pretext of an extremely questionable conspiracy claim, coupled with Judge Wright's findings of fact, demonstrate the bad faith nature of this subpoena.

### V. Conclusion

Based on the foregoing, the Movants respectfully request that the Court grant their requested remedies and grant leave to bring a motion for sanctions against Plaintiff and Prenda Law.

RESPECTFULLY submitted this 7th day of May, 2013.

**KELLY / WARNER, PLLC**

By  /s/ Paul D. Ticen
Paul D. Ticen
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
Attorney for Non-Party Movants

8

**CERTIFICATE OF FILING AND SERVICE**

Pursuant to the Case Management/Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Manual") of the United States District Court for the District of Arizona, I hereby certify that on May 7th, 2013, I electronically filed:

**REPLY TO PLAINTIFF'S RESPONSE TO MOVANT'S MOTION FOR STAY DISCOVERY, QUASH THE SUBPOENA, AND FOR PROTECTIVE ORDER**

with the U.S. District Court clerk's office using the ECF system, which will send notification of such filing to the assigned Judge and to the following counsel of record:

Steven James Goodhue
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, Arizona 85260
E-Mail: sjg@sjgoodlaw.com
Attorney for Plaintiff

**KELLY / WARNER, PLLC**

By   /s/ Paul D. Ticen
Paul D. Ticen
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
Attorney for Non-Party Movants