Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ 85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SHOW CAUSE ORDER AND SANCTIONS** |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SHOW CAUSE ORDER AND SANCTIONS

Defendant filed a motion for show cause order and sanctions against Plaintiff. (ECF No. 50.) Defendant launches several derogatory remarks against Plaintiff and Plaintiff's counsel, but does not articulate any plausible basis under the law for the relief he seeks. (*Id.*) Because the Court has already addressed several of Defendant's inquiries in the May 17, 2013, order to show cause (ECF No. 51), Plaintiff incorporates that response to the extent of such overlap as if set forth fully herein. Defendant makes two arguments regarding standing that were not addressed in the Court's order to show cause. Plaintiff respectfully addresses these two arguments below.

1

**ARGUMENT**

Defendant raises two arguments regarding standing: 1) that Plaintiff did not identify the Defendant before bringing this action, and 2) Plaintiff cannot identify him by an IP address or determine which IP addresses with which he conspired. As an initial matter, it is obvious that Defendant's arguments do not relate to standing, as the concept is properly understood, but are more focused on Rule 11-style concerns.

### I. PLAINTIFF IDENTIFIED DEFENDANT PRIOR TO BRINGING THIS LAWSUIT

Defendant's first argument is that "[t]his court has not allowed the Plaintiff to subpoena Defendants ISP in order to obtain the information necessary to bring suit against him, Troll Goodhue cannot produce even a scintilla of legally obtained personal information belonging to Defendant, therefore Troll Goodhue must show cause why this court should not sanction him for misrepresenting a material fact." (ECF No. 50 at 2.) Plaintiff did not need to issue subpoenas in this case to obtain Defendant's identity, because Plaintiff identified Defendant *prior* to bringing this action. Defendant's argument, therefore, has no relevance to this action.

### II. DEFENDANT MISUNDERSTANDS THE RELEVANT PROCEDURES AND TECHNOLOGY

Defendant's second argument is that "Troll Goodhue must show cause why this court should not sanction him for misrepresenting he has standing to allege these 71 IP addresses are connected to Defendant in any way shape or form." (ECF No. 50 at 2.) Defendant challenges both Plaintiff's ability to identify him by an IP address and Plaintiff's ability to connect his infringing activity with numerous other IP addresses. (*Id.*) Defendant first states "there is no way on God's green Earth Troll Goodhue could possibly know what, if any IP address was assigned to me as it is different than the IP address Plaintiff based this case on (70.176.202.3) at the time and date of the alleged conspiracy." (*Id.*) This is incorrect as Defendant's Internet service provider ("ISP") can, and has, identified

2

Defendant as the subscriber infringing on Plaintiff's copyrighted work. Defendant bases his argument on the claim that "[e]verytime [sic] that I reboot my modem I am assigned a different IP address." (*Id.*)[1] Even with an ever-changing IP address, an ISP can identify the subscriber if they are provided the IP address *and* the date and time of the unlawful activity because the ISP will know what IP address is assigned to a subscriber at any given time even if the IP address were to later change. Plaintiff provided Defendant's ISP with this information and the ISP identified Defendant as the infringer. Defendant's claim that "[s]ince the date of the alleged copyright infringement I have been assigned no less than five new and different IP addresses . . . ." is not relevant to whether or not his ISP can identify him.

Defendant further states that the IP addresses of his co-conspirators "may be involved in a conspiracy with the aforementioned IP address, but it has nothing to do with Defendant or this case whatsoever." (*Id.*) Again this is incorrect. To obtain a digital work through a BitTorrent swarm users must broadcast their IP addresses to one another. Anyone participating in the swarm or observing the swarm can identify the IP addresses participating in the downloading and uploading of the digital work. Therefore, any reasonably technology-savvy individual could identify the IP addresses that participated with Defendant in the BitTorrent swarm. Plaintiff observed the IP address associated with Defendant interacting with numerous other IP addresses in a BitTorrent swarm that contained Plaintiff's copyrighted work. Defendant fails to provide any evidence to the contrary.

### III. DEFENDANT FAILS TO PROVIDE A VALID BASIS FOR WHY AN AWARD OF SANCTIONS IN APPROPRIATE

In addition to the fact that Defendant's arguments are erroneous, Defendant fails to explain why he is entitled to sanctions based on his arguments. (*See generally* ECF No. 50.) Even if

---

[1] To highlight Defendant's confusion regarding how ISPs handle IP addresses, immediately prior to claiming that his IP address regularly changes upon rebooting his modem, Defendant states that he "is assigned a static IP address from his ISP, a cable company." (*Id.*) By definition, a static IP address is one that *does not* change every time a modem is rebooted—Defendant likely has a dynamic IP address, as most consumers do.

Defendant's arguments were accurate—which they are not—they are not a basis to award sanctions against Plaintiff or Plaintiff's counsel. Instead Defendant's arguments are arguments on the merits of Plaintiff's claims that he could raise in his defense. As a result, Defendant's motion should be denied.

## CONCLUSION

The Court should deny Defendant's motion. Plaintiff identified Defendant prior to bringing this lawsuit against him. Defendant's arguments regarding sanctions are incorrect and are based on a misunderstanding of the procedures of ISPs and the relevant BitTorrent technology. Further, Defendant provides no valid legal basis for why his arguments, even if accepted, would entitle him to an award of sanctions against Plaintiff or Plaintiff's counsel.

DATED: May 25, 2013

Law Offices of Steven James Goodhue

By: /s/ Steven James Goodhue
Steven James Goodhue (#029288)
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
*Attorney for Plaintiff*
*AF Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on May 25, 2013, to:

Honorable G. Murray Snow *(*snow_chambers@azd.uscourts.gov*)
U.S. District Court
Sandra Day O'Connor Courthouse Suite 324
401 West Washington Street, SPC 82
Phoenix, Arizona 85003-7550

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205


/s/ Steven James Goodhue