David Harris
4632 E. Caballero ST
Number One
Mesa, AZ   85205
(480) 297-9546
troll.assassins@cyber-wizard.com

Defendant Pro Se

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| AF Holdings, LLC | Case 2:12-cv-02144-GMS |
| Plaintiff, | The Honorable G. Murray Snow |
| vs. | **Defendant's Motion to Strike and Objection to Plaintiff AF HOLDINGS' RESPONSE TO ORDER TO SHOW CAUSE (ECF 56)** |
| David Harris | |
| Defendant. | |

**NOTICE TO THE COURT**

In the event Defendant's argument stands on solid legal ground, but is unable to "articulate any plausible basis under the law for the relief he seeks" (ECF 57, 1 at 19), Defendant expects this Honorable Court to extend the leniency to a Pro Se litigant, a layperson unschooled in the procedure and practice of law, to the extent **JUSTICE DEMANDS!**

**DISCUSSION**

Under authority of FRCP 12(f)

Defendant submits to this court that, PLAINTIFF AF HOLDINGS' RESPONSE TO ORDER TO SHOW CAUSE (ECF 56) is scandalous to the point Plaintiff should be held in contempt of court, is reprehensible and accordingly Defendant Motions to Strike the offensive document in its entirety.

One or two improprieties have occurred here:

**EITHER**

Plaintiff's Counsel in the instant case is testifying to information he has no personal knowledge of, which is defined in the Federal Rules of Evidence as hearsay and is not admissible.

**AND/OR**

John Steele and/or Paul Hansmeier and/or Paul Duffy (hereafter Prenda) are testifying contrary to facts that this court is aware have already been established by the Central District of California Court (Case 2:12-cv-08333-ODW-JC Document 130) behind the signature of Plaintiff's Counsel in the instant.  This Court is aware Prenda was Ordered to appear before Judge Wright to discuss the very issues Plaintiff was ordered by this Court to and did respond to.   Prenda did appear before the California Court, however, faced with being cross-examined invoked their 5th Amendment right to not bear witness against themselves leaving Judge Wright no alternative, but to extract adverse inferences based on testimony, documents and all other evidence before him.  Now Prenda appears before this Court in Plaintiff's Ordered Response in an attempt to defraud this Court for the purpose of continuing their vexatious lawsuit and malicious prosecution of Defendant.

Regardless of which, one or both of these scenarios is true, any reasonable thinking person comes to the same conclusion for the simple reason the evidence is in the content and the lack of content[1] of the document, this artifice is blatantly transparent. Does Plaintiff really think this Court would believe Alan Cooper, friend and groundskeeper of John Steele the original attorney of record for Plaintiff signed the copyright assignment for his client AF Holdings, I mean really? (ECF 56, Response) It is easy to fathom why Prenda would only testify, albeit not worth the paper it is written on, under conditions that exempted them from being cross-examined.

It is well established in the Federal Judiciary that a person appearing before the

---

[1] Plaintiffs Counsel in his response cites several exhibits as attachments to the main document that simply do not exist in the court record.

1  court to answer questions, but instead invokes the 5th , will have all subsequent affidavits
2  stricken. *See:  SEC v . Hirshberg*, 173 F .3 d 846 (2d Cir. 1999), *In re Edmond*, 934 F.2d
3  1304, 1308 (4th Cir. 1991), *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir.
4  1990), *Klein v. Harris*, 667 F.2d 274, 287 (2d Cir. 1981 ) and *Dunkin' Donuts, Inc. v.
5  Taseski*, 47 F. Supp. 2d 867, 872-73 (E.D . Mich. 1999).

6       Plaintiff's Counsel states:  "The assignment in this case is valid irrespective of the
7  potential issues raised by Alan Cooper's repudiation"(Response 2 at 15).  Valid or not it
8  is a forged instrument and cannot be entered as evidence.

9       Even if Plaintiff's Counsel is correct, which he is not, Plaintiff did not own the
10 copyright at the time of the alleged infringement, therefore lacks standing to bring suit
11 against Defendant.  Defendant reiterates that this Court lacks subject matter jurisdiction,
12 regardless of its opinion, it erred.  This Court states:

> [T]he Court notes for Defendant's information that one person can assign his legal right to sue another for copyright infringement, even if the assignment occurs after an alleged infringement (ECF 38, 1 at 17)

15 Even though Section 501(b) of the 76 Copyright Act unambiguously defines who may sue
16 for copyright infringement:

> The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right **committed while he or she is the owner of it** (emphasis added).

This Court goes on to explain the conditions that an owner of a copyright assignment may sue for infringement before the assignee was the owner of it:

> See Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 889–90 (9th Cir. 2005) (holding that the right to sue for past infringement can be transferred to another party so long as it is expressly included in the assignment along with the copyright); Giddings v. Vision House Prod., Inc., 584 F. Supp. 2d 1222, 1229 (D. Ariz. 2008); see also Davis v. Blige, 505 F.3d 90, 99 (2d Cir. 2007) ("An owner may also convey his interest in prosecuting accrued causes of action for infringement."). See Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 889–90 (9th Cir. 2005) (holding that the right to sue for past infringement can be transferred to another party so long as it is expressly included in the assignment along with the copyright) (ECF 38, 1 at 19).

The Defendant notes for the Courts information that a simple reading of the forged copyright assignment (Compl. Exhibit B) reveals that the requisite conditions stated by

1  this Court giving Plaintiff the right to sue for past infringement do not exist in the
2  language of the assignment, it is just not there.  Plaintiff's Counsel says it is, he even
3  quotes the excerpt from the assignment in support of his misrepresentation of a material
4  fact: "and all claims and causes of action of respect to any of the foregoing, whether now
5  known or hereafter to become known"(ECF 35, 3 at 9).  Nowhere in the assignment is
6  any accrued claims or transfer of claim(s) to another party mentioned whatsoever.  The
7  cause of action in the instant accrued on July 13th, 2011 when Plaintiff filed the original
8  DC case, that is more than a month after the effective date of the forged assignment. This
9  explains why the accrued cause of action is absent from the forged instrument, **IT DID**
10 **NOT EXIST.**  Defendant **OBJECTS** to this fundamental error by this Court and to the
11 bias it caused against Defendant.
12         On January 5th ,2012 at 12:45pm Arizona Time, I receive a telephone call from
13 Mark Lutz calling from (786) 276-2506.  He identified himself as representing Prenda
14 Law, not AF Holdings, he gave me the option of sending Prenda Law $3,500.00 to 161 N.
15 Clark St. in Chicago, Il., Prenda Law's known office, or face having a law suit filed
16 against me.  He was not the employee of AF Holdings during the time frame Plaintiff's
17 Counsel claims he was.
18
19                          **PRAYER FOR RELIEF**
20 Defendant having shown good cause for the aforementioned reasons, prays this Court:
21 1.    Strike from the record PLAINTIFF AF HOLDINGS' RESPONSE TO ORDER
22       TO SHOW CAUSE (ECF 56) in its entirety.
23 2.    Dismiss with prejudice Plaintiff's false claims against Defendant in the instant
24       action.
25 3.    Find Plaintiff in contempt of this court and sanction appropriately.
26 4.    Any and all other relief this Court deems fair and just.
27
28 I swear or affirm and declare or certify, verify or state under penalty of perjury that the

foregoing is true and correct so help me God.

Executed this 27th Day of May, 2013

By: /s/ David Harris

David Harris
4632 E. Caballero St.
Number One
Mesa, Arizona 85205

Defendant Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th Day of May, 2013, a copy of the foregoing was filed electronically and served upon the following by operation of the Court's electronic filing system.

Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ 85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

Paul Ticen, Esq.
Kelly/Warner, PLLC
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
E-Mail:  paul@kellywarnerlaw.com

By: /s/ David Harris

///

///