David Harris
4632 E. Caballero ST
Number One
Mesa, AZ 85205
(480) 297-9546
troll.assassins@cyber-wizard.com

Defendant Pro Se

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

AF Holdings, LLC
Plaintiff,
vs.
David Harris
Defendant.

**Case 2:12-cv-02144-GMS**

The Honorable G. Murray Snow

**Defendant's Reply to Plaintiff's Response to Defendant's Motion for Show Cause Order and Sanctions against Plaintiff**

---

## NOTICE TO THE COURT

In the event Defendant's argument stands on solid legal ground, but is unable to "articulate any plausible basis under the law for the relief he seeks" (ECF 57, 1 at 19), Defendant expects this Honorable Court to extend the leniency to a Pro Se litigant, a layperson unschooled in the procedure and practice of law, to the extent **JUSTICE DEMANDS!**

## REPLY

To add perspective to Plaintiff's Counsel's statement that "defendant launches several derogatory remarks against Plaintiff and Plaintiff's counsel" (ECF doc.57). That is a red herring, completely irrelevant to this case, derogatory insofar as it expresses my low opinion of Plaintiff and Plaintiff's Counsel, but not derogatory insofar as it does not take away from or diminish the character of the Plaintiff or Plaintiff's Counsel. Plaintiff has repeatedly falsely called Defendant a thief without a shed of evidence to support his

uttering. **I DID NOT DOWNLOAD PLAINTIFF'S COPYRIGHTED SMUT.** That is the reason Plaintiff cannot produce a scintilla of evidence that I did. I can and will if need be prove that I did not download his film, however the burden is on the Plaintiff.

To give the court a point of reference to gauge the amount of restraint I have shown in these proceeding, please consider that falsely accusing a man of stealing in all honorable societies is fightin' words. Yet Plaintiff and Counsel continue to maliciously prosecute these false claims. I have done nothing more than expose them for what they are. **I HAVE SHOWN GREAT RESTRAINT!**

**ARGUMENT**

Counsel for the Plaintiff states Defendant raises two arguments he will address:

> 1) that Plaintiff did not identify the Defendant before bringing this action, and
> 2) Plaintiff cannot identify him by an IP address or determine which IP addresses with which he conspired.(Response, 2 at 2).

Regarding 1): That is exactly one hundred eighty degrees off the mark. Defendant's argument is that Plaintiff **DID** identify the Defendant before bringing this action, but not in an acceptable legal manor. That is the foundation of Defendant's argument and Counsel for the Plaintiff failed to address Defendant's argument. What he addresses in his response is a misrepresentation of what I said, that is what he addresses, dancing around the real issue for which Defendant moves this court to order Plaintiff to show cause, that being: **How did Plaintiff identify Defendant prior to bringing this action?**
Regarding 2): Counsel for the Plaintiff should know better than testifying to facts he has no personal knowledge of and are in dispute: **I DID NOT CONSPIRE WITH ANYONE AT ANYTIME WHATSOEVER, THAT IS A LIE!**

**DISCUSSION**

I. PLAINTIFF IDENTIFIED DEFENDANT PRIOR TO BRINGING THIS LAWSUIT (Response, 2 at 7).

This statement bolsters the need to have Plaintiff show cause. Plaintiff's insolence

is utterly fascinating, he states:

> Plaintiff did not need to issue subpoenas in this case to obtain Defendant's identity, because Plaintiff identified Defendant prior to bringing this action. Defendant's argument, therefore, has no relevance to this action. (ECF 57, 2 at 12)

Plaintiff identified Defendant prior to bringing this lawsuit, that is what Plaintiff's Counsel said, I agree and that is the problem, Plaintiff has not identified Defendant in this lawsuit, therefore has not established standing to sue. Plaintiff's Counsel's argument flies in the face of Federal court record:

> [D]efendants were named after the deadline of March 9, 2012 given by Judge Walton [id at DC case docket minute order by Judge Walton]:
> [i]t is ORDERED that the limited discovery authorized by this Court's September 8, 2011 Order shall close on March 2, 2012 It is further ORDERED that the plaintiff shall name and serve the defendants in this action by March 9, 2012. Signed by Judge Reggie B. Walton . . .
> The Plaintiff failed to comply with Judge Walton's order, in the alternative filed a rule 41 Notice to Dismiss [id at DC case doc 34] without prejudice . . . (Answer 4 at 22)

Judge Walton closed the limited discovery on March 2nd , 2012 and ordered Plaintiff to serve me by March 9th , 2012 it is in the aforementioned limited discovery that Plaintiff identifies me and then hides that fact from the court by not naming and serving Defendant within the time frame allowed. In fact Plaintiff went against the Order of the court, ordering that Plaintiff not use any of the personal information obtained from my ISP except for the purpose of the complaint filed in DC. *See AF Holdings v Does 1-1140 Case 1:11-cv-01274-RBW* filed in the District of Columbia. Against that order filed this action on October 9th , 2012. However Plaintiff's Counsel filed the instant action as an original action (cover sheet). Regardless of Plaintiff's continuing pattern of dishonesty it is not only appropriate, but necessary for Counsel of the Plaintiff to show cause why his bogus claims against Defendant should not be permanently dismissed. An IP address is not a person and cannot be sued, Plaintiff cannot connect me to any IP address whatsoever, therefore has no standing to bring this suit. None.

If this behavior Plaintiff has engaged in is deemed legitimate, then I would ask this court to extend to Defendant a little of that leniency it talks about and on it's on motion

dismiss the claims Plaintiff charged against me for failure to prosecute as 6 months passed after the deadline set by the DC court to name and serve Defendant came and went or in the alternative have Plaintiff show cause why it shouldn't.

The question that begs to be answered is: How did Counsel for the Plaintiff identify me? I submit to this Court Plaintiff identified me by the aforementioned, albeit unlawful tactic described above.

II. DEFENDANT MISUNDERSTANDS THE RELEVANT PROCEDURES AND TECHNOLOGY (Response, 2 at 15). Counsel for Plaintiff must have bumped his head prior to writing this section of his response, I will not dignify this piece of tripe with a reply.

III. DEFENDANT FAILS TO PROVIDE A VALID BASIS FOR WHY AN AWARD OF SANCTIONS IN APPROPRIATE (Response, 3 at 19). Is this really the kind of things lawyers say, is it? All he had to do is name an IP address that is associated with me at the time(s) of the alleged conspiracy with the 308 Does he subpoenaed, he did not, he will not, for the simple reason that if he does, he knows I will present documentation from my ISP proving he is a liar and that he can not tie me to the co-conspirators that Counsel for Plaintiff manufactured in his mind. Still, Plaintiff is laughing all the way to the bank as they have over 300 new marks to target their extortion scheme on. Hopefully the amount of exposure has curbed Plaintiff from sending extortion letters, for now.

## CONCLUSION

Counsel for Plaintiff offers nothing more than gibberish, his response is completely void of any truthful or logical reason why he should not have to show cause for the reasons Defendant outlined in his Motion, if fact his response raises more questions and answers none. Defendant having shown good cause that Plaintiff has not met the *prima facie* requirement to establish standing to bring the instant and the burden

of proof being on the Plaintiff, this Court must grant Defendant's Motion to Show Cause.

I swear or affirm and declare or certify, verify or state under penalty of perjury that the foregoing is true and correct so help me God.

Executed this 2nd day of June, 2013.

By: /s/ David Harris

David Harris
4632 E. Caballero St.
Number One
Mesa, Arizona 85205

Defendant Pro Se

///

///

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd Day of June, 2013, a copy of the foregoing was filed electronically and served upon the following by operation of the Court's electronic filing system.

Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ 85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

Paul Ticen, Esq.
Kelly/Warner, PLLC
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
E-Mail: paul@kellywarnerlaw.com

By: /s/ David Harris

///

///