Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ 85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**PLAINTIFF'S RESPONSE TO THE LODGED PROPOSED NON-PARTIES' REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, hereby responds to the Lodged Proposed Non-Parties Reply to Plaintiff's Response Order to Show Cause as follows:

On June 4, 2013, certain non-parties lodged a response with the Court pending the Court's ruling on their motion for leave to file. (ECF 62.) Subject to its objection to the non-parties' attempts to proceed pseudonymously and interject arguments on behalf of the actual parties, Plaintiff hereby respectfully responds to the substance of the lodged response. The non-parties' lodged response is as instructive for what it *does not* contain as for what it *does* contain. Plaintiff first

responds to the substance of the non-parties' lodged response and then identifies the uncontested arguments which are dispositive to the issues raised by the Court's order to show cause.

### I. THE NON-PARTIES' FIRST ATTACK RELIES ON A FALSE PREMISE

The non-parties' first attack is that "Mr. Steele's purported limited involvement...cannot survive scrutiny in light of these GoDaddy documents establishing that Mr. Steele indeed used Mr. Cooper's identity, and undoubtedly his electronic signature when accepting GoDaddy terms and conditions." (ECF No. 62 at 3.)  This premise is simply false.  Steele expressly stated that his first attempt to help Cooper was helping him start a business through which Cooper could capitalize on opportunities.  (ECF 56 at 6) ("Eventually, Steele and Cooper agreed that Steele would help Cooper form a business entity that would allow Cooper to pursue these opportunities."); (ECF 59-4 at ¶ 8) ("I agreed to help him set up a company for him and help him out in getting started in his business.").  The GoDaddy documents corroborate Steele's testimony.

Steele's offer to make an introduction to Plaintiff occurred only after it was clear that Cooper was not going to follow through on the ideas that Steele proposed to him.  (ECF 56 at 6) ("Cooper ended up not moving forward with the ideas Steele proposed to him, but he continued to express interest in connection with people in the industry to learn more about the business."); (*see also* ECF 59-4 at ¶¶ 9-11.)  Because the non-parties' first attack on Plaintiff's response relies on a false premise, Plaintiff respectfully submits that the Court should reject it.

### II. THE NON-PARTIES' SECOND ATTACK LACKS SUBSTANCE

The non-parties' second attack is that testimony in a different proceeding, "undeniably directly contradicts Steele's declaration." (ECF 62 at 5.)  Examples would normally accompany such an emphatic statement, but the non-parties do not provide a single example of how the two testimonies are contradictory.  (*See generally id.*)  There is nothing contradictory between Steele's affidavit and the non-parties' summary of the testimony in question.  The non-parties appear to

confuse the concept of *supplementary* facts with the concept of *contradictory* facts. At the deposition referenced by the non-parties, the deponent stated that Steele was Plaintiff's connection to Cooper. *Ingenuity 13 v. John Doe*, No. 12-cv-08333 (C.D. Cal. Mar. 7, 2013), ECF No. 71 at 149:10-13. Further, the deponent stated that at the time of the deposition, Steele could not provide Plaintiff with many of the facts regarding Cooper's repudiation due to the lawsuit Cooper filed against Steele. *Ingenuity 13 v. John Doe*, No. 12-cv-08333 (C.D. Cal. Mar. 7, 2013), ECF No. 71 at 126:19-127:2. Steele is now able to provide Plaintiff and the Court with more facts regarding Cooper's involvement. Far from contradicting the deposition in question, Steele's testimony supplements the deposition testimony to provide a more complete picture of the background of Cooper's repudiation. For these reasons, Plaintiff respectfully submits that the Court should reject the non-parties' second attack on Plaintiff's response.

### III. THE NON-PARTIES' THIRD ATTACK IS MERELY AN ATTEMPT TO IMPUGN STEELE'S CHARACTER

The non-parties' third attack on Plaintiff's response does not go to its merits, but instead is merely a character attack on Steele which casts him as retaliatory, vengeful, and threatening. (ECF 62 at 5-6.) There are at least two obvious problems with this attack. First, character attacks are not relevant to the issues before the Court. Second, the non-parties' character attacks are completely unsubstantiated. While the non-parties make reference to voicemails purportedly left by Steele, they do not identify actual retaliatory, vengeful, or threatening content in them. (*See generally id.*) Based on Plaintiff's review of the purported voicemails, they appear to contain dialogue that is associated with routine litigation matters. For example, Steele inquires whether Cooper will be represented by counsel in a lawsuit, attempts to arrange a mutually convenient time to schedule discovery motions and notifies Cooper of impending default proceedings. *Ingenuity 13 v. John Doe*, No. 12-cv-08333 (C.D. Cal. Mar. 13, 2013), ECF No. 79-1. While Cooper may not enjoy being sued for, *inter alia*,

destroying Steele's guest cabin with a chainsaw, Cooper's disdain for such litigation does not speak to Steele's character.

IV. **THE NON-PARTIES IMPLIEDLY CONCEDE PLAINTIFF'S CORE ARGUMENTS**

Perhaps the most notable aspect of the non-parties' lodged response is what it impliedly concedes. While the non-parties attempt to undermine Steele's statements regarding Cooper's repudiation, the non-parties leave unchallenged Plaintiff's core arguments regarding the relevance—or lack thereof—of the issues raised by the repudiation. The non-parties, for example, appear to have no rejoinder for Plaintiff's contention that the assignment is valid irrespective of Cooper's repudiation because it is: 1) written; and 2) signed by the assignor. (*See generally* ECF No. 62.) Further the non-parties fail to articulate any link between Cooper's repudiation and the merits of Plaintiff's claims against Defendant. (*Id.*) Plaintiff continues to believe that it has a viable copyright infringement claim against Harris and that its pleadings state *prima facie* claims arising from Defendant's infringing activity.

V. **THE NON-PARTIES' EXHIBITS CONSTITUTE INADMISSIBLE EVIDENCE**

Plaintiff objects to the introduction of the non-parties' lodged exhibits into evidence. The exhibits are not authenticated, are irrelevant in that they concern other litigation and contain inadmissible hearsay. There are substantial grounds for concerns regarding the accuracy of the non-parties' assertions, which are based on these exhibits. For example, the non-parties suggest that Steele formed a Minnesota company—VPR, Inc.—on Cooper's behalf. Yet, a basic search of the Minnesota Secretary of State's business records reveals that "VPR" was registered as an assumed name on March 14, 2003 by a Jonathon Vincent Martin. No other companies by the name "VPR" appear in search results. Basic errors like this should undermine confidence in the non-parties' assertions and the exhibits underlying them.

**CONCLUSION**

For the reasons set forth above, the Court should reject the arguments raised by the non-parties.

Dated this 6th day of June, 2013

                Law Offices of Steven James Goodhue

                By: /s/ Steven James Goodhue
                    Steven James Goodhue (#029288)
                    9375 East Shea Blvd., Suite 100
                    Scottsdale, AZ  85260
                    *Attorney for Plaintiff*
                    *AF Holdings, L.L.C.*

I hereby certify that on June 6, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on June 6, 2013, to:

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205

Paul Ticen, Esq.* (paul@kellywarnerlaw.com)
Kelly/Warner, PLLC
404 S. Mill Ave, Suite C-201
Tempe, Arizona  85281

/s/ Steven James Goodhue