Paul D. Ticen (AZ Bar # 024788)
**Kelley / Warner, P.L.L.C.**
8283 N. Hayden Rd., #229
Scottsdale, Arizona 85258
Tel: 480-331-9397
Dir Tel: 480-636-8150
Fax: 480-907-1235
Email: paul@kellywarnerlaw.com

Attorney for Non-Party Subpoena Targets

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | Case No.: 2:12-cv-02144-PHX – GMS<br><br>**NON-PARTIES' REPLY TO PLAINTIFF'S RESPONSE TO THE NON-PARTIES' LODGED PROPOSED REPLY RE ORDER TO SHOW CAUSE** |

Non-parties, who are identified by IP Address Nos. 72.223.91.187, 68.230.120.162, 68.106.45.9, 68.2.87.48, 98.165.107.179 and 68.2.92.187 and targeted through a subpoena duces tecum issued in connection with this matter, hereby submit a reply to Plaintiff's response filed this morning.

Non-parties have an interest in the litigation. Plaintiff attempted to target the non-parties through a surreptitiously issued subpoena, premised on a extremely questionable facts that purportedly support a conspiracy, so it could shake down the non-parties and other internet subscribers for the primary reason to shake them down for settlement dollars. Further, non-parties have incurred substantial attorneys' fees to prevent harassment and protect against a subpoena issued in bad, giving them an interest

1

in the show cause hearing and potential sanctions. (See *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425, 428-429 (9th Cir. 2012) (where plaintiff acts in bad faith with respect to issuance of a subpoena, it is appropriate to award sanctions both to subpoena recipient and to affected non-party with interest in subpoenaed information).

Plaintiff curiously argues that the Court should disregard GoDaddy.com, LLC records because they lack authenticity and somehow support Mr. Steele's affidavit.

Attached is a letter from GoDaddy.com, LLC to Attorney Paul Godfread dated April 30, 2013, which includes a Certificate of Authenticity. (See **Exhibit 1** attached hereto). Further, Plaintiff's incredulous claim that the records support Mr. Steele's affidavit that he (Steele) agreed to set up a "porn" business for Mr. Cooper, reinforces the need to compel Mr. Steele to Arizona to testify and be subject to cross-examination. Plaintiff's claim makes zero sense on many different levels. It ignores a fundamental difference between agreeing to do something and affirmatively taking steps in accomplishing that something. And it doesn't explain the following facts:

- Why Mr. Steele set up the account initially under his own name and business address.
- Why a mere fifteen minutes later, switched the contact name to Mr. Cooper and the address from his business to a private residence where Mr. Cooper has never lived, in a state Mr. Cooper has never been to, but yet individuals who have connection to the Phoenix address include the names Jayme Steele and Tony Saltmarsh, whose last names bears a respective unique connection to Mr. Steele and Plaintiff's purported owner, the "Salt Marsh Trust."
- Why John Steele's personal e-mail address is the point of contact and Mr. Steele's credit card information as the payment method.
- Why GoDaddy.com, LLC customer service notes reflect an individual named "John" calling in during the 2011 and 2012 time frames, without any notes reflecting an individual by the name of "Alan" doing so.

2

- Why Mr. Steele registered, for Mr. Cooper's aspiring porn business, disparate domain names including "trannyboyswholovetheirtoys.com" and "iraqcarepackages.com."

And while undersigned counsel was under the mistaken belief that VPR, Inc. was registered in Minnesota, Plaintiff fails to mention that VPR, Inc. was registered in Nevada under the name Alan Cooper and with the above Phoenix address that is connected to Jayme Steele and Anthony Salt Marsh. (See **Exhibit 2** attached hereto).

The non-parties' provided examples of Mr. Hansmeier's deposition testimony that contradict Mr. Steele's purported limiting involvement of "agree[ing] to help him set up a company," "help him out in getting started with his business," and an offer to "connect" Mr. Cooper with Mark Lutz. (See Doc No. 62 at 4:5-17). The contradictions between the affidavit and Mr. Steel's business partner, Paul Hansmeier, are clear. And again support the need to compel Mr. Steele to Arizona to testify.

The non-parties' respectfully request that the Court grant leave to file their reply and exhibits.

RESPECTFULLY submitted this 7th day of June, 2013.

**KELLY / WARNER, PLLC**

By  /s/ Paul D. Ticen
Paul D. Ticen
8283 N. Hayden Rd., #229
Scottsdale, Arizona 85258
Attorney for Non-Party Subpoena Targets

3

**CERTIFICATE OF FILING AND SERVICE**

Pursuant to the Case Management/Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Manual") of the United States District Court for the District of Arizona, I hereby certify that on June 7, 2013, I electronically filed:

**NON-PARTIES' REPLY TO PLAINTIFF'S RESPONSE TO THE NON-PARTIES' LODGED PROPOSED REPLY RE ORDER TO SHOW CAUSE**

with the U.S. District Court clerk's office using the ECF system, which will send notification of such filing to the assigned Judge and to the following counsel of record:

Steven James Goodhue
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, Arizona 85260
E-Mail: sjg@sjgoodlaw.com
Attorney for Plaintiff

**KELLY / WARNER, PLLC**

By   /s/ Paul D. Ticen
Paul D. Ticen
8283 N. Hayden Road, #229
Scottsdale, Arizona 85258
Attorney for Non-Party Subpoena Targets

*Kelly / Warner, PLLC*
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397