**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF Holdings, LLC, a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>David Harris,<br><br>Defendant. | No. CV-12-02144-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Issuance of Subpoenas, (Doc. 39), Motion to Compel Production of Initial Disclosures from Defendant, (Doc. 40), and Motion to Strike Declaration of John Doe, (Doc. 45); Defendant's Motion for Sanctions and Show Cause Order, (Doc. 50), and Motion to Strike Response to Order to Show Cause, (Doc. 58); and Non Party Movants' Motion to Stay Litigation or Discovery, Motion to Quash Subpoena Duces Tecum, and Motion for Protective Order, (Doc. 44), Motion for Ruling on Motion to Stay Litigation or Discovery, (Doc. 46), and Motion for Leave to File Reply to Plaintiff's Response to Order to Show Cause, (Doc. 61). The Court rules on these Motions as discussed below.

As to Plaintiff's Motion for Issuance of Subpoenas, (Doc. 39), the Court stated in its previous Order, (Doc. 51), that Plaintiff is required to appear before the Court to show cause why it should not dismiss the case. The Court will defer ruling on Plaintiff's Motion until such a determination is made. The Court notes that it has provided further questions to which Plaintiff shall be required to respond at the continued hearing.

Plaintiff's Motion to Compel Production of Initial Disclosures from Defendant Harris, (Doc. 40), is granted as to the requested initial disclosures. Defendant Harris must produce initial disclosures pursuant to Fed. R. Civ. P. 26(c). The Court denies the requested sanctions but will grant such sanctions up to and including the striking of Defendant's pleadings and entering default against the Defendant if Defendant further fails to comply with the schedule set out in the Case Management Order, (Doc. 32), and/or to provide the disclosures to Plaintiff.

Plaintiff's Motion to Strike Declaration of John Doe, (Doc. 45), is granted.

As to Defendant's Motion for Sanctions and Show Cause Order, (Doc. 50), the Motion is stricken for its lack of civility. As this Court previously advised Defendant "this Court requires that Defendant treat it and opposing counsel in a civil manner even if Defendant disagrees with this Court or opposing counsel. Defendant may state the substance of his disagreement without engaging in sarcasm or demeaning terms. To the extent Defendant engages in such motion practice in the future, his motions are subject to being stricken." (Doc. 38.) While the Court appreciates that there may be derogatory nicknames common in the digital world for those engaged in strategic copyright enforcement like that in which Plaintiff may be engaged, Defendant may not use such derogatory terms in referring to Plaintiff's Counsel in its motion practice in this Court. Defendant also describes Plaintiff's activities in terms that are needlessly vulgar. To be sure, the Defendant has a right to be heard in this matter, and the Court desires to allow Defendant to be heard. The Defendant thus may refile his Motion if he wishes to do so, so long as he expurgates the derision, disrespect, and crudity that it currently contains.

Defendant's Motion to Strike Response to Order to Show Cause, (Doc. 58), is also denied. The Court notes that it will not reconsider its holding, (see Doc. 38 at 1), that a copyright assignment that grants "all claims and causes of action of respect to any of the foregoing, whether now known or hereafter to become known," (see Doc. 1, Ex. B), allows an assignee to sue for past infringement even if that assignee did not hold the copyright at the time of infringement. Further, Defendant's concerns regarding the

validity of the assignee's signature on Plaintiff's copyright assignment shall be considered at the hearing on the Order to Show Cause.

As to Non Party Movants' Motion to Stay Litigation or Discovery, Motion to Quash Subpoena Duces Tecum, and Motion for Protective Order, (Doc. 44), and Motion for Ruling on Motion to Stay Litigation or Discovery, (Doc. 46), the Court will address generally the concerns described therein at the hearing on the Order to Show Cause. Further, the Court has stayed this action pending the determinations made at that hearing. (*See* Doc. 51 at 2.) Therefore, the Motions are denied as moot. Finally, the Motion for Leave to File Reply to Plaintiff's Response to Order to Show Cause, (Doc. 61), is granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Initial Disclosures from Defendant Harris, (Doc. 40), is **granted in part** and **denied in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Declaration of John Doe, (Doc. 45), is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions and Show Cause Order, (Doc. 50), is **stricken.** The Clerk of the Court is directed to strike this Motion.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Response to Order to Show Cause, (Doc. 58), is **denied**.

**IT IS FURTHER ORDERED** that Non Party Movants' Motion to Stay Litigation or Discovery, Motion to Quash Subpoena Duces Tecum, and Motion for Protective Order, (Doc. 44), is **denied**.

**IT IS FURTHER ORDERED** that Non Party Movants' Motion for Ruling on Motion to Stay Litigation or Discovery, (Doc. 46), is **denied.**

/ / /

/ / /

/ / /

/ / /

1 **IT IS FURTHER ORDERED** that Non Party Movants' Motion for Leave to File Reply to Plaintiff's Response to Order to Show Cause, (Doc. 61), is **granted**.

Dated this 11th day of June, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge