**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF Holdings, LLC, a St. Kitts and Nevis limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>David Harris,<br><br>            Defendant. | No. CV-12-02144-PHX-GMS<br><br>**ORDER** |

The Court has granted Plaintiff's Motion to Continue Show Cause Hearing, (Doc. 68), under circumstances that require additional explanation as set forth below.  Because the hearing will be postponed, however, the Court supplements the questions to which it wishes Plaintiff to respond.  In its previous Order, the Court ordered Plaintiff to show cause why this Court should not dismiss this case and "[t]o the extent that Plaintiff asserts a right in the continuation of this case, Plaintiff is ordered to identify: (1) the persons who signed Exhibit B in the names of Raymond Rogers and Alan Cooper; (2) all persons who hold any interest in Plaintiff; and (3) if Exhibit B to the Complaint is in fact not signed by Alan Cooper and/or Raymond Rogers why Plaintiff and/or counsel should not be sanctioned pursuant to the Court's inherent power and Fed. R. Civ. P. 11 for filing a fraudulent document with this Court." (Doc. 51 at 2.)

Plaintiff is further ordered to respond to these additional concerns of the Court at the continued hearing:

(1)    Plaintiff apparently pursued litigation against Defendant Harris and 1,140

1    Doe Defendants for their involvement in the same "BitTorrent swarm" in another district.

2    *See AF Holding v. Does 1-1140*, 1:11-cv-01274-RBW, Doc. 1 at 4–5; Doc. 1, Ex. A at

3    20. (D.D.C. July 13, 2011). Plaintiff voluntarily dismissed that case, stating that "Plaintiff

4    is currently engaged in settlement negotiations with a substantial number of putative Doe

5    Defendants." *Id.*, Doc. 34 at 2. The court in that case authorized Plaintiff to serve

6    subpoenas against the ISPs to identify the subscribers to the IP addresses involved in the

7    same BitTorrent swarm that is the subject of this lawsuit. To the extent that Plaintiff

8    previously sought and received such discovery in the action in the other district, why

9    should the Court re-authorize it here?

10        (2)    Pursuant to 17 U.S.C. § 504, Plaintiff may not pursue actual damages

11    against some Defendants in a lawsuit and statutory damages against other Defendants

12    while maintaining all Defendants as parties to the same suit. *See Nintendo of Am., Inc. v.*

13    *Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994). To the extent that Plaintiff elects

14    to pursue statutory damages in a lawsuit, it is allowed a single recovery for "all

15    infringements involved in the action, with respect to any one work, for which any one

16    infringer is liable individually, or for which any two or more infringers are liable jointly

17    and severally." 17 U.S.C. § 504(c)(1). In such cases, the minimum amount of statutory

18    damages for all acts of infringement for which joint and several liability are sought to be

19    imposed is merely $750. *Id.* The maximum amount of statutory damages is $30,000. *Id.*

20    Plaintiff has already brought a suit against infringers involved in the same BitTorrent

21    swarm in which Defendant was involved, but then dismissed that suit after settling its

22    claims against a number of persons who participated with Defendant in that swarm. To

23    the extent that Plaintiff has now reasserted the same claims resulting from the same

24    swarm in a different court, would those previous settlements have caused Plaintiff to

25    forfeit, or otherwise affect Plaintiff's current claims in this case?

26        (3)    By the same statute, the award election allows Plaintiff certain benefits and

27    detriments with respect to either remedy chosen by the Plaintiff for copyright

28    infringement.  That is, there are certain benefits to Plaintiff to electing statutory damages,

1    (e.g. minimum damage amounts), accompanied by certain detriments (e.g. maximum

2    damage amounts for all infringing activity). There are certain benefits to Plaintiff to

3    electing actual damages (e.g. no maximum damage amounts) accompanied by certain

4    detriments (no minimal damages amounts). Why would it not be an abuse of Congress's

5    purposes in allowing such elections, and an abuse on the federal court system, to allow

6    Plaintiff to file suits against the same Defendants in multiple districts for participation in

7    the same BitTorrent swarm, conduct settlement of such claims in some districts without

8    making the election, and then continue to prosecute such claims in other districts without

9    acknowledging that they have independently settled some of the claims against some of

10   Defendants alleged co-conspirators?

11        (4)    It occurs to the Court that if Plaintiff wishes to make separate elections as

12   to multiple defendants involved in the same BitTorrent swarm, then it must bring separate

13   lawsuits, or at the least, separate claims in which it does not pursue a theory of joint and

14   several liability. *See Nintendo*, 40 F.3d at 1010; *Louis Vuitton Malletier, S.A. v. Akanoc

15   Solutions, Inc.*, 658 F.3d 936, 947 (9th Cir. 2011). If Plaintiff asserts the right to make

16   separate elections in separate lawsuits, why shouldn't the Court take into account the

17   amount of settlements already achieved by Plaintiff with respect to the other participants

18   in the same BitTorrent swarm?  Further, why should the Court not require Plaintiff to file

19   separate lawsuits as against each separate Defendant against which it asserts a claim?  In

20   such a case on what basis should the Court grant Plaintiff's request for discovery?

21        (5)    Plaintiff will identify all other suits it has filed in any worldwide

22   jurisdiction involving the participants in the same BitTorrent swarm that is the focus of

23   this lawsuit. Further, with how many defendants and/or users has Plaintiff settled in those

24   other suits, including the D.D.C. case, based on the same BitTorrent swarm, and what

25   were the nature and amounts of those settlements?

26        (6)    The Court has obtained information that leads it to believe that Plaintiff has

27   already issued civil subpoenas to the ISPs that possess information regarding the IP

28   addresses of users allegedly involved in the same BitTorrent swarm as Defendant. (*See*

1    Doc. 44-1.) How many users on that list of IP addresses has Plaintiff previously sued as a

2    Doe Defendant or otherwise? With how many of those users, if any, has Plaintiff engaged

3    in settlement discussions in relation to this lawsuit, and what are the nature and amounts

4    of those settlements?

5          (7)    To the extent that Plaintiff nevertheless requests discovery as to

6    Defendant's "co-conspirators" for copyright infringement involved in the "BitTorrent

7    swarm," (*See* Doc. 39 at 1), the Court is inclined to require Plaintiff to provide a Notice,

8    attached to this Order, describing this case and the subscribers' rights, to be provided to

9    the ISP subscribers along with a copy of the Complaint. If Plaintiff objects to the issuance

10   of the Notice to subscribers or any language therein, it may bring such objections at the

11   hearing to the Court's attention.

12         (8)    Plaintiff states in its Response to the Court's Order to Show Cause that

13   "[Alan] Cooper participated in a limited number of transactions in the latter half of 2011,

14   including acknowledging two assignment agreements on behalf of AF Holdings." (Doc.

15   56 at 7.) Plaintiff is ordered to identify those two assignment agreements and the

16   circumstances surrounding Alan Cooper's signature on those assignments.  The Plaintiff

17   is further ordered to identify whether and if so how, either of those two assignment

18   agreements included the assignment attached to the Complaint in this matter.

19         (9)    State the nature of the authority that Alan Cooper has or had as a corporate

20   representative of AF Holdings and the financial interest that he has or had, if any, in AF

21   Holdings and/or its dealings. Provide any documents in the custody of AF Holdings that

22   demonstrate any interest held in AF Holdings by Alan Cooper prior to the date of his

23   execution of the assignment at issue here.

24         (10)   Identify the representative(s) at AF Holdings from whom Plaintiff's

25   counsel is receiving direction as to this litigation and the nature of their involvement.

26   (11)   As it pertains to the medical treatment sought by the Plaintiff the day before the

27   hearing, on June 6, 2013, the Court notes that the documentation provided seems to be

28   inconsistent in at least some respects with the Motion. The Court therefore requires

1    Plaintiff's counsel to lodge under seal, a supplemental pleading stating: (a) the medical

2    condition for which he sought treatment; (b) all documentation concerning any visits he

3    made to medical professionals on June 6, 2013; (c) identify who cautioned Plaintiff

4    against traveling until being evaluated by a specialist; and (d) all documentation

5    concerning any visits he subsequently made to a specialist as a result of the medical

6    condition for which he sought treatment on June 6, 2013.

7            **IT IS THEREFORE ORDERED** setting an Order to Show Cause Hearing to

8    address the above matters on **June 21, 2013 at 2:00 p.m.** in Courtroom 602, Sandra Day

9    O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-

10   2151.

11           Dated this 11th day of June, 2013.

12

13   _____

14                   /G. Murray Snow

15                   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT–DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA**

**A subpoena has been issued directing your Internet Service Provider ("ISP") to disclose your name.** Plaintiff seeks to issue the subpoena in a lawsuit for copyright infringement filed in the United States District Court for the District of Arizona, in Phoenix, Arizona  by Plaintiff AF Holdings, LLC. This is a civil, not a criminal, case. Plaintiff alleges that a computer with your internet protocol ("IP") address was involved in a BitTorrent swarm in which that computer downloaded an unauthorized copy of the movie "Sexual Obsession," a film to which Plaintiff holds the copyright. Plaintiff has thus far only been able to identify you as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

Plaintiff alleges, but has not yet proved, that you infringed the copyright of its movie. It alleges that you infringed its copyright because you are the owner of the IP address that participated in the BitTorrent swarm which resulted in the infringement of the movie. Plaintiff may in some future date seek to amend its complaint or otherwise bring a claim against you  that you may be jointly and severally or otherwise liable for the infringements of others with whom you conspired to infringe the copyright of its movie by participating in the same BitTorrent swarm.

**YOUR NAME HAS NOT YET BEEN DISCLOSED. YOUR NAME WILL BE DISCLOSED IN 21 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.**

Your name has not yet been disclosed. Plaintiff has given the Court enough information about your alleged infringement to obtain a subpoena to identify you as the owner of the IP address of a computer that participated in the BitTorrent swarm, but the Court has not yet decided either that you personally participated in the swarm or that you are liable for infringement. You can challenge in Court the subpoena that requests your identity. You have **21 days** from the date that you receive this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and Plaintiff cannot proceed against you until you are identified).

If you, or an attorney representing you, do not file a motion to quash by the end of the 21-day period, your ISP will send Plaintiff your identification information. Plaintiff may contact you, but may *not* release your name to the public or a third party without a Court Order.

**OTHER ISSUES**

**Challenging the subpoena:** To initiate a lawsuit against you in the District of Arizona, Plaintiff must establish jurisdiction over you in Arizona. If you do not live or work in Arizona, or visit the state regularly, you may be able to challenge the Arizona court's jurisdiction over you. If your challenge is successful, the case in Arizona will be dismissed, but Plaintiff may be able to file against you in another state where there is jurisdiction. Additionally, you can challenge "joinder," the fact that Plaintiff has sued ___ Defendants together, because Plaintiff must

establish that the alleged violations arose out of the same transaction, occurrence, or series of transactions and occurrences.

**Plaintiff must prove its claims against you:** Plaintiff has informed the Court that it seeks to discover your name to pursue its rights under the copyright laws. It is, therefore, possible that Plaintiff will assert that it has claims against you, or against someone who used your computer, in downloading its copyrighted movie. But, before getting damages from you in Court, Plaintiff would have to prove all of its claims against you personally. For example, a jury may determine that even though you are the owner of the IP address that participated in the BitTorrent swarm, you were not personally involved in the swarm. In such a case Plaintiff would not be able to get damages from you.

**Settlement:** It is also possible that Plaintiff will contact you to discuss the possibility of settling any claims it may have against you before adding you as a party to this lawsuit. Plaintiff has the right to propose such a settlement. The decision whether to participate in such discussions is entirely up to you.

**Damages:** If Plaintiff proves its case against you at trial, copyright law requires Plaintiff to elect between receiving either what are called (1) statutory damages or (2) actual damages against you. The statute requires Plaintiff to choose either actual or statutory damages for all persons in the same suit; in other words, Plaintiff may not choose to pursue one form of damages against you while pursuing another form of damages against another Defendant in the same suit.

**If Plaintiff elects statutory damages**, the Court may, in its discretion, award as little as $750 as total damages against all participants in a conspiracy to infringe a copyrighted movie, or as much as $30,000 for such infringement. That means, if Plaintiff proves its case against you, and if it elects statutory damages, the Court may hold you, and all other individuals that participated in the conspiracy with you together, liable to the Plaintiff for a total of as little as $750 and as much as $30,000 for all of the infringements that occurred as a result of the BitTorrent swarm in which your IP address allegedly participated. Plaintiff would only be entitled to recover the total amount awarded one time. It could recover some amount of the total award from among all participants, or it could recover the total amount from any single participant, who could then try to obtain contributions from other participants in the conspiracy.

In deciding the amount between $750 and $30,000 of statutory damages to award, the Court would consider, as one factor, that Plaintiff monitored the BitTorrent network to ascertain and bring claims against numerous users. The damages awarded may be limited to the extent that a considerable portion of the value of the copyright to Plaintiff comes from its strategic attempts to recover for copyright infringement. The Court, however, would also consider other evidence related to the extent and infringement of the copyright resulting from any infringing session.

**If, on the other hand, Plaintiff elects to recover actual damages**, the damages that it may recover are not limited to the amount between $750 and $30,000. It may recover either more or

less than that amount. Actual damages are usually measured by the loss Plaintiff suffered in the fair market value of its copyright due to the infringement. This is generally measured by what a willing buyer would have reasonably paid a willing seller for the movie or the value or profits that you or others with whom you conspired gained by using the movie. *Jarvis v. K2 Inc.*, 486 F.3d 526, 533–34 (9th Cir. 2007); *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 786 (9th Cir. 2006). If Plaintiff successfully proves that you were involved in a civil conspiracy, it may also be able to recover against you not only the fair market value of its loss for your infringement of its movie and/or the profits you gained by using it, but the value or profits that others in your conspiracy gained by using the movie. You may wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit if the Plaintiff should contact you proposing settlement.

## RESOURCE LIST AND REPRESENTATION

This Resource List can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena. If you live in or near Arizona or Phoenix, the second listing below provide referrals for local attorneys. The third listing contains important information, such as the Local Rules, Contact Information and answers to Frequently Asked Questions.

You also have the right to represent yourself in federal court if you wish to do so. Should you choose to do so you will be responsible for following the Federal Rules of Civil Procedure, and the local rules of Civil Procedure, both of which can be found on the Court's website (http://www.azd.uscourts.gov/).

American Bar Association

http://www.abanet/org/legalservices/findlegalhelp/home.htm

Arizona Bar Association

http://www.azbar.org

The District of Arizona

www.azd.uscourts.gov/