IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>David Harris,<br><br>Defendant. | No. CV-12-02144-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Issuance of Subpoenas, (Doc. 39), and Plaintiff's Motion to Seal Document, (Doc. 73). The Court rules on those Motions as follows:

Plaintiff's Motion to Seal Document is granted in part and denied in part. The document purports to be filed pursuant to the Court's Order setting a Show Cause Hearing, (Doc. 71). That Order directed "Plaintiff's counsel to lodge under seal, a supplemental pleading stating: (1) the medical condition for which he sought treatment; (b) all documentation concerning any visits he made to medical professionals on June 6, 2103; (c) identify who cautioned Plaintiff against traveling until being evaluated by a specialist; and (d) all documentation concerning any visits he subsequently made to a specialist as a result of the medical condition for which he sought treatment as a result of the medical condition for which he sought treatment on June 6, 2013." (Doc. 71). To the extent that Plaintiffs' counsel accordingly seeks to file Doc. 74 as responsive to that Order, his request is granted and that document is to be filed under seal.

Nevertheless, in that document, the Plaintiff makes a number of representations about certain facts and then informs the Court that "in light of the foregoing, I am not able to attend the rescheduled hearing on June 21, 2013." (Doc. 74 at 4.) To the extent that Plaintiff's counsel seeks to either: (a) excuse his presence at the hearing scheduled for June 21, 2013; (b) to inform the Court that separate counsel will appear on his and/or his client's behalf at that hearing; and/or (c) to again postpone such a hearing, any such attempt may not be filed under seal, and the Court declines to consider any such request or the reasons therefore until the request together with the information on which it is based, is filed in a document that is equally provided to Defendant so that he may comment thereon. Therefore, the Court will expect Plaintiff to be present at the hearing and be prepared to respond to all categories of information requested at the hearing currently scheduled, whether through Mr. Goodhue or otherwise, unless and until a separate appropriate request is made, upon which the Court can rule.

Further, in conjunction with the Doc. 74, which the Court authorizes to be filed under seal, the Court notes that the contents of the document are at best partially responsive to the Court's request. Mr. Goodhue has provided one medical record with Doc. 74 that appears to be inconsistent with the version of events he sets forth in Doc. 74. Further, Mr. Goodhue's version of events would have generated additional documents that he has yet to provide. Mr. Goodhue is required to continue to supplement the record with all the medical records and documentation indicated in Doc. 71. The Court's concern and interest in such documents comes from the following factual scenario.

On May 17, 2013, the Court set the original OSC hearing in this matter on May 31, 2013. (Doc. 51.) On May 21, Plaintiff filed a motion to continue, based on the personal request of Mr. Goodhue. (Doc. 52.) The next day, the Court granted the motion and set the OSC for June 7, 2013. (Doc. 55.) On June 5, after Plaintiff's counsel had been aware of the pending hearing for some time, the Court received a telephone call from the office of a local lawyer indicating that he had been requested to enter an appearance at the hearing, but had a conflict that prevented him from doing so. He informally inquired

on whether the Court would continue the hearing in order to allow another attorney to enter an appearance on Monday. In light of the fact that the Court had previously granted AF Holdings one continuance, AF Holdings had been aware of the new pending OSC date, and AF Holdings already had Arizona counsel in the action, the Court did not reschedule the hearing. The next day, the Court's judicial assistant received notice from Mr. Goodhue in the afternoon that he missed his scheduled flight from Denver to attend the OSC hearing the next day due to a medical emergency. He informed the Court that he would not be attending the hearing the next day. Mr. Goodhue thereafter filed a motion to continue, supplemented by a medical record reflecting a visit to Swedish Medical Center apparently signed by a physician's assistant who consulted with Plaintiff's counsel. (Doc. 64.) It is in this context that the Court requested the medical records from Mr. Goodhue that supported his version of events in failing to appear before the Court.

The Court notes that in Doc. 74, Mr. Goodhue specifies a number of visits and tests that would have resulted in records or documentation that should be provided to the Court that have not been presently provided. It is in this context, and the context of the apparent inconsistency between the information provided with Doc. 74, and the account set forth in Doc. 74, that the Court requires Mr. Goodhue to continue to supplement Doc. 74 by providing under seal copies of the tests he received at Swedish Medical Center Emergency Room on June 6 as well as the medical records and tests and records of office visits from his own physician as well as specialty physicians with whom he consulted as a result of the condition on or after June 6.

In the absence of responses to the questions of the Court concerning the discovery that it otherwise seeks in this action, and the apparent continued attempts by AF Holdings to postpone a hearing at which it would be required to respond to those questions, Plaintiff's Motion for Issuance of Subpoenas, (Doc. 39), is denied without prejudice to its renewal once Plaintiff complies with the information requested by the Court in the order set forth at Doc. 71.

/ / /

1    **IT IS THEREFORE ORDERED granting** Plaintiff's Motion for Leave to File
2 Sealed Document (Doc. 73).  To the extent that Plaintiff seeks to have that motion serve
3 also to address the hearing currently set for June 21, 2013, that Motion is **denied**.

4    **IT IS THEREFORE ORDERED** directing the Clerk of Court to file the
5 Supplement to Motion (Doc. 74) under seal.

6    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Issuance of Subpoenas,
7 (Doc. 39), is **denied** without prejudice.

Dated this 18th day of June, 2013.

*/s/ A. Murray Snow*

G. Murray Snow
United States District Judge