| | |
|---|---|
| 1 | David Harris |
| | 4632 E. Caballero ST |
| 2 | Number One |
| | Mesa, AZ   85205 |
| 3 | (480) 297-9546 |
| | troll.assassins@cyber-wizard.com |
| 4 | |
| | Defendant Pro Se |
| 5 | |

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

| | | | |
|---|---|---|---|
| 8 | | ) | |
| | AF Holdings, LLC | ) | |
| 9 | | ) | **Case 2:12-cv-02144-GMS** |
| | Plaintiff, | ) | |
| 10 | vs. | ) | The Honorable G. Murray Snow |
| | | ) | |
| 11 | David Harris | ) | **Defendant's Motion for Equitable** |
| | | ) | **Estoppel and Show Cause Order** |
| 12 | Defendant. | ) | |

13

14 _____

15 **BACKGROUND**

16    Alleged cause of action in the instant case is based on copyright infringement of

17 Plaintiff's copyright assignment transferring copyright ownership of a porn video,

18 *"Sexual Obsession",* to Plaintiff (Compl. 2 at 10).  The alleged infringement is based on

19 evidence discovered by Plaintiff's investigators (Compl. ¶23), '6881 Forensics' (Exhibit

20 A, 2 at 19), monitoring a Bit-Torrent swarm (hash tag not made known by Plaintiff)

21 Defendant's IP address allegedly participating in sharing the file.

22    Bit-Torrent does not create files out of thin air, it merely connects computers to

23 facilitate file sharing.  The original file had to be uploaded to a website that hosts content

24 and creates a .torrent file for users to load into the Bit-Torrent client they use, in order to

25 download the content.  Curiously, Plaintiff brings suit against individuals that share the

26 original file, but has never, to my knowledge pursued action against the original uploader,

27 the person who actually made the Bit-Torrent swarms possible in the first place.  It stands

28 to reason, this is the person to go after, the person who caused the most damage, in fact

1  without his contribution there would be no copyright infringement for the Plaintiff to
2  pursue whatsoever,  but Plaintiff shows no interest in pursuing action against him and
3  hear is the reason why:
4
5  **STATEMENT OF FACTS**
6  *Sexual Obsession* ("work") was originally uploaded to the Pirates Bay on April 1st,
7  2011, one week after *Heartbreaker Films* registered the copyright,  by the user who goes
8  by the screen name, Sharkmp4 (*see* Exhibit B).
9  Paul Oppold, Defendant in a Bit-Torrent case:  *First Time Videos, Llc, v. Paul
10  Oppold,* 6:12-CV-01493-CEH-KRS, in the Central District of Florida.   Mr. Oppold is
11  represented by Mr. Graham W. Syfert, Esq.,P.A.  On June 3rd, 2013, Defendant filed his
12  objection to Report and Recommendation of Magistrate, it is a masterful legal brief that
13  includes two serious issues relevant to this case that herein will be addressed.
14  Mr. Syfert hired an expert in monitoring Bit-Torrent swarms, Delvan Neville
15  (Exhibit C).  Mr. Syfert hired Mr. Neville to investigate two issues:
16  1.  To passively gather data regarding the use of a Bit-Torrent monitoring system ,
17  "6881 Forensics", for lawsuits involving copyright infringement.  The same
18  'company' used by Plaintiff in the instant action,
19  2.  To attempt to determine the likely identity of Pirate Bay user "Sharkmp4".
20  A thorough reading of Mr. Neville's Declaration (Exhibit C) shows that he did indeed
21  accomplish these two tasks.
22  Regarding the first issue, Plaintiff states in his complaint that: "Plaintiff employs
23  proprietary peer-to-peer network forensic software to perform exhaustive real time
24  monitoring of the BitTorrent-based swarm involved in distributing the Video" (Compl.
25  ¶21). Mr. Neville found that Plaintiffs witness, the technician of "6881 Forensics", Mr
26  Peter Hansmeier of "6881 Forensics" does **NOT** use proprietary software to monitor Bit-
27  Torrent swarms, but instead uses an open source Bit-Torrent client, meaning that in order
28  for him to enter a swarm and monitor it, he did it the same way all the other peers did.  He

loaded the .torrent file into his Bit-Torrent client and monitored the IP addresses he was uploading to and downloading the copyrighted "work" from. On the date and time of the alleged infringement in the instant action the copyright owner of the "work" is Heartbreaker films (Compl, Exhibit A) not Plaintiff. Mr. Neville's investigation seams to suggest that Mr. Hansmeier reverse engineered and modified the open source software he was using as evidenced by its anomalous behavior within the swarms.

Regarding the second issue, Mr. Neville's investigation identifies the person who is "Sharkmp4", the original uploader of the "work"[1]. That person is: John Steele, Defacto Officer of AF Holdings, the Plaintiff. Not only did Mr. Steele create himself a "honeypot" with all of the copyright infringement he created and later filed suit against, but he greatly diminished the value of the copyright he later purchased.

## DISCUSSION

Criminal Copyright Infringement is a Federal Crime under 17 U.S.C. § 506(a). The United States Criminal Resource Manual No. 1847 states:

> [T]here are four essential elements to a charge of criminal copyright infringement. In order to sustain a conviction under section 506(a), the government must demonstrate: (1) that a valid copyright; (2) was infringed by the defendant; (3) willfully; and (4) for purposes of commercial advantage or private financial gain. . .

It is apparent that "Sharkmp4" meets all the elements required to sustain a conviction for Criminal Copyright Infringement. The next question would be to what severity does Plaintiff's actions warrant? To answer that question we look to 18 U.S.C. § 2319, Section 2319 provides, in pertinent part, that a 5-year felony shall apply if the offense "consists of the reproduction or distribution, during any 180-day period, of at least 10 copies or phonorecords, of 1 or more copyrighted works, with a retail value of more than $2,500."

---

[1] This fact is based on the same evidence with which Plaintiff brought this suit against Defendant, that evidence being the offending acts came from the IP address registered to Defendant and Mr. Steele. That is a minimum as a reading of Mr. Neville's Declaration clearly show that there is far more evidence John Steele is "Sharkmp4" than there is evidence Defendant is the infringer in the instant.

18 U.S.C. § 2319(b)(1). With the millions of dollars of extorted settlements collected from Doe Defendants and default judgements there is no doubt the severity of "Sharkmp4"'s criminal infringement rises to the severity of a Federal Five Year Felony.

The Common Law Doctrine of Unclean Hands is well established within the Federal Judiciary, simply put a claimant in a civil suit can **NOT** prevail when the Plaintiff has done anything unethical in relation to the subject of the lawsuit.

**PRAYER FOR RELIEF**

For the aforementioned reasons Defendant request this Honorable Court to Order Plaintiff to Show Cause why this Court should not forward the information in this Motion to the United States Attorney for the District of Arizona for Criminal Prosecution of Plaintiff for the charge of Criminal Copyright Infringement in violation of 17 U.S.C. § 506(a) and 18 U.S.C. § 2319 a Federal Five Year Felony.

I swear or affirm and declare or certify, verify or state under penalty of perjury that the foregoing is true and correct so help me God.

Executed this 4th Day of July, 2013

By: /s/ David Harris

David Harris
4632 E. Caballero St.
Number One
Mesa, Arizona 85205

Defendant Pro Se

///

///

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th Day of July, 2013, a copy of the foregoing was filed electronically and served upon the following by operation of the Court's electronic filing system.

Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ 85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

Paul Ticen, Esq.
Kelly/Warner, PLLC
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
E-Mail: paul@kellywarnerlaw.com

By: /s/ David Harris

///

///