Nicholas Ranallo, Attorney at Law
SBN 275016
371 Dogwood Way
Boulder Creek, CA 95006
Phone: (831) 703-4011
Fax:    (831) 533 – 5073
nick@ranallolawoffice.com

Attorney for Joe Navasca

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AF HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOE NAVASCA, <br><br> Defendant | Case No.: 3:12-cv-02396-EMC <br><br> DECLARATION OF BRETT GIBBS |

1. I am an attorney duly licensed to practice in the State of California and before the District Court for the Northern District of California. This declaration is based on personal knowledge of the matters set forth herein.

2. I am formerly "Of Counsel" for Prenda Law, Inc. in California, and represented AF Holdings in that capacity in the instant matter, as well as multiple other cases throughout the state of California until approximately February, 2013.

3. As noted in my March 11, 2013, testimony before the Central District of California in the matter of Ingenuity 13 v. Doe, at all relevant times I was supervised by attorneys John Steele and Paul Hansmeier with regard to AF Holdings' litigation, including this case. John Steele and Paul Hansmeier were the attorneys who I was informed communicated with clients such as AF Holdings, and provided me with instructions and guidelines, which I was informed, originated from these clients, including AF Holdings.

4. I have reviewed the Affidavit of Mark Lutz filed in this case on May 13, 2013 (Doc. #80). I believe that the information provided in the fifth paragraph of that affidavit regarding my interactions with Mr. Lutz is not an accurate description of those events. I did not "from time to time" send certificates for Mr. Lutz to sign on behalf of the Salt Marsh Trust. I did not have the alleged conversations with Mr. Lutz. In fact, I did not know that Mark Lutz was directly affiliated with these companies, as an owner or otherwise, until months after filing the ADR Certification in this case.

5. Instead, I was specifically told by Mr. Hansmeier that Salt Marsh was the owner of AF Holdings, and that he, Salt Marsh, had read and understood the ADR handbook, and that I could go ahead and file the ADR Certification with the electronic signature of Salt Marsh. Again, I never spoke with Salt Marsh directly. Through my conversation with Mr. Hansmeier, I was under the impression that the Salt Marsh was an individual who had in fact complied with the Local Rule and that his original signature existed on a document that was being held by my then-employer, Prenda Law, Inc. Given that information, I proceeded to file the ADR Certification on that basis.

6. After I filed this case, I learned through a separate case filed in Minnesota that the assignment agreement may have been invalid because there was a dispute whether a signature on the agreement was in fact forged. Once alerted to this, I immediately discussed this matter with John Steele and Paul Hansmeier. They assured me that it was a valid signature, that the allegations were mere "conspiracy theories," and that I should have no concern in continuing to prosecute this and other AF Holdings' cases. I believe I was diligent in my factual and legal investigation of this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed on this 4th day of June 2013, in Mill Valley, California.

Declaration of Brett L. Gibbs

*[signature: Brett]*

Brett L. Gibbs, Esq.
38 Miller Ave., #263
Mill Valley, CA 94941

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of June, 2013, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

By: /s/
Nicholas Ranallo

# Exhibit A

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AF HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOE NAVASCA, <br><br> Defendant | Case No.: 3:12-cv-02396-EMC <br><br> DECLARATION OF BRETT GIBBS |

1. I am an attorney at law licensed to practice on California. My business address is 38 Miller Avenue, #263, Mill Valley, CA 94941.

2. My declaration of June 4, 2013 ("June 4 Declaration") is entirely true and accurate. I drafted and signed it in response to false statements in Mark Lutz's affidavit filed on May 13, 2013 in *AF Holdings LLC v. Navasca*, Case No. 3:12-cv-02396 (EMC) (N.D. Cal.) (Doc. #80) (Lutz Affidavit). I submit this declaration because John Steele, Mark Lutz and Paul Duffy have falsely and without any supporting evidence claimed that I lied or had an ulterior motive when I drafted, signed and filed the June 4 Declaration.

3. I was hired as "Of Counsel" and was never a partner, principal, manager or owner of Prenda Law. Contrary to the unsworn statements of others, I have never run, or claimed to run, Prenda Law. As I have consistently stated in my past declarations and court testimony, I was directed by Mr. Steele and Mr. Hansmeier during the entire time that I worked for Prenda Law. I have never testified or stated that I "essentially ran Prenda" or that I owned or managed the firm.

4. When I was employed by Steele Hansmeier PLLC, the predecessor to Prenda Law, I was told that Mr. Steele and Mr. Hansmeier would maintain all necessary contact with clients including AF Holdings. I was instructed not to contact AF Holdings directly, but to

Declaration of Brett L. Gibbs

communicate with it exclusively through Mr. Steele and Mr. Hansmeier. This continued when Steele Hansmeier became Prenda Law. Prior to late 2012, neither Mr. Steele nor Mr. Hansmeier ever mentioned that Mr. Lutz, whom I knew as a paralegal at the firm who handled phone calls, was an employee or manager at AF Holdings.

5. Even after Mr. Steele and Mr. Hansmeier first told me, in late 2012, that Mr. Lutz was the CEO of AF Holdings, they continued to discuss matters related to AF Holdings' cases with me without bringing Mr. Lutz into the conversation. They would ask me to deal with Mr. Lutz on routine matters, but never suggested that I discuss any important decision-making matters with him.

6. Mr. Lutz lied about his interactions with me in the Lutz Affidavit. Shortly after it was filed, I informed the principals of Prenda Law that it was not accurate. No follow-up declaration was filed to correct the Lutz Affidavit. When the Court decided to close the case, apparently based on untrue statements made in the Lutz Affidavit, I believed it was my responsibility to inform the Court that some of these statements were incorrect. Saying nothing would have implied that I agreed with Mr. Lutz's untrue statements and his attempt to mislead the Court.

7. I did not ask for and did not receive a quid pro quo for filing the truthful June 4 Declaration. I have not requested any *quid pro quo* for filing this declaration and none has been offered.

8. I have not disclosed any information which is protected from disclosure by attorney-client privilege. While Mr. Duffy, Mr. Lutz and Mr. Steele claim that I have disclosed such information, none of them has identified which statement in my June 4 Declaration purportedly violated attorney-client privilege.

9. Mr. Hansmeier told me that Salt Marsh was a real person who owned AF Holdings LLC. While I acknowledge that Salt Marsh is an unusual name, I had no reason, when I filed documents that I was told were signed by Mr. Salt Marsh, to question or suspect that Mr. Steele and Mr. Hansmeier were not being truthful.

Declaration of Brett L. Gibbs

10. When Mr. Hansmeier assured me that Prenda Law, my employer, had the original signature of Salt Marsh on file in its Chicago office, I believed that I would be able to produce it, if requested, and was thus in full compliance with Local Rule 5.1(c)(4).

11. I have not been relieved of "the obligation for a sanction in the amount of approximately $101,650" as Mr. Duffy claims. I remain jointly and severally liable for the $81,319.72 monetary sanction imposed by Judge Wright.

12. There are numerous other distortions and untruthful statements in the complaint letters to the California Bar Association signed by Mr. Lutz and Mr. Steele and in Mr. Duffy's Opposition to Defendant's Motion for Sanctions (Doc 98). I will respond to these at the appropriate time and in the appropriate forum. I do not want anyone to think that, by not addressing them in this case, I do not dispute them.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed on this 23 day of July 2013, in Mill Valley, California.**

Brett L. Gibbs, Esq.

# Exhibit "A"
# Declaration of Brett Gibbs - 4/11/2013

# DECLARATION OF BRETT L. GIBBS

I, Brett L. Gibbs, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all of the courts in the State of California. I have personal knowledge of the facts set forth below, and I could and would competently testify to them if called upon to do so.

2. I was previously "Of Counsel" to Prenda Law and was attorney of record for Prenda Law clients in connection with copyright litigation in California.

3. At some point in time in 2012, I was asked by John Steele and Paul Hansmeier, who I have previously referenced as "senior members" of Prenda Law in a declaration submitted in a California District Court,[1] to be a resource to answer questions and provide guidance in connection with certain copyright cases filed by attorneys hired by Prenda Law in Florida, including *Sunlust Pictures, LLC v. Tuan Nguyen*, Case No. 8:12 –cv- 01685 MSS-MAP (the "*Sunlust* Action"). If questions from the Florida counsel arose about issues that I was not familiar with or required decisions by Prenda Law's clients, I would raise them with John Steele and Paul Hansmeier and receive instructions from John Steele and Paul Hansmeier that I would then pass onto the Florida counsel.

4. For example, the decision to file the *Sunlust* Action was made by Messrs. Steele and Hansmeier, the settlement parameters were given to me by Messrs. Steele and Hansmeier, and it was Messrs. Steele and Hansmeier who gave me instructions concerning how to advise the Florida counsel in the *Sunlust* Action. Moreover, I believe that it was Mr. Steele that was responsible for locating the various Florida counsel to handle the litigation in Florida on behalf of Prenda Law.

5. I have no recollection of talking to Paul Duffy concerning the *Sunlust* Action prior to the Court's November 8, 2012 Order requiring "a principal of Prenda

---

[1] DKT. 58 in *Ingenuity 13, LLC v. John Doe*, Case No.: .2:12 – cv – 08333 ODW – JC.

1

1  Law, Inc." to attend that hearing. I no recollection of discussions with Mr. Duffy
2  relating to strategic decisions in this matter.
3     6.    I was told by either Paul Hansmeier or John Steele that Mark Lutz
4  would show up at the November 27, 2012 hearing in the *Sunlust* Action. I believe
5  that it was either John Steele or Paul Hansmeier that made this decision. I was not
6  part of the decision making process which led to Mark Lutz appearing at the
7  November 27th hearing.

9     I declare under the penalty of perjury under the laws of the United States of
10 America that the foregoing is true and correct. This declaration is executed on the
11 11th day of April, 2013, in Mill Valley, California.

                                   _____
                                          BRETT L. GIBBS

2