David Harris
4632 E. Caballero ST
Number One
Mesa, AZ   85205
(480) 297-9546
troll.assassins@cyber-wizard.com

Defendant Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF Holdings, LLC<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>David Harris<br><br>　　　　Defendant. | **Case 2:12-cv-02144-GMS**<br><br>The Honorable G. Murray Snow<br><br>**Defendant's Motion to Dismiss Plaintiff's Claims for Improper Change of Venue** |

## NOTICE TO THE COURT

In light of Plaintiff confessing at the OSC hearing, that the instant case is not an original case, but merely a "refiling" of the DC Case that Plaintiff alleged  Defendant is one of the eleven hundred forty joined John Doe defendants.  Please Note: Upon dismissing the cause of action Plaintiff alleged against the remaining John Does, assuming Defendant is one of those remaining Does lastly dropped from the case and assume Defendant is one of the Doe Defendants is exactly what you will have to do to connect Defendant with an infringer mentioned in the original filing, as a thorough review of **ALL DOCUMENTS** filed in the DC Case, you will not find any reference to the Defendant, it simply is not there, P E R I O D.  Be advised: Defendant's Motion is **NOT** challenging that this Court's personal jurisdiction over the Defendant is improper because of venue, Defendant's Motion challenges the deceptive and improper procedure that Plaintiff used to changed the venue, as Federal Law gives sole discretion to the Judge where the case was originally brought. Not to the Judge of the new forum and certainly

not to the Plaintiff!

## BACKGROUND

Defendant stated in his Answer to the Complaint:

> "Defendant denies each and every allegation in their entirety as stated in Plaintiffs Complaint including jurisdiction and venue, however for the purpose of Defendant's counterclaim against Plaintiff Defendant stipulates jurisdiction and venue is proper. Defendant specifically denies that Plaintiff has any capacity or authority to bring suite (sic) in this court or any court in the United States of America against this Defendant for the cause(s) of action claimed in the instant case . . . (Ans. 2 at 6)"

Defendant alleged then that Plaintiff had perpetrated a fraud upon this court by filing this claim against me in this District. Plaintiff has now admitted to these allegations and Defendant requests this Court take appropriate actions against Plaintiff for doing so.

## FACTS NO LONGER IN DISPUTE

Defendant disputed the fact asserted by Plaintiff that the instant action is an original case (Civil Cover Sheet and Ans. 2 at 10). Plaintiff has stipulated, admitted and confessed to this fact in his latest filing ECF 86.

Plaintiff states:

> [T]he Court is suggesting that Plaintiff's **refiling** of its lawsuit in this District is an abuse of Congress' intent or of the federal court system, then Plaintiff would note that doing so resolves personal jurisdiction and venue issues that remain controversial in BitTorrent-based infringement litigation. To the extent that the Court's question rests on the assumption that Plaintiff is filing consecutive lawsuits against the same group of individuals in multiple districts, then Plaintiff, as discussed, supra, would submit that it is not doing so—**except to the extent that it refiled its suit against Defendant Harris after determining his location** (ECF 86, 5 at 24)(emphases added).

Plaintiff arguing he filed the instant action to correct improper venue is simply a misrepresentation of a material fact, Plaintiff's counsel knows full well if venue was improper in the first place, which it is, but Plaintiff concealed this fact from the Court by dismissing the case and not naming and serving the defendants, Plaintiff knew that had the Court found out the state residence of the Doe defendants the Court would have no

1  choice but to remove all does not residing in DC from the case and if the Plaintiff had not
2  concealed that from this Court, then this Court would have concluded Plaintiff's
3  possession and use of Defendants personal information was and is being illegally and
4  inappropriately used in the instant action.
5       There is no evidence that at the time of filing the instant case that it originated in
6  DC and was then refilled in order to correct improper venue.  In fact quite the opposite is
7  true, as the Civil Cover Sheet shows the instant action is an original case this is also
8  indicated by the fact that Plaintiff added three counts that are mysteriously absent from
9  the original DC filing.

## DISCUSSION

The Plaintiff would have this Court believe that it did the right thing by changing venue of this action from the DC Court to the Arizona Court, as stated by the Plaintiff[1]:

> After it ascertained, inter alia, Mr. Harris' identity, Plaintiff dismissed the case without prejudice. Because Mr. Harris elected not to settle Plaintiff's claims, and because he resides in Arizona, Plaintiff elected to bring its case against him in this District in order to avoid any challenges to personal jurisdiction and/or venue(ECF 86, 4 at 1).

That certainly seems like the reasonable thing to do, however the legal procedure to change venue as out lined in 28 U.S.C. §1404 would have caused insurmountable hurdles for them to overcome in their pursuit against me so they simply chose to ignore the law and proceed in the fashion they have.

28 U.S.C. §1404 outlines the legal procedure to change venue in District Court:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The power of the court to transfer is limited to those districts or divisions where

---

[1]This statement is actually another bold faced lie by the Plaintiff: Defendant did **NOT** elect not to settle, Defendant did in fact, through the United States Postal Service "elect" to comply with their extortion letter, it is the Plaintiff that elected **NOT** to collect their extortion money. *(ECF 26-1 pg. 8)*

1  the case "might have been brought." 28 U.S.C. § 1404(a); American Standard, 487 F.
2  Supp. at 261, and authorities cited. Thus, a transfer would be denied where some
3  defendants would not be subject to jurisdiction or where the venue would be improper in
4  the transferee forum as to any defendant. See Hoffman v. Blaski, 363 U.S. 335, 344
5  (1960); In re Fine Paper Antitrust Litigation, 685 F.2d 810, 819 (3d Cir. 1982), cert.
6  denied, 459 U.S. 1156 (1983); Security State Bank v. Baty, 439 F.2d 910, 912 (10th Cir.
7  1971); Lamont v. Haig, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978). [cited in USAM
8  4-2.200]
9       Plaintiff could have re-filed their DC Case and motioned the Court to
10  transfer venue to the District of Arizona, but instead carried out this artifice to defraud
11  this Court in it's pursuit of retaliation against me.  A closer look at the DC Case clearly
12  shows why the Plaintiff chose this route instead of the legal one:
13       On February 29th, 2012 Plaintiff Voluntarily Dismissed, without prejudice this case
14  (Exhibit A).  After more than 6 months of collecting "settlements" from the 1140 co-
15  defendants, the Plaintiff couldn't risk re-filing the case and motioning for a change of
16  venue for the defendants that did not "pay up" that would just open to big of a can of
17  worms, wouldn't you agree?  Not only that, but on February 14th, two weeks prior to
18  Plaintiff dismissing the case Judge Walton ordered Plaintiff to name and serve the
19  defendants in this action by March 9th (Exhibit A), instead of risking having this case
20  dismissed for failure to prosecute for not following the order of the Court and that
21  Plaintiff had secretly received personal information on individuals through subpoenas
22  issued by the authority of the DC Court that Plaintiff and only Plaintiff knew was illegal
23  because of improper venue and because Plaintiff planned on and did use this information
24  to file suits like the instant, Plaintiff chose to defraud this Court and many others by not
25  complying with the order of the DC Court and naming and serving this, as well as other
26  co-defendants of the DC Case well after the deadline for Plaintiff to do so had come and
27  gone.  Including Mr. Trottier whom Plaintiff received a default judgement imposed by
28  this very Court (Case 2:12-cv-02136-GMS).

1  Plaintiff could not legally file this suit against Defendant as an original case because the
2  DC Court Ordered Plaintiff not to use any information it obtained from any ISP by way of
3  a rule 45 subpoena except for the sole purpose of the complaint filed in the DC Court
4  (Exhibit A).
5
6  **CONCLUSION**
7  Plaintiff having acted in bad faith, by filing this case as an original case, using
8  personal information it obtained in another district in violation of that Court's Orders in
9  an attempt to sidestep having to comply with the orders of that Court, whereas Plaintiff's
10 counsel knows or should know full well that a simple reading of 28 USC §1404 does not
11 authorize the Plaintiff or any other party of a civil action to change the venue it is left to
12 the sole discretion of the Court where the case was brought.  Plaintiff stating the instant
13 action is a refiling of the DC Case is a fallacy, based on a false premise and thereby
14 producing a false conclusion for the purpose of being able to continue to use this Court as
15 a tool against Defendant as no where in the DC Case is any mention of Defendant David
16 Harris whatsoever.  It is hereby determined that Plaintiff has a legal remedy, that is re-
17 filing the case it dismissed, and face Judge Walton in an attempt to persuade him to
18 transfer this case.
19 If this court does not have the authority to make decisions in a case in another
20 district, then it must dismiss the claims against Defendant with prejudice, thereby
21 remanding it back to Judge Walton in the District of Columbia.
22
23 **PRAYER FOR RELIEF**
24 For the aforementioned reasons Defendant Prays that this Honorable Court dismiss
25 all claims Plaintiff vexatiously filed against Defendant in this case and grant Leave of
26 Court to Defendant to amend his Counter Claim.
27
28 I swear or affirm and declare or certify, verify or state under penalty of perjury that the

1 foregoing is true and correct so help me God.

2 Executed this 18th Day of August, 2013

3 By: /s/ David Harris

4 David Harris
4632 E. Caballero St.
5 Number One
Mesa, Arizona 85205
6
Defendant Pro Se
7

8 **CERTIFICATE OF SERVICE**

9 I hereby certify that on this 18th Day of August, 2013, a copy of the foregoing

10 was filed electronically and served upon the following by operation of the Court's

11 electronic filing system.

12 Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
13 9375 East Shea Blvd., Suite 100
Scottsdale, AZ 85260
14 Telephone: (480) 214-9500
Facsimile: (480) 214-9501
15 E-Mail: sjg@sjgoodlaw.com

16 Paul Ticen, Esq.
Kelly/Warner, PLLC
17 404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
18 E-Mail:  paul@kellywarnerlaw.com

19 By: /s/ David Harris

20 ///

21 ///

22

23

24

25

26

27

28