WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>David Harris,<br><br>                    Defendant. | No. CV-12-02144-PHX-GMS<br><br>**ORDER** |

On June 18, 2013, the Court denied Plaintiff's Motion for Issuance of Subpoenas, (Doc. 39), without prejudice to its renewal once Plaintiff supplied information requested by the Court in its Order set forth at Doc. 71. Plaintiff supplied the information on July 19, 2013. (Doc. 86.) Although Plaintiff did not renew the Motion, the Court considered the supplemental briefing and conducted a hearing on July 19, 2013. At the hearing, Plaintiff declined to renew the Motion, citing the practical concern that the requested discovery would no longer be available. Nevertheless, in light of the proceedings held on July 19, the Court expresses its concerns with the requested discovery below.

This case is based on allegations that Defendant David Harris used a file sharing protocol, BitTorrent, to infringe on Plaintiff AF Holdings' copyrighted video, "Sexual Obsession" (the "Video"). Plaintiff requested the Court to authorize the issuance of subpoenas to identify the BitTorrent users that allegedly conspired with Harris to infringe on the Video. Plaintiff moved the Court to issue subpoenas on Internet Service Providers

("ISPs") to obtain the users' names, addresses, telephones numbers, e-mail addresses, and Media Access Control addresses. (*See* Doc. 39 at 1.) Plaintiff had identified the co-conspirators by their Internet Protocol ("IP") addresses but does not attach a list of those IP addresses, state the number of IP addresses it seeks to discover, or identify the ISPs upon which the subpoenas would be served.

For good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26. This action is at least the second action brought by Plaintiff for copyright infringement on the same work based on the same infringing swarm. On June 2, 2013, Harris alerted the Court to a previous action filed by Plaintiff in the District of Columbia, *AF Holdings, LLC v. Does 1–1140*, 1:11-cv-01274-RBW, involving a claim of copyright infringement on the Video. (Doc. 60 at 3); (*AF Holdings*, 1:11-cv-01274-RBW, Doc. 1, Complaint ¶ 3). That case in front of Judge Walton involved the same infringing BitTorrent swarm of which Harris is alleged to have been a member. The complaint contained the same IP address (70.176.202.3) and time of infringement (June 3, 2011, at 12:49 a.m.) as alleged in this action. *Compare* (Doc. 1, Complaint ¶¶ 22–23) *with* (*AF Holdings*, 1:11-cv-01274-RBW, Doc. 1, Ex. A at 20). At the hearing on July 19, Plaintiff submitted that Harris was identified in the D.C. case as involved in the same infringing swarm.

In that case, Judge Walton granted leave to take discovery to identify Doe defendants based on the same identifiers of names, addresses, telephones numbers, e-mail addresses, and Media Access Control addresses. (*Id.*, Doc. 4 at 1.) Plaintiff served the ISPs and "received substantially all of the outstanding identifying discovery" in the action and proceeded to settle its claims with a "substantial number of putative Doe defendants." (*Id.*, Doc. 34 at 1–2.) Before the hearing, Plaintiff contended that it "is not reasserting the same claims resulting from the same swarm in a different court . . . . [but] seeking discovery with respect to a different set of infringers and infringements than it did in the D.C. Action." (Doc. 86 at 4.) Although given the opportunity to do so, Plaintiff has not provided any information to support its assertion.

The risk of duplicative discovery here is substantial. In the D.C. case, Judge Walton authorized discovery on more than 1,000 IP addresses involved in the same swarm. Authorizing discovery on potentially the same ISPs and IP addresses would be doubly disruptive. At the hearing, Plaintiff's counsel conceded that a massive discovery campaign affecting numerous individuals would be a "huge burden on everyone." Plaintiff has not disclosed the IP addresses for which they request discovery to alleviate the concern of duplicative discovery.

The preferred approach for a party in Plaintiff's position is to file one miscellaneous action in the appropriate jurisdiction and subpoena information retained by ISPs in that and other jurisdictions. Further, if a swarm is ongoing, a plaintiff may renew those subpoenas. After obtaining discovery, the plaintiff could file individual actions against IP address holders in the districts where venue and jurisdiction is proper. Plaintiff had the opportunity to follow that approach once in the D.C. action. It will not receive a second bite at discovery in this District.

Further, there is a risk that Plaintiff will misrepresent to alleged infringers the potential range of damages based on a statutory award for copyright infringement in this case. The Copyright Act provides that a copyright infringer is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer or (2) statutory damages. 17 U.S.C. § 504(a). The copyright owner who brings a suit "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages. . . ." *Id.* § 504(c)(1). If an owner elects statutory damages, one award applies to "all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* "Stated another way, a plaintiff may receive a single statutory award for all infringements of any one copyrighted work from either (1) any one defendant, where that defendant is separately liable or (2) multiple defendants, where those defendants are jointly and severally liable." *Louis Vuitton*

*Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 947 (9th Cir. 2011).

Importantly, the D.C. case was voluntarily dismissed by Plaintiff because it was "engaged in settlement negotiations with a substantial number of putative Doe Defendants." (*AF Holdings*, 1:11-cv-01274-RBW, Doc. 34 at 2.) At the July 19 hearing, Plaintiff's counsel confirmed that Plaintiff had settled claims for infringements that resulted from the same swarm in which Harris participated and was at the center of both the D.C. action and this action.

If Plaintiff were to succeed on the merits and elected an award of statutory damages, the Court would take into account the amount of settlements made with the Doe defendants in the D.C. action to decrease any award of statutory damages. Because of the previous settlements with joint tortfeasors involved in the same infringing swarm, Plaintiff would not be entitled to the maximum amount of statutory damages of $30,000. There is a risk, however, that Plaintiff will not disclose that potential outcome to the alleged infringers when engaging in settlement negotiations with them after obtaining the requested discovery. It is in light of these concerns that the Court was not favorable to Plaintiff's request to issue subpoenas.

Dated this 20th day of August, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge