Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND CROSS-MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS FOR FAILURE TO PROSECUTE** |

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, hereby responds to Defendant's Motion to Dismiss and assert its Cross–Motion to Dismiss Defendant's Counterclaims for failure to prosecute, and in support of this Response and Cross-Motion, states as follows:

**INTRODUCTION**

On August 18, 2013, Defendant David Harris filed a motion to dismiss Plaintiff's complaint. (ECF No. 90.)  In addition, Defendant asked for leave to amend his counterclaims. Plaintiff does not

oppose Defendant's request to dismiss its claims. Plaintiff opposes Defendant's request for leave to amend his counterclaims. Finally, Plaintiff hereby moves to dismiss Defendant's counterclaims for failure to prosecute.

## DISCUSSION

### I. Plaintiff Does Not Oppose Defendant's Request to Dismiss Plaintiff's Claims

Defendant requests the dismissal of Plaintiff's claims. (*See id.* at 5.) Plaintiff does not oppose Defendant's request. The Court's Order regarding statutory damages (ECF No. 92) has changed Plaintiff's stance on further litigating this action. For this reason—and not for any of the reasons stated in Defendant's motion to dismiss—Plaintiff does not oppose Defendant's request to dismiss Plaintiff's claims.

For the record, Plaintiff disputes the ground on which Defendant seeks dismissal, namely, the notion that 28 U.S.C. § 1404[1] is a bar to the dismissal and refiling of a case in a different district than where the original action arose. Nothing in the venue statutes suggests that Defendant's legal arguments have any merit. Nor do any of the cases Defendant cites in his memorandum.

### II. Plaintiff Opposes Defendant's Request to Amend his Counterclaims

In the final sentence of his motion to dismiss, Defendant also requests, "Leave of the Court to Defendant to amend his Counter Claim." (ECF No. 90 at 5:26.) Plaintiff opposes this request. The Case Management Order issued in this case established a deadline of March 4, 2013 for amending pleadings and filing supplemental pleadings. (*See* ECF No. 33 at 2:21-23.) Defendant does not establish (or even attempt to argue) good cause for relief from the Case Management Order. (*See* ECF No. 90.)

---

[1] Defendant's citation to 28 U.S.C. § 1404 is inapposite. The venue statute applicable to copyright actions is 28 U.S.C. § 1400(a). *E.g.*, *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007).

2

**III.  The Court Should Dismiss Defendant's Counterclaims for Failure to Prosecute**

The Court should dismiss Defendant's counterclaims for failure to prosecute. To the extent that Defendant's counterclaims state a basis for relief, they should dismissed because Defendant has taken no action in furtherance of them. He has not taken any discovery, filed dispositive motions or otherwise prosecuted his claims. Further, Defendant refused to participate in the preparation of the case management conference; he failed to provide his Rule 26(a) Initial Disclosure Statement; and he refused to participate in good faith settlement talks. (*E.g.,* ECF No. 29.)

It is well-established that district courts possess the authority to manage their dockets and that this authority includes the power to dismiss a case for failure to prosecute. *See Hells Canyon Preservation Council v. U.S. Forest Service,* 403 F.3d 683, 689 (9th Cir. 2005). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

**A.  Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 900 (9th Cir. 1999). Given Defendant's failure to pursue his counterclaims for over seven months, this factor weighs in favor of dismissal. *Pagtalunan*, 291 F.3d at 639 (finding a failure to pursue a case for almost four months merited dismissal).

**B.  Court's Need to Manage its Docket**

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Defendant]." *Id.* In this case, Defendant has taken actions to avoid compliance with the Court's orders, including his duty to participate in the case management conference and to avoid the gratuitous use of invective. Further, Defendant's actions have

"consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* This factor weighs in favor of dismissal. *Id.*

### C. Risk of Prejudice to Defendants/Respondents

Defendant's dilatory tactics have prejudiced the counterclaim defendant: Plaintiff. Defendant already admitted to destroying the computer he owned when he was caught infringing on Plaintiff's works. Further, information Plaintiff would require to defend itself against Defendant's counterclaims—the identifying information of Defendants joint tortfeasors, for example—is destroyed in the ordinary course of business by Internet Service Providers. (*See, e.g.,* ECF No. 39.) Finally, there is no clear explanation for why Defendant has exhibited the delay he has. "Unnecessary delay inherently increases the risk that witness' memories will fade and evidence will become stale." *Pagtalunan*, 291 at 643. This factor weighs in favor of dismissal.

### D. Availability of Less Drastic Alternatives

The Court might consider less drastic alternatives, such as dismissing Defendant's counterclaims without prejudice. Other alternatives are unavailing because the issue before the Court's is Defendant's total lack of prosecution, not defiance of a single order or failure to prosecute a subset of his counterclaims. However, so long as the Court thoughtfully considers less drastic alternatives, this factor would weigh in favor of dismissal. *Id.* (upholding dismissal notwithstanding that the district court "did not consider less drastic alternatives….")

### E. Public Policy Favoring Disposition of Cases on Their Merits

Just as the public's interest in expeditious resolution of litigation will always favor dismissal, so too will the public policy favoring disposition of cases on their merits always weigh against dismissal. *Id.* However, in this instance, a cursory overview of the merits of Defendant's counterclaims demonstrates that dismissal will not alter the inevitable trajectory of Defendant's counterclaims. For example, one of Defendant's counterclaims is that Plaintiff violated Defendant's state constitutional right to privacy by serving Defendant with process via a process server. Defendant has no realistic chance of prevailing on this or any of his other counterclaims.

**CONCLUSION**

The Court should grant Defendant's motion to dismiss Plaintiff's claims, deny Defendant's request for leave to amend his counterclaims and grant Plaintiff's motion to dismiss Defendant's counterclaims.

Dated this 3rd day of September, 2013

                            Law Offices of Steven James Goodhue

                            By: _/s/ Steven James Goodhue_____
                                Steven James Goodhue (#029288)
                                9375 East Shea Blvd., Suite 100
                                Scottsdale, AZ  85260
                                *Attorney for Plaintiff*
                                *AF Holdings, L.L.C.*

I hereby certify that on September 3, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF.

**A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on September 3, 2013, to:

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205

Paul Ticen, Esq.* (paul@kellywarnerlaw.com)
Kelly/Warner, PLLC
404 S. Mill Ave, Suite C-201
Tempe, Arizona  85281


/s/ Steven James Goodhue