David Harris
4632 E. Caballero ST
Number One
Mesa, AZ   85205
(480) 297-9546
troll.assassins@cyber-wizard.com

Defendant Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| AF Holdings, LLC<br><br>　　　　Plaintiff,<br>vs.<br>David Harris<br><br>　　　　Defendant. | Case 2:12-cv-02144-GMS<br><br>The Honorable G. Murray Snow<br><br>**Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss and Defendant's Response to Plaintiff's Cross-motion to Dismiss Defendant's Counterclaims for Failure To Prosecute** |

### DISCUSSION

**I. Plaintiff Does Not Oppose Defendant's Request to Dismiss Plaintiff's Claims**

　　　　Under this heading Plaintiff presents the premise: "The Court's Order regarding statutory damages (ECF No. 92) has changed Plaintiff's stance on further litigating this action"(Resp., 2 at 6).  Concluding it is the Court's Order causing Plaintiff's claims to be dismissed, not Defendant's legal argument.  That conclusion is beyond the reach of stretching the imagination as the Court's Order states: "The copyright owner who brings a suit "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages. . . ." (ECF doc 92, 3 at 19).

**THEREFORE:**  Defendant will stipulate Plaintiff not opposing Defendant's Motion to dismiss.

　　　　Any reasonable thinking person can see that the logical thing and the thing that would be in the best interest of his client, that is if the aforementioned statement by the

1   Plaintiff's counsel in his response is true, then the Plaintiff's counsel should elect
2   statutory damages instead of actual damages.  It is not up to the Court to make that
3   decision for the Plaintiff and the Judge makes that perfectly clear in his order.
4       Plaintiff attempted to keep another secret from this Court, the fact that he had
5   already been awarded statutory damages in this case, however after being caught he
6   elected to seek actual damages from the Defendant, in order to keep his extortion racket
7   from being fully exposed.  The fact is Plaintiff has no actual damages, he can't have, as
8   he is not the copyright holder at the time of the alleged infringement, wherefore any and
9   all claims for infringement is pure speculation.
10      Plaintiff has not presented one shred of evidence that Defendant's argument does
11  not stand on solid legal ground.  His next paragraph clearly points out the fact that
12  Plaintiff will say anything, regardless of substance:   Plaintiff states:
13           For the record, Plaintiff disputes the ground on which Defendant
             seeks dismissal, namely, the notion that 28 U.S.C. § 1404(1) is a
14           bar to the dismissal and refilling of a case in a different district
             than where the original action arose. Nothing in the venue statutes
15           suggests that Defendant's legal arguments have any merit. Nor do
             any of the cases Defendant cites in his memorandum (Resp. 2 at 10).
16  And his footnote:
17
             Defendant's citation to 28 U.S.C. § 1404 is inapposite. The venue
18           statute applicable to copyright actions is 28 U.S.C. § 1400(a). E.g.,
             Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007)
19           (Resp. Footnote pg. 2).
20  This is an outrage!  Defendant does not seek dismissal on the notion that 28 USC §1404
21  is a bar to the dismissal as stated in Plaintiffs brief.  The grounds for Dismissal as clearly
22  stated in Defendant's Motion is Plaintiff's circumventing the statute, not the statute in and
23  of itself.   Plaintiff's footnote is laughable insofar as he alleges the statute that Defendant
24  cited is not applicable, and cites another as appropriate.  The thing is one does not cancel
25  out the other they are both appropriate and applicable in this situation and the Plaintiff is
26  bound by both, **funny** he is in violation of the one he cited as well.  This case was not
27  brought in a district where the Defendant resides, it was brought in the DC District and
28  was transferred to this district without the consent or knowledge of the District Judge
    presiding over the case namely Judge Reggie B. Walton.

| | |
|---|---|
| 1 | **II. Plaintiff Opposes Defendant's Request to Amend his Counterclaims** |
| 2 | Defendant agrees. |
| 3 | **III. The Court Should Dismiss Defendant's Counterclaims for Failure to Prosecute** |
| 4 | Upon further research Defendant has discovered that his Counter-Claims should |
| 5 | indeed be dismissed, but not for failure to prosecute.  There is no failure to prosecute as |
| 6 | the Counter-Claims will not accrue until the closing of the case.  Therefore Defendant has |
| 7 | failed to State a Claim upon which relief can be granted, for the simple reason his |
| 8 | Counter-Claims are unripe and should be dismissed.  This is well established within the |
| 9 | Federal Court System. |
| 10 | **ALSO** |
| 11 | This statement by the Plaintiff is beyond uncivil and offensive to the Defendant, I believe |
| 12 | it is also a violation of Plaintiff's counsel' Oath of Admission required by the Arizona |
| 13 | State Bar.  Mr. Goodhue stated:  "Defendant already admitted to destroying the computer |
| 14 | he owned when he was caught infringing on Plaintiff's works" (Resp., 4 at 4). |
| 15 | The burden of proof lies on the accuser, this statement is a blatant lie!  I did not destroy |
| 16 | my computer, let alone admit it, and I was not caught infringing on Plaintiff's works, |
| 17 | Plaintiff has not and can not prove the veracity of that statement because: |
| 18 | **I DID NOT DOWNLOAD HIS SMUT.**  That statement made by the Plaintiff is libelous |
| 19 | defamation.  Plaintiff has not been shy about asking this court to sanction Defendant, if |
| 20 | the aforementioned statement by the Plaintiff is true, then Defendant is not protected by |
| 21 | FRCP 37(e) and should be sanctioned, if not, then Plaintiff should be sanctioned or |
| 22 | perhaps even cited for perjury. |
| 23 | |
| 24 | **PRAYER FOR RELIEF** |
| 25 | **THEREFORE:**   For the aforementioned reasons, Defendant prays that this |
| 26 | Honorable Court dismiss Plaintiff's claims against Defendant for copyright infringement |
| 27 | for the reasons set out in Defendant's Motion. |
| 28 | **AND:**  Dismiss without prejudice, Defendant's Counter-Claims for Failure to |

1  State a Claim for which relief can be granted on the grounds that Defendant's Counter-
2  Claims are unripe.
3
4   I swear or affirm and declare or certify, verify or state under penalty of perjury that the
5  foregoing is true and correct so help me God.
6  Executed this 9th Day of September, 2013
7  By: /s/ David Harris
8  David Harris
   4632 E. Caballero St.
9  Number One
   Mesa, Arizona 85205
10
   Defendant Pro Se
11
12  **CERTIFICATE OF SERVICE**
13  I hereby certify that on this 9th Day of September, 2013, a copy of the foregoing
14  was filed electronically and served upon the following by operation of the Court's
15  electronic filing system.
16  Steven James Goodhue (#029288)
    Law Offices of Steven James Goodhue
17  9375 East Shea Blvd., Suite 100
    Scottsdale, AZ 85260
18  Telephone: (480) 214-9500
    Facsimile: (480) 214-9501
19  E-Mail: sjg@sjgoodlaw.com
20  Paul Ticen, Esq.
    Kelly/Warner, PLLC
21  404 S. Mill Ave, Suite C-201
    Tempe, Arizona 85281
22  E-Mail:  paul@kellywarnerlaw.com
23  By: /s/ David Harris
24  ///
25  ///
26  ///
27
28