Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ 85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**COVER SHEET TO LODGED: PROPOSED MOTION TO STRIKE, OR IN THE ALTERNATIVE,** A SUR-REPLY TO THE NON-PARTIES' REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES |

**LODGED: PROPOSED MOTION TO STRIKE, OR IN THE ALTERNATIVE,** A SUR-REPLY TO THE NON-PARTIES' REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES IS ATTACHED HERETO

1

Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | **CASE NO.: 2:12-CV-02144-PHX-GMS**<br><br>**LODGED: PROPOSED MOTION TO STRIKE, OR IN THE ALTERNATIVE,** A **SUR-REPLY TO THE NON-PARTIES' REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES** |

Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, hereby submits its Motion to Strike, or in the Alternative, a Sur Reply to the Non-Parties Reply in Support of their Motion for Attorney's Fees (ECF No. 93.) and as grounds therefore, states as follows:

The Court should grant Plaintiff's Motion to Strike because Movant's attempt—in its Reply Brief—to introduce new evidence, new arguments and new requests for relief contravenes the Local Rules and well-settled Ninth Circuit precedent. In the alternative, the Court should consider Plaintiff's Sur-Reply to these newly-raised items.

1

## ARGUMENT

### I. THE COURT SHOULD STRIKE MOVANT'S REPLY

The Court should strike Movant's reply because it contravenes the Local Rules and well-settled Ninth-Circuit precedent. In particular, Movant's reply raises new evidence, new arguments and new requests for relief. First, Movant for the first time introduces excerpts of record from a separate proceeding. (*See* ECF No. 93 at 5:15-17.) Leaving aside questions of admissibility, these citations are newly presented. Second, Movant raises new arguments, including, for example, that the failure of Plaintiff to send Movant a demand letter tends to show that Movant was never in a swarm with Harris. (*See id.* at 3:14-17.) Finally, Movant requests that the Court hold a *second* evidentiary hearing. (*Id.* at 7.)

Movant's efforts blatantly contravene the Local Rules, well settled Ninth Circuit precedent and deprive Plaintiff of a meaningful opportunity to respond. *See* Local Rules Civ. 7.2 ("the moving party shall serve and file with the motion's papers a memorandum setting forth the points and authorities relied upon in support of the motion"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (*quoting Black v. TIC Inv. Corp.,* 900 F.2d 112, 116 (7th Cir. 1990) ("'where new evidence is presented in a reply to a motion … district courts should not consider the new evidence without giving the non-movant an opportunity to respond.'"); *Docusign, Inc. v. Sertifi, Inc.*, 2006 WL 3000134, *2 (W.D. Wash. 2006) (*citing United States v. Patterson,* 230 F.3d 1168, 1172 n.3 (9th Cir. 2000) ("It is well established that new arguments and evidence presented for the first time in Reply are waived.").

Because neither the Local Rules nor Ninth Circuit precedent permit Movant to raise new items, the Court should strike Movant's Reply; or in the alternative, the Court should consider Plaintiff's Sur-Reply.

## II. PLAINTIFF'S SUR-REPLY

### A. Movant is Not Eligible to Recover His Attorneys' Fees

In its Reply, Movant presents the straw man argument that non-parties are generally eligible to recover attorneys' fees under Federal Rules of Civil Procedure 45. (*See* ECF No. 93 at 2.) Yet, Plaintiff did not argue that non-parties are ineligible to recover attorneys' fees under the Federal Rules. It is Plaintiff's position that Movant is ineligible to recover his attorneys' fees under the facts and circumstances presented here.

In *Mount Hope v. Bash Back!*, 705 F.3d 418 (9th Cir. 2012), the Ninth Circuit focused on the "logistical burden" placed on the subpoena recipient. *Id.* at 423, 427, 428. ("Our only Rule 45(c)(1) sanction-specific case interprets "undue burden" as the burden associated with compliance."). Movant has not alleged—nor could he prove—any "logistical burden" that his ISP's compliance with a subpoena imposes on him personally. What Movant "is complaining about is essentially the advocacy of [his] opponent, which [he] claims improperly added to [his] burden." *Id.* at 429. This is not a recoverable item under Rule 45.

### B. Movant's Attacks on Plaintiff's Technical Arguments are Misplaced

Movant's attacks on Plaintiff's technical arguments are equally misplaced. As an initial matter, in none of his filings did Movant attack the relevance of the information Plaintiff sought in its subpoenas to Plaintiff's direct infringement or contributory claims. This alone is a sufficient ground for dismissing Movant's motion. Information sought in a subpoena need only be relevant to at least one claim—not all of them.

Further, Plaintiff never claimed that all of the IP addresses sought in its subpoena were in the swarm on June 2011. As Plaintiff noted in its response to Movant's motion for attorneys' fees, a given IP address/date combination is required to discover identifying information from an ISP. Yet, there is nothing about subpoenaing identifying information that cuts off an individual's participation in a swarm. Plaintiff believes that substantially all of the individuals it identifies as participating in a

swarm continue to participate in the swarm long after the date/time of Plaintiff's first identification of their swarm participation—just as Plaintiff believes both Defendant Harris and Movant did here.

### C.     Movant's Arguments Regarding Plaintiff's Ownership are Unavailing

Movant's counsel's fixation on Messrs. Duffy, Hansmeier and Steele is frankly bizarre. In this matter Plaintiff's principal, Mr. Lutz, appeared before the Court on July 19, 2013 at the Order to Show Cause hearing to answer the Court's questions and any other questions that might have been posed to him. At the hearing, his testimony was consistent with his testimony before district courts nationwide and the testimony of AF Holdings at the 30(b)(6) deposition referenced by the Movant. While the Honorable Judge Wright arrived at different findings of fact, Mr. Lutz was never allowed to testify at the show cause hearing that AF Holdings was subject to. Had Judge Wright allowed Mr. Lutz to testify, he may have arrived at different conclusions.  As the Court is aware, Judge Wright's Order is currently on appeal before the 9th Circuit of Court of Appeals.

Movant fails to identify a single instance in which Duffy, Hansmeier or Steele has claimed to own Plaintiff. Further, both Plaintiff and Mr. Lutz agree that none of these individuals have an actual or beneficial ownership in it. The only proponents of the "de facto ownership" theory are anonymous individuals and members of the makeshift pornography copyright infringement defense bar.

Further, Movant's selective cites from the Central District of California matter is extremely disconcerting.  While Movant references an e-mail sent by Georgia counsel claiming that Mr. Steele has an "interest" in Plaintiff, Movant fails to disclose to this Court and cite in its Reply that the same attorney filed an affidavit with the Central District Court, which states: "I have spoken infrequently to Mr. John Steele over the past years. He has never indicated that he has an ownership interest in any of the clients I have represented in Georgia, including AF Holdings LLC." *See Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-8333-ODW(Jcx) (C.D. Cal. Apr. 18, 2013) at ECF No. 123-1.

Other than the foregoing, Movant's sole basis for believing that Plaintiff is owned by Messrs. Steele, Hansmeier and Duffy appears to be the fact that Mr. Lutz had been employed by Prenda Law,

4

that Movant—a nonparty—has never had access to Plaintiffs' trust documents[1], and that there is a phonetic similarity between Steele's sister's boyfriend's last name and the name of the trust that owns AF Holdings. Plaintiff believes that this "evidence" speaks for itself.

### D. Movant's Newly-Raised Requests for Relief Should be Denied

Movant's request that the Court convene a *second* evidentiary hearing to explore the issue of Plaintiff's ownership structure misses the point that the Court already held a *first* hearing on this very issue. At the July 19, 2013 hearing, Mr. Lutz was present and answered questions regarding the ownership of Plaintiff. Movant has not shown good cause for a second hearing.

Dated this 16th day of September, 2013

                                                  Law Offices of Steven James Goodhue

                                                  By: /s/ Steven James Goodhue_____
                                                      Steven James Goodhue (#029288)
                                                        9375 East Shea Blvd., Suite 100
                                                        Scottsdale, AZ  85260
                                                        *Attorney for Plaintiff*
                                                       *AF Holdings, L.L.C.*

---

[1] Plaintiff is willing to submit a copy of its trust documents under seal to the Court if the Court so orders.

I hereby certify that on September 16, 2013, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or
served via electronic notification if indicated by
an "*") on September 16, 2013, to:

Honorable G. Murray Snow *(*snow_chambers@azd.uscourts.gov*)
U.S. District Court
Sandra Day O'Connor Courthouse Suite 324
401 West Washington Street, SPC 82
Phoenix, Arizona 85003-7550

David Harris* (troll.assassins@cyber-wizards.com)
4632 East Caballero Street, #1
Mesa Arizona  85205

Paul Ticen, Esq.* (paul@kellywarnerlaw.com)
Kelly/Warner, PLLC
404 S. Mill Ave, Suite C-201
Tempe, Arizona  85281


/s/ Steven James Goodhue