Paul D. Ticen (AZ Bar # 024788)
**Kelley / Warner, P.L.L.C.**
8283 N. Hayden Rd., #229
Scottsdale, Arizona 85258
Tel: 480-331-9397
Dir Tel: 480-636-8150
Fax: 480-907-1235
Email: paul@kellywarnerlaw.com

Attorney for Non-Party Subpoena Targets

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARRIS,<br><br>Defendant. | Case No.: 2:12-cv-02144-PHX – GMS<br><br>**NON-PARTIES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO STRIKE, ALTERNATIVELY, TO FILE SUR-REPLY TO NON-PARTIES' REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES** |

Non-parties, who are identified by IP Address Nos. 72.223.91.187, 68.230.120.162, 68.106.45.9, 68.2.87.48, 98.165.107.179 and 68.2.92.187 and targeted through a subpoena duces tecum issued in connection with this matter, respond to Plaintiff's Motion for Leave to File a Motion to Strike, or alternatively, File a Sur-Reply to the Non-Parties' Reply in support of their Motion for Attorneys' Fees. In short, Plaintiff's position that the non-parties have raised new evidence, arguments and requests for relief is without merit and offers nothing more than conclusory labels.

Plaintiff's example that the non-parties introduce new evidence, namely, an e-mail from John Steele's lawyer admitting that John Steele has an interest in Prenda Law's larger clients, is without merit. By taking this position, Plaintiff essentially claims

1

that the Non-Parties' Reply brief interjects new evidence into this case for the first time. However, the Non-Parties countered Plaintiff's argument (set forth in Doc 89) that the Non-Parties "sole basis" establishing John Steele's ownership in Plaintiff is Judge Wright's by pointing to exhibits previously on the record (without Plaintiff previously objecting or moving to strike[1]) in this case.  See Doc 89 at 8:1-3; See Doc 93 at 53:13-17 citing Docs 63, 63-2 and 63-3.  Plaintiff's labeling this as new evidence doesn't make it new evidence.

Likewise, Plaintiff's contention that the non-parties make "new argument" with respect to "demand letters" is conclusory without any substance explaining its "new argument" label. The Non-Parties moved for attorneys' fees because Plaintiff's subpoena was issued in bad faith.  The Non-Parties argument merely countered Plaintiff's absurd position that the Non-Parties and others identified in the subpoena at issue were part of Mr. Harris' swarm in June 2011.  Again, Plaintiff's label of "new argument" doesn't make it a new argument.

And last Plaintiff's moved for the attorneys' fees by requesting the Court enter a joint and several award against John Steele, Paul Hansmeier and Paul Duffy personally. See Doc 88 at 9:6-10:16.  This cannot be disputed.  The requested relief is the finding that these three individuals should be held joint and severally liable to pay for the Non-Parties' attorneys' fees, not an evidentiary hearing.  Any mention of an evidentiary hearing defers to the Court if it is not satisfied with the existing evidence on the record in this case and other proceedings for a finding of the requested relief.  Plaintiff's argument would have merit if the Non-Parties requested that the attorneys' fees award be entered personally against Steele, Hansmeier and Duffy for the first time in the Reply brief.  But that's clearly not the case.

Plaintiff acknowledges that motions to strike and sur-replies are rarely granted, but yet fails to offer a sound basis why it should be granted this relief. "[A] sur-reply is

---

[1] see LRCiv 7.2(m)(2).

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

appropriate when a party raises new issues or new evidence in a reply brief ... however [they] are generally discouraged as they usually are a strategic effort by the nonmoving party to have the last word on a matter. *ML Liquidating Trust v. Mayer Hoffman McCann P.C.*, 2011 WL 10451619 * 1 (D. Ariz. 2011), citing *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996).

, Therefore, the Non-Parties respectfully request that the Court deny Plaintiff's Motion for Leave in its entirety.

RESPECTFULLY submitted this 3rd day of October, 2013.

**KELLY / WARNER, PLLC**

By  /s/ Paul D. Ticen
Paul D. Ticen
8283 N. Hayden Rd., #229
Scottsdale, Arizona 85258
Attorney for Non-Party Subpoena Targets

**Kelly / Warner, PLLC**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

3

**Kelly / Warner, PLLC.**
404 S. Mill Ave., Suite C-201
Tempe, AZ 85281
Telephone: (480) 331-9397

## CERTIFICATE OF FILING AND SERVICE

Pursuant to the Case Management/Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Manual") of the United States District Court for the District of Arizona, I hereby certify that on October 3, 2013, I electronically filed:

**NON-PARTIES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO STRIKE, ALTERNATIVELY, TO FILE SUR-REPLY TO NON-PARTIES' REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES**

with the U.S. District Court clerk's office using the ECF system, which will send notification of such filing to the assigned Judge and to the following counsel of record:

Steven James Goodhue
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, Arizona 85260
E-Mail: sjg@sjgoodlaw.com
Attorney for Plaintiff

David Harris
4632 East Caballero Street, #1
Mesa, Arizona 85205
E-Mail: (troll.assassins@cyber-wizards.com)

                               **KELLY / WARNER, PLLC**

By   /s/ Paul D. Ticen
      Paul D. Ticen
      8283 N. Hayden Road, #229
      Scottsdale, Arizona 85258
      Attorney for Non-Party Subpoena Targets