IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF Holdings, LLC, a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>David Harris,<br><br>Defendant. | No. CV-12-02144-PHX-GMS<br><br>**AMENDED ORDER**[1] |

Pending before the Court are Defendant's Motion to Dismiss Plaintiff's Claims for Improper Change of Venue (Doc. 90), Plaintiff's Response to Defendant's Motion to Dismiss and Cross-Motion to Dismiss Defendant's Counterclaims for Failure to Prosecute (Doc. 94), Defendant's Motion for Judicial Ruling on Defendant's Motion to Dismiss and Plaintiff's Cross Motion to Dismiss (Doc. 99) and Non-Parties' Motion for Attorneys' Fees (Doc. 88). For the following reasons, the Motion to Dismiss and Cross-Motion to Dismiss are granted and the Motion for Judicial Ruling is denied as moot. The Motion for Attorneys' Fees is also denied.

This case is based on allegations that Defendant David Harris used a file sharing protocol, BitTorrent, to infringe on Plaintiff AF Holdings' copyrighted video. (Doc. 1.) Plaintiff alleges copyright infringement, civil conspiracy, and negligence. (*Id.*) Defendant Harris filed a counterclaim against Plaintiff, alleging malicious prosecution, a violation of

---

[1] Corrected reference to party on line 3 of page 2.

his state constitutional right to privacy, defamation, and infliction of emotional distress. (Doc. 14.)

Defendant moves to dismiss Plaintiff's claims (Doc. 90), and Plaintiff consents to that dismissal (Doc. 94.) Therefore, Plaintiff's claims are dismissed.

Next, Plaintiff cross-moves to dismiss Defendant's counterclaims (Doc. 94), and Defendant consents to both that dismissal and to the denial of his request for leave to amend his counterclaim (Doc. 95). As such, Defendant's request for leave to amend his counterclaim is denied and Defendant's counterclaims are dismissed.

Finally, Defendant's Motion for Judicial Ruling on Defendant's Motion to Dismiss and Plaintiff's Cross Motion to Dismiss (Doc. 99) is denied as it is now moot.

The Non-Parties' Motion for Attorneys' Fees (Doc. 88) is denied because as the Court set forth in its Order of August 20, 2013 (Doc. 92), Plaintiff never identified the IP addresses of the computers for which it sought to subpoena ownership information. Therefore, it is not clear to the Court that the information of the Non-Parties was ever sought in conjunction with the subpoena.  Further, although Plaintiff's position that participation in a BitTorrent swarm is sufficient, under Arizona law, to constitute a conspiracy to infringe is aggressive, in light of the fact that the subpoena never sought IP addresses, the Court cannot and need not assess whether the subpoena was in bad faith with respect to the moving non-parties.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 90) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion to Dismiss Defendant's Counterclaim (Doc. 94) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judicial Ruling (Doc. 99) is **denied** as moot.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Non-Parties' Motion for Attorneys' Fees (Doc. 88) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Motion to Strike, or in the Alternative, a Sur-Reply to Non-Parties Reply in Support of their Motion for Attorneys' Fees (Doc. 96) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 26th day of December, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge